IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| JAMES D'CRUZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | FILED: September 8, 2010 |
| ) | |
| STEVEN MCCRAW, in his official ) | |
| capacity as Director of the Texas ) | Civil Case No. 10-141 |
| Department of Public Safety; ) | |
| ALLAN B. POLUNSKY, in his official ) | |
| capacity as Chairman of the Texas Public ) | |
| Safety Commission; CARIN MARCY ) | |
| BARTH, in her official capacity as a ) | |
| Member of the Texas Public Safety ) | |
| Commission; ADA BROWN, in her ) | |
| official capacity as a Member of the ) | |
| Texas Public Safety Commission; JOHN ) | |
| STEEN, in his official capacity as a ) | |
| Member of the Texas Public Safety ) | |
| Commission; C. TOM CLOWE, JR., ) | |
| in his official capacity as a Member ) | |
| of the Texas Public Safety Commission, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

**COMES NOW** the Plaintiff, James D'Cruz, by and through his undersigned counsel, and complains of the Defendants as follows:

**INTRODUCTION**

1. This is an action to vindicate Plaintiff's fundamental right to keep and bear arms.

2. The Second Amendment "guarantee[s] the individual right to possess and carry" handguns, and "elevates above all other interests the right of law-abiding, responsible citizens to

1

use arms in defense of hearth and home." *District of Columbia v. Heller*, 128 S. Ct. 2783, 2797, 2821 (2008).

3. The State of Texas, however, prohibits a certain class of law-abiding, responsible citizens from fully exercising the right to keep and bear arms—namely, adults who have reached the age of eighteen but are not yet twenty-one. At eighteen years of age, law-abiding citizens in this country are considered adults for almost all purposes and certainly for the purposes of the exercise of fundamental constitutional rights. Yet the State bans such persons from carrying a handgun—what the Supreme Court has called "the quintessential self-defense weapon," *Heller*, 128 S. Ct. at 2818—outside the home or automobile, even though the State allows all other law-abiding adults to obtain a concealed-carry permit.

4. This blanket ban violates the fundamental rights of thousands of responsible, law-abiding citizens and is thus invalid under the Second and Fourteenth Amendments.

## PARTIES

5. James D'Cruz is a resident of Lubbock, Texas, and is a citizen of the United States.

6. Defendant Steven McCraw is the Director of the Texas Department of Public Safety ("DPS"). Defendant Allan Polunsky is the Chairman of the Texas Public Safety Commission ("PSC"). Defendants Carin Marcy Barth, Ada Brown, John Steen, and C. Tom Clowe, Jr., are Members of the PSC. The Public Safety Commission controls the Department of Public Safety, which is responsible for enforcing the State's laws and administering certain regulatory programs relating to the State's concealed-carry permitting regime. The DPS includes the Texas Rangers and the Texas Highway Patrol.

7. Defendants McCraw, Polunskey, Barth, Brown, Steen, and Clowe are hereinafter referred to as the "State Defendants."

## JURISDICTION AND VENUE

8. This action seeks relief pursuant to 28 U.S.C §§ 2201, 2202 and 42 U.S.C. §§ 1983, 1988. Therefore, jurisdiction is founded on 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, and under 28 U.S.C. § 1343(3), in that this action seeks to redress the deprivation, under color of law, of rights secured by the United States Constitution.

9. The Court has authority to award costs and attorneys' fees under 42 U.S.C. § 1988.

10. Venue is proper in this district under 28 U.S.C. § 1391(b).

## THE LAWS AT ISSUE

11. Under Texas law, a "person commits an offense if the person intentionally, knowingly, or recklessly carries on or about his or her person a handgun … if the person is not: (1) on the person's own premises or premises under the person's control; or (2) inside of or directly en route to a motor vehicle that is owned by the person or under the person's control." TEX. PENAL CODE § 46.02.

12. If, however, a person "is at least 21 years of age" and "is fully qualified under applicable federal and state law to purchase a handgun" (and meets other requirements) he or she "is eligible for a license to carry a concealed handgun." TEX. GOV'T CODE §§ 411.172(a)(2), (9). *See also* TEX. PENAL CODE § 46.035(a) ("A license holder commits an offense if the license holder carries a handgun on or about the license holder's person … and intentionally fails to conceal the handgun."). Moreover, if "a person … is at least 18 years of age but not yet 21 years of age," he or she "is eligible for a license to carry a concealed handgun if the person … is a member or veteran of the United States armed forces, including a member or veteran of the

reserves or national guard" or "was discharged under honorable conditions, if discharged from the United States armed forces, reserves, or national guard." TEX. GOV'T CODE §§ 411.172(g).

13. Accordingly, while Texas allows law-abiding adults 21 years of age or older—and adults 18 years of age or older who are in, or have been honorably discharged from, the military—to exercise their rights to keep and bear arms outside the home and automobile, the State flatly bans exercise of the right to carry a handgun by non-military, law-abiding adults who are 18 to 20 years of age.

## THE IMPACT OF THE BAN ON THE PLAINTIFF

14. Plaintiff James D'Cruz is an 18-year-old resident of Lubbock, Texas.

15. Mr. D'Cruz is a law-abiding, responsible citizen, and the lawful owner of a rifle and a handgun.

16. Mr. D'Cruz is not a member of the United States armed forces.

17. For self-defense and other lawful purposes, Mr. D'Cruz occasionally desires to carry a handgun. For example, when shopping in certain parts of the city, Mr. D'Cruz's parents carry concealed handguns for self-defense because of safety concerns relating to those areas of town. Mr. D'Cruz likewise desires to carry a handgun for the purpose of self-protection in these areas. Mr. D'Cruz also has a 29-year-old brother and military friends who share his interest in firearms safety and collecting. He would like to transport to, and carry a handgun in, their homes so that they might jointly discuss and demonstrate proper cleaning and safety practices with the handgun.

18. Under Texas law, Mr. D'Cruz may possess and carry a rifle in the same manner as all other law-abiding adults of any age. Under Texas law, Mr. D'Cruz also may possess a handgun in his home and automobile. TEX. PENAL CODE § 46.02(a)(1)-(2). Texas law further authorizes

4

Mr. D'Cruz to supervise a minor's use of a firearm for purposes of hunting, sporting, or other lawful purposes. *Id.* § 46.13(c)(1). And under Texas law (as distinct from federal law), there is no prohibition on Mr. D'Cruz's purchase of a handgun. *Id.* § 46.06(a)(2). But under Texas law, Mr. D'Cruz may not carry a handgun outside of premises or automobiles under his control, even though law-abiding adults aged 21 or older may carry a handgun outsider their homes and automobiles.

19. On September 3, 2010, Mr. D'Cruz visited the DPS website, which provides an electronic application for a concealed carry permit. *See* https://www.texasonline.state.tx.us/txapp/txdps/chl/login.do. The website stated that to apply, Mr. D'Cruz "must be at least 21 years of age or at least 18 years of age if currently serving in or honorably discharged from the military." Mr. D'Cruz was thus unable to lawfully proceed further with his application for a carriage permit.

20. Aside from the age and military requirements, Mr. D'Cruz already meets—or stands ready, willing, and able to meet—all requirements for obtaining a Texas concealed-carry permit.

21. Mr. D'Cruz is well-trained in the proper handling and use of firearms, including handguns. His initial training and instruction began with his grandfather, a World War II veteran who thought it important for his grandchildren to understand the proper and safe techniques for use and storage of firearms. Mr. D'Cruz's training continued under his father's instruction and as a member of the Navy Junior Reserve Officer's Training Corps from August 2006 to May 2010. As a JROTC cadet, Mr. D'Cruz was regularly instructed in basic rifle skills, rifle safety, and rifle marksmanship. Mr. D'Cruz achieved the rank of Lieutenant Junior Grade and served as a supply officer personally responsibile for the inventory of the unit's firearms. During his junior and senior years of high school, Mr. D'Cruz was a member of the JROTC's

5

marksmanship team, and as a member of that team he has competed in regional and national marksmanship competitions. Mr. D'Cruz received numerous awards at these competitions, including a first place medal in a regional competition. Mr. D'Cruz also received a Foreign Legion unit award for marksmanship.

## COUNT I

### (SECOND AMENDMENT, FOURTEENTH AMENDMENT, 42 U.S.C. § 1983)

22. The preceding paragraphs are incorporated herein.

23. TEX. PENAL CODE § 46.02 and TEX. GOV'T CODE §§ 411.172(a)(2), (a)(9), (g) prohibit law-abiding adults between the ages of eighteen and twenty, who are not or have not been in the United States armed forces, from carrying a handgun outside the person's own premises or automobile.

24. These laws infringe upon, and impose an impermissible burden upon, the Plaintiff's right to keep and bear arms under the Second and Fourteenth Amendments.

## COUNT II

### (EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT, 42 U.S.C. § 1983)

25. The preceding paragraphs are incorporated herein.

26. TEX. PENAL CODE § 46.02 and TEX. GOV'T CODE §§ 411.172(a)(2), (a)(9), (g) prohibit law-abiding adults between the ages of eighteen and twenty, who are not or have not been in the United States armed forces, from carrying a firearm outside the person's own premises or automobile, but do not ban the carriage of handguns by (i) law-abiding adults law-abiding adults over the age of twenty or (ii) law-abiding adults over the age of 18 who are in, or have been honorably discharged from, the United States armed forces.

27. These laws violate the Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants as follows:

28. Declare that TEX. PENAL CODE § 46.02 and TEX. GOV'T CODE §§ 411.172(a)(2), (a)(9), (g) violate the right to keep and bear arms as secured in the Second and Fourteenth Amendments to the United States Constitution to the extent they deny the right to carry a handgun for self-defense to law-abiding, qualified adults between eighteen and twenty years of age.

29. Declare that TEX. PENAL CODE § 46.02 and TEX. GOV'T CODE §§ 411.172(a)(2), (a)(9), (g) violate the Equal Protection Clause of the United States Constitution by denying equal protection of the laws to law-abiding, qualified adults between eighteen and twenty years of age who are not in, or have not been honorably discharged from, the United States armed forces.

30. Permanently enjoin all the State Defendants, their officers, agents, servants, employees, and all persons in active concert with them from enforcing TEX. PENAL CODE § 46.02 and TEX. GOV'T CODE §§ 411.172(a)(2), (a)(9), (g) to the extent those laws deny the right to carry a firearm to law-abiding, qualified adults between eighteen and twenty years of age.

31. Award costs and attorneys fees and expenses to the extent permitted under 42 U.S.C. § 1988.

32. Grant such other and further relief as the Court deems just and proper.

Dated: September 8, 2010                    Respectfully submitted,

s/ Charles J. Cooper
Charles J. Cooper*
David H. Thompson*
Jesse Panuccio*
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
Email: ccooper@cooperkirk.com

*Motion for admission *pro hac vice* forthcoming.

*Counsel for Plaintiff*

s/ Fernando M. Bustos
Fernando M. Bustos
State Bar No. 24001819
LAW OFFICES OF FERNANDO M. BUSTOS, P.C.
P.O. Box 1980
Lubbock, TX 79408-1980
Tel: (806) 780-3976
Fax: (806) 780-3800
Email: fbustos@bustoslawfirm.com

*Local Counsel for Plaintiff*