**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

| | |
|---|---|
| **JAMES D'CRUZ; NATIONAL RIFLE ASSOCIATION OF AMERICA, INC.,** )<br><br>**Plaintiffs,** )<br><br>**v.** )<br><br>**STEVEN MCCRAW, in his official capacity as Director of the Texas Department of Public Safety; ALLAN B. POLUNSKY, in his official capacity as Chairman of the Texas Public Safety Commission; CARIN MARCY BARTH, in her official capacity as a Member of the Texas Public Safety Commission; ADA BROWN, in her official capacity as a Member of the Texas Public Safety Commission; JOHN STEEN, in his official capacity as a Member of the Texas Public Safety Commission; C. TOM CLOWE, JR., in his official capacity as a Member of the Texas Public Safety Commission,** )<br><br>**Defendants.** ) | **Case No. 5:10-cv-00141-C**<br>**Judge Sam R. Cummings** |

**AMENDED COMPLAINT**
**FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

**COME NOW** the Plaintiffs, James D'Cruz and the National Rifle Association, by and through their undersigned counsel, and complain of the Defendants as follows:

**INTRODUCTION**

1.   This is an action to vindicate the fundamental right to keep and bear arms, which is fully applicable to all law-abiding adults and includes the right to carry arms.

1

2.    The Second Amendment "guarantee[s] the individual right to possess and carry" handguns, and "elevates above all other interests the right of law-abiding, responsible citizens to use arms in defense of hearth and home."  *District of Columbia v. Heller*, 128 S. Ct. 2783, 2797, 2821 (2008).

3.    The State of Texas, however, prohibits a certain class of law-abiding, responsible citizens from fully exercising the right to keep and bear arms—namely, adults who have reached the age of eighteen but are not yet twenty-one.  At eighteen years of age, law-abiding citizens in this country are considered adults for almost all purposes and certainly for the purposes of the exercise of fundamental constitutional rights.  Yet the State bans such persons from carrying a handgun—what the Supreme Court has called "the quintessential self-defense weapon," *Heller*, 128 S. Ct. at 2818—outside the home or automobile, even though the State allows all other law-abiding adults to obtain a concealed-carry permit.

4.    This blanket ban violates the fundamental rights of thousands of responsible, law-abiding citizens and is thus invalid under the Second and Fourteenth Amendments.

## **PARTIES**

5.    James D'Cruz is a resident of Lubbock, Texas, and is a citizen of the United States.

6.    The National Rifle Association of America, Inc. (hereinafter, "NRA") is a nonprofit association incorporated under the laws of New York, with its principal place of business in Fairfax, Virginia.  NRA has a membership of approximately four million persons, some of whom reside in Lubbock, Texas and other portions of western Texas.

7.    Defendant Steven McCraw is the Director of the Texas Department of Public Safety ("DPS").  Defendant Allan Polunsky is the Chairman of the Texas Public Safety Commission ("PSC").  Defendants Carin Marcy Barth, Ada Brown, John Steen, and C. Tom Clowe, Jr., are

Members of the PSC.  The Public Safety Commission controls the Department of Public Safety, which is responsible for enforcing the State's laws and administering certain regulatory programs relating to the State's concealed-carry permitting regime.  The DPS includes the Texas Rangers and the Texas Highway Patrol.

8.   Defendants McCraw, Polunskey, Barth, Brown, Steen, and Clowe are hereinafter referred to as the "State Defendants."

## JURISDICTION AND VENUE

9.   This action seeks relief pursuant to 28 U.S.C §§ 2201, 2202 and 42 U.S.C. §§ 1983, 1988.  Therefore, jurisdiction is founded on 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, and under 28 U.S.C. § 1343(a)(3), in that this action seeks to redress the deprivation, under color of law, of rights secured by the United States Constitution.

10. The Court has authority to award costs and attorneys' fees under 42 U.S.C. § 1988.

11. Venue is proper in this district under 28 U.S.C. § 1391(b).

## THE LAWS AT ISSUE

12. Under Texas law, a "person commits an offense if the person intentionally, knowingly, or recklessly carries on or about his or her person a handgun … if the person is not: (1) on the person's own premises or premises under the person's control; or (2) inside of or directly en route to a motor vehicle that is owned by the person or under the person's control." TEX. PENAL CODE § 46.02.

13. If, however, a person "is at least 21 years of age" and "is fully qualified under applicable federal and state law to purchase a handgun" (and meets other requirements) he or she "is eligible for a license to carry a concealed handgun."  TEX. GOV'T CODE §§ 411.172(a)(2), (9).

3

*See also* TEX. PENAL CODE § 46.035(a) ("A license holder commits an offense if the license holder carries a handgun on or about the license holder's person … and intentionally fails to conceal the handgun."). Moreover, if "a person … is at least 18 years of age but not yet 21 years of age," he or she "is eligible for a license to carry a concealed handgun if the person … is a member or veteran of the United States armed forces, including a member or veteran of the reserves or national guard" or "was discharged under honorable conditions, if discharged from the United States armed forces, reserves, or national guard." TEX. GOV'T CODE §§ 411.172(g).

14. Accordingly, while Texas allows law-abiding adults 21 years of age or older—and adults 18 years of age or older who are in, or have been honorably discharged from, the military—to exercise their rights to keep and bear arms outside the home and automobile, the State flatly bans exercise of the right to carry a handgun by non-military, law-abiding adults who are 18 to 20 years of age.

15. The Second Amendment secures the right to carry handguns for self-defense and other lawful purposes. And the Second Amendment's protections extend in full to law-abiding adults aged eighteen or older.

## THE IMPACT OF THE BAN ON THE PLAINTIFFS

16. Plaintiff James D'Cruz is an 18-year-old resident of Lubbock, Texas.

17. Mr. D'Cruz is a law-abiding, responsible citizen, and the lawful owner of a rifle and a handgun.

18. Mr. D'Cruz is not a member of the United States armed forces.

19. For self-defense and other lawful purposes, Mr. D'Cruz occasionally desires to carry a handgun. For example, when shopping in certain parts of the city, Mr. D'Cruz's parents carry concealed handguns for self-defense because of safety concerns relating to those areas of town.

Mr. D'Cruz likewise desires to carry a handgun for the purpose of self-protection in these areas.

Mr. D'Cruz also has a 29-year-old brother and military friends who share his interest in firearms

safety and collecting.  He would like to transport to, and carry a handgun in, their homes so that

they might jointly discuss and demonstrate proper cleaning and safety practices with the

handgun.

20. Mr. D'Cruz is well-trained in the proper handling and use of firearms, including

handguns.  His initial training and instruction began with his grandfather, a World War II veteran

who thought it important for his grandchildren to understand the proper and safe techniques for

use and storage of firearms.  Mr. D'Cruz's training continued under his father's instruction and

as a member of the Navy Junior Reserve Officer's Training Corps from August 2006 to May

2010.  As a JROTC cadet, Mr. D'Cruz was regularly instructed in basic rifle skills, rifle safety,

and rifle marksmanship.  Mr. D'Cruz achieved the rank of Lieutenant Junior Grade and served as

a supply officer personally responsibile for the inventory of the unit's firearms.  During his

junior and senior years of high school, Mr. D'Cruz was a member of the JROTC's

marksmanship team, and as a member of that team he has competed in regional and national

marksmanship competitions.  Mr. D'Cruz received numerous awards at these competitions,

including a first place medal in a regional competition.  Mr. D'Cruz also received a Foreign

Legion unit award for marksmanship.

21. Under Texas law, Mr. D'Cruz may possess and carry a rifle in the same manner as all

other law-abiding adults of any age.  Under Texas law, Mr. D'Cruz also may possess a handgun

in his home and automobile.  TEX. PENAL CODE § 46.02(a)(1)-(2).  Texas law further authorizes

Mr. D'Cruz to supervise a minor's use of a firearm for purposes of hunting, sporting, or other

lawful purposes.  *Id.* § 46.13(c)(1).  And under Texas law (as distinct from federal law), there is

no prohibition on Mr. D'Cruz's purchase of a handgun.  *Id.* § 46.06(a)(2).  But under Texas law, Mr. D'Cruz may not carry a handgun outside of premises or automobiles under his control, even though law-abiding adults aged 21 or older may carry a handgun outsider their homes and automobiles.

22.  To qualify for a Texas Concealed Handgun License ("CHL"), a person must: (1) be a legal resident of Texas for the six-month period preceding the date of application; (2) be at least 21 years of age; (3) not have been convicted of a felony; (4) not be currently charged with a felony or Class A or Class B misdemeanor; (5) not be a fugitive from justice; (6) not be a chemically dependent person; (7) be capable of exercising sound judgment with respect to the proper use and storage of a handgun; (8) not have been convicted in the past five years of a Class A or Class B misdemeanor; (9) be fully qualified under applicable federal and state law to purchase a handgun; (10) not have been finally determined to be delinquent in making child support payments; (11) not have been finally determined to be delinquent in the payment of a tax or other money collected by the state; (12) not be restricted under a court protective order or subject to a restraining order affecting the spousal relationship; (13) not have been adjudicated, in the ten years preceding application, as having engaged in delinquent conduct violating a penal law of the grade of felony; and (14) not have made any material misrepresentation or omission in the application for a CHL.  TEX. GOV'T CODE § 411.172(a).

23.  In addition, an applicant for a CHL must "submit to [the Texas Department of Public Safety] … evidence of handgun proficiency."  TEX. GOV'T CODE § 411.174(a)(7).  Each applicant must take "a course … [in] handgun proficiency" and pass "examinations to measure handgun proficiency."  *Id.* §411.188(a).  "The course to teach handgun proficiency … contain[s] training sessions divided into two parts."  *Id.*  "One part of the course … [consists of] classroom

instruction and the other part … [consists of] range instruction and an actual demonstration by the applicant of the applicant's ability to safely and proficiently use the applicable category of handgun." *Id.* "An applicant must be able to demonstrate, at a minimum, the degree of proficiency that is required to effectively operate a handgun of .32 caliber or above." *Id.* "The handgun proficiency course must include at least 10 hours … of instruction on: (1) the laws that relate to weapons and to the use of deadly force; (2) handgun use, proficiency, and safety; (3) nonviolent dispute resolution; and (4) proper storage practices for handguns with an emphasis on storage practices that eliminate the possibility of accidental injury to a child." *Id.* § 411.188(b).

24. On September 26, 2010, Mr. D'Cruz completed a handgun safety and proficiency course taught by a CHL instructor licensed by the Texas Department of Public Safety. The course consisted of approximately eight hours of classroom instruction and two hours of range instruction. The course culminated with administration of the written and range tests that are given to applicants for a CHL. To qualify for a CHL, applicants must achieve a score of 70% or better; an applicant may attempt each test three times to achieve the required score. On his first attempt, Mr. D'Cruz achieved a score of 92% on the written examination and a score of 93.6% on the range examination. Indeed, in terms of knowledge and skill with respect to the safe and proper handling of handguns, Mr. D'Cruz's instructor has stated that he would place Mr. D'Cruz in the top 5-8% of students he has instructed over fifteen years.

25. Thus, aside from the age requirement, Mr. D'Cruz already meets all requirements for obtaining a Texas Concealed Handgun License.

26. On October 11, 2010, Mr. D'Cruz visited the DPS website, which provides an electronic application for a concealed carry permit. *See* https://www.texasonline.state.tx.us/ txapp/txdps/chl/login.do. The website stated that to apply, Mr. D'Cruz "must be at least 21 years

of age or at least 18 years of age if currently serving in or honorably discharged from the military."  Upon receiving Mr. D'Cruz's "customer authentication" information requested on the first page of the application, the website returned the following response: "Persons between the ages of 18 and 21 are only eligible to apply for license under the Active Military or Veteran conditions."  Mr. D'Cruz was thus unable to lawfully proceed further with his application for a Concealed Handgun License.  Solely because of his failure to meet the age requirement, Mr. D'Cruz was unable to apply for and obtain a Texas CHL.  But for the age requirement, Mr. D'Cruz would have obtained his Texas CHL and would carry his handgun as permitted by the license.

27. Founded in 1871, the NRA is America's foremost and oldest defender of Second Amendment rights.  Among other things, the NRA promotes the safe and responsible possession and carriage of firearms by law-abiding adults for lawful purposes, such as self-defense, target practice, marksmanship competition, and hunting.  The NRA is America's leading provider of firearms marksmanship and safety training for both civilians and law enforcement.  The NRA also collects and publishes real-life examples of citizens of all ages and from all walks of life whose lawful possession and carriage of firearms enabled them to protect themselves and others from violent criminals.

28. The NRA has approximately four million members, including residents of Lubbock and western Texas, and its programs reach millions more.

29. The NRA's members who are legal residents of Texas include law-abiding adults between the ages of eighteen and twenty who desire to carry handguns for self-defense and other lawful purposes.  But for the requirement that applicants for a Texas CHL be at least 21 years of age, some of NRA's members would apply for and would receive a Texas CHL.  These members

would exercise their rights to carry a handgun if they received a Texas CHL.  The State's ban on

such carriage therefore infringes on the Second Amendment rights of NRA members.  The NRA

brings this action on behalf of these members.

## COUNT I

### (SECOND AMENDMENT, FOURTEENTH AMENDMENT, 42 U.S.C. § 1983)

30.  The preceding paragraphs are incorporated herein.

31.  TEX. PENAL CODE § 46.02 and TEX. GOV'T CODE §§ 411.172(a)(2), (a)(9), (g)

prohibit law-abiding adults between the ages of eighteen and twenty, who are not or have not

been in the United States armed forces, from carrying a handgun outside the person's own

premises or automobile.

32.  These laws infringe upon, and impose an impermissible burden upon, Mr. D'Cruz's

and NRA members' right to keep and bear arms under the Second and Fourteenth Amendments.

## COUNT II

### (EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT, 42 U.S.C. § 1983)

33.  The preceding paragraphs are incorporated herein.

34.  TEX. PENAL CODE § 46.02 and TEX. GOV'T CODE §§ 411.172(a)(2), (a)(9), (g)

prohibit law-abiding adults between the ages of eighteen and twenty, who are not or have not

been in the United States armed forces, from carrying a firearm outside the person's own

premises or automobile, but do not ban the carriage of handguns by (i) law-abiding adults law-

abiding adults over the age of twenty or (ii) law-abiding adults over the age of 18 who are in, or

have been honorably discharged from, the United States armed forces.

35.  These laws violate Mr. D'Cruz's and NRA members' rights under the Equal

Protection Clause of the Fourteenth Amendment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants as follows:

36. Declare that TEX. PENAL CODE § 46.02 and TEX. GOV'T CODE §§ 411.172(a)(2), (a)(9), (g) violate the right to keep and bear arms as secured in the Second and Fourteenth Amendments to the United States Constitution to the extent they deny the right to carry a handgun for self-defense to law-abiding, qualified adults between eighteen and twenty years of age.

37. Declare that TEX. PENAL CODE § 46.02 and TEX. GOV'T CODE §§ 411.172(a)(2), (a)(9), (g) violate the Equal Protection Clause of the United States Constitution by denying equal protection of the laws to law-abiding, qualified adults between eighteen and twenty years of age who are not in, or have not been honorably discharged from, the United States armed forces.

38. Permanently enjoin all the State Defendants, their officers, agents, servants, employees, and all persons in active concert with them from enforcing TEX. PENAL CODE § 46.02 and TEX. GOV'T CODE §§ 411.172(a)(2), (a)(9), (g) to the extent those laws deny the right to carry a firearm to law-abiding, qualified adults between eighteen and twenty years of age.

39. Award costs and attorneys fees and expenses to the extent permitted under 42 U.S.C. § 1988.

40. Grant such other and further relief as the Court deems just and proper.

Dated: October 20, 2010                    Respectfully submitted,


s/ Fernando M. Bustos                      s/ Charles J. Cooper
Fernando M. Bustos                         Charles J. Cooper*
State Bar No. 24001819                     David H. Thompson*
LAW OFFICES OF FERNANDO M. BUSTOS,         Jesse Panuccio*

P.C.                                    Cooper & Kirk, PLLC
P.O. Box 1980                           1523 New Hampshire Ave., NW
Lubbock, TX 79408-1980                  Washington, D.C.  20036
Tel: (806) 780-3976                     Tel: (202) 220-9600
Fax: (806) 780-3800                     Fax: (202) 220-9601
Email: fbustos@bustoslawfirm.com        Email: ccooper@cooperkirk.com

*Local Counsel for Plaintiffs*          *Admitted *pro hac vice*.*

                                        *Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been served via ECF on October 20, 2010, to:

> Drew L. Harris
> Assistant Attorney General
> Office of the Texas Attorney General
> General Litigation Division
> P.O. Box 12548, Capitol Station
> Austin, TX 78711-2548
> drew.harris@oag.state.tx.us

s/ Charles J. Cooper_____
Charles J. Cooper
