UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JAMES D'CRUZ, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:10-cv-00141-C |
| | § | |
| STEVEN MCCRAW, et al., | § | |
|     Defendants. | § | |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

TO THE HONORABLE SAM CUMMINGS, U.S. DISTRICT JUDGE:

**COMES NOW** Defendant Steven McCraw in his official capacity as Director of the Texas Department of Public Safety ("McCraw"), along with Defendants Allan B. Polunsky, Carin Marcy Barth, Ada Brown, John Steen, and C. Tom Clowe, Jr., in their official capacities as members of the Texas Public Safety Commission (collectively, the "Commission Defendants"), and file their Answer and Affirmative Defenses in response to Plaintiffs' Amended Complaint.

### INTRODUCTION

1.   Paragraph 1 asserts only a legal conclusion to which no response is required.

2.   Admit that the quoted portions of the decision in *District of Columbia v. Heller*, 128 S. Ct. 2783, 2797, 2821 (2009), speak for themselves.

3.   Admit the laws of the State of Texas prohibit some persons who are between eighteen years-old and twenty years-old from obtaining a license to carry a concealed handgun. The remaining allegations in Paragraph 3 assert legal conclusions to which no response is required.

4.   Deny.

## PARTIES

5.     Defendants have insufficient knowledge or information to admit or deny the allegations in this paragraph.

6.     Defendants have insufficient knowledge or information to admit or deny the allegations in this paragraph.

7.     Admit, except deny the allegations in Paragraph 7 to the extent that they imply that the Public Safety Commission controls the day-to-day operations of regulatory programs relating to the State's concealed-carry permitting regime.

8.     Paragraph 8 makes a procedural statement to which no response is required.

## JURISDICTION AND VENUE

9.     Paragraph 9 asserts only a legal conclusion to which no response is required.

10.    Paragraph 10 asserts only a legal conclusion to which no response is required.

11.    Paragraph 11 asserts only a legal conclusion to which no response is required.

## THE LAWS AT ISSUE

12.    Admit that the quoted portions of TEX. PENAL CODE § 46.02 speak for themselves.

13.    Admit that the quoted portions of TEX. GOV'T CODE § 411.172 and TEX. PENAL CODE § 46.035(a) speak for themselves.

14.    Admit that certain persons who are between eighteen years-old and twenty years-old, and who are not current or honorably discharged military service members, are not eligible to obtain a concealed handgun license in the State of Texas.

15.    Paragraph 16 asserts only a legal conclusion that requires no response.

## THE IMPACT OF THE BAN ON THE PLAINTIFFS

16.     Defendants have insufficient knowledge or information to admit or deny the allegations in this paragraph.

17.     Defendants have insufficient knowledge or information to admit or deny the allegations in this paragraph.

18.     Defendants have insufficient knowledge or information to admit or deny the allegations in this paragraph.

19.     Defendants have insufficient knowledge or information to admit or deny the allegations in this paragraph.

20.     Defendants have insufficient knowledge or information to admit or deny the allegations in this paragraph.

21.     Admit that under Texas law, Mr. D'Cruz may possess and carry a rifle in the same manner as all other law-abiding adults of any age.  Admit that TEX. PENAL CODE §§ 46.02, 46.06, 46.13 speak for themselves.  Admit that Mr. D'Cruz may not carry a handgun outside the premises or automobiles under his control, if none of the applicable exceptions contained within the statutes apply.  Deny the allegations in Paragraph 21 to the extent that they imply that law-abiding adults aged 21 or older may carry a handgun outside their home and automobiles if they do not possess a concealed handgun license.

22.     Admit that TEX. GOV'T CODE § 411.172(a) speaks for itself.

23.     Admit that TEX. GOV'T CODE § 411.188 speaks for itself.

24.     Admit that to qualify for a CHL, applicants must achieve a score of 70% or better, and that an applicant may attempt each test three times to achieve the required score.  Defendants

have insufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

25. Defendants have insufficient knowledge or information to admit or deny the allegations in this paragraph.

26. Defendants have insufficient knowledge or information to admit or deny the allegations in this paragraph.

27. Defendants have insufficient knowledge or information to admit or deny the allegations in this paragraph.

28. Defendants have insufficient knowledge or information to admit or deny the allegations in this paragraph.

29. Defendants have insufficient knowledge or information to admit or deny the allegations in this paragraph.

## COUNT I
(SECOND AMENDMENT, FOURTEENTH AMENDMENT, 42 U.S.C. § 1983)

30. The preceding answers are incorporated herein.

31. Admit that the cited statutes prohibit certain law-abiding adults between the ages of eighteen and twenty, who are not or have not been in the United States armed forces, from carrying a handgun outside the person's own premises or automobile, if none of the applicable exceptions contained within the statutes apply.

32. Deny.

## COUNT II
(EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT, 42 U.S.C. § 1983)

33. The preceding answers are incorporated herein.

34. Admit that the cited statutes prohibit certain law-abiding adults between the ages of eighteen and twenty, who are not or have not been in the United States armed forces, from carrying a handgun outside the person's own premises or automobile, if none of the applicable exceptions contained within the statutes apply, but do not prohibit the concealed carrying of handguns by other adults who possess a concealed handgun license.

35. Deny.

## PRAYER FOR RELIEF

36. Deny that any such relief should be granted.

37. Deny that any such relief should be granted.

38. Deny that any such relief should be granted.

39. Deny that any such relief should be granted.

40. Deny that any such relief should be granted.

## **DEFENDANTS' AFFIRMATIVE DEFENSES**

1. Plaintiffs fail to state a claim upon which relief can be granted.

2. The Commission Defendants, in their official capacities, are entitled to Eleventh Amendment immunity from all federal claims asserted in this lawsuit.

3. The Commission Defendants, in their official capacities, are not proper parties to a suit for declaratory or injunctive relief to address the issuance or denial of a concealed handgun license.

4. Plaintiff National Rifle Association of America, Inc. lacks standing.

5. Defendants reserve the right to raise additional defenses throughout the development of this case.

## PRAYER FOR RELIEF

**ACCORDINGLY**, the Defendants pray the Court enter judgment against Plaintiffs, dismiss Plaintiffs' Amended Complaint with prejudice, and award Defendants their reasonable attorneys' fees and costs, and award such other relief as the Court deems just and equitable.

Respectfully submitted,

GREG ABBOTT
Texas Attorney General

DANIEL T. HODGE
First Assistant Attorney General

BILL COBB
Deputy Attorney General for Civil Litigation

RUTH R. HUGHES
Director of Defense Litigation

ROBERT B. O'KEEFE
Chief, General Litigation Division

/s/ Drew L. Harris
DREW L. HARRIS
Texas Bar No. 24057887
ERIKA KANE
Texas Bar No. 24050850
Assistant Attorneys General
Texas Attorney General's Office
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX
drew.harris@oag.state.tx.us

**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been sent *via* ECF on November 23, 2010, to:

| | |
|---|---|
| Charles J. Cooper | Fernando M. Bustos |
| COOPER & KIRK, PLLC | Law Offices of Fernando M. Bustos, P.C. |
| 1523 New Hampshire Ave., Nw | P.O. Box 1980 |
| Washington, D.C. 20036 | Lubbock, Texas 79408-1980 |
| ccooper@cooperkirk.com | fbustos@bustoslawfirm.com |

                                          /s/ Drew L. Harris
                                          DREW L. HARRIS
                                          Assistant Attorney General