UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JAMES D'CRUZ; NATIONAL RIFLE ASSOCIATION OF AMERICA, INC. Plaintiffs, | § § § § § | |
| v. | § § | CIVIL ACTION NO. 5:10-CV-141-C |
| STEVEN MCCRAW, Defendant. | § § § § | |

**DEFENDANT'S BRIEF IN SUPPORT OF HIS
EMERGENCY MOTION TO AMEND
SCHEDULING ORDER TO PERMIT DISCOVERY
AND EXTEND DISPOSITIVE MOTION DEADLINES**

TO THE HONORABLE SAM CUMMINGS, U.S. DISTRICT JUDGE:

Defendant Steven McCraw ("McCraw") files this brief in support of his Motion to amend the Scheduling Order entered on November 24, 2010 to permit a reasonable period for discovery and to extend the deadline for filing motions for summary judgment, and would respectfully show as follows:

**I.   PROCEDURAL & FACTUAL BACKGROUND.**

In this matter, Plaintiffs James D'Cruz ("D'Cruz") and the National Rifle Association of America, Inc. ("NRA") assert a constitutional challenge to the requirement in TEX. GOV'T CODE § 411.172 that applicants be at least 21-years-old to obtain a Texas concealed handgun license ("CHL"). Section 411.172 imposes several eligibility criteria for a CHL apart from age, such as:

- Not have been convicted of a felony;
- Not have been charged with a felony or Class A or Class B misdemeanor;
- Not be a chemically dependent person;

1

- Be capable of exercising sound judgment with respect to the proper use and storage of a handgun;
- Not be delinquent in making child support payments;
- Not be delinquent in making state or local tax payments;
- Not be restricted under a court protective order or subject to a restraining order affecting spousal relationships; and
- Not have made any material misrepresentation or omission in the application for a CHL.

*See* TEX. GOV'T CODE § 411.172(a). In addition, each applicant must pass a course in handgun proficiency taught by an approved handgun instructor prior to applying for a CHL. *Id*. at § 411.188.

Plaintiff D'Cruz is an 18-year-old who alleges that "*[s]olely* because of his failure to meet the age requirement, [he] would have obtained his Texas CHL." Amended Complaint for Declaratory Judgment and Injunctive Relief ("Amend. Compl.") ¶ 26 (emphasis added). Similarly, the NRA alleges that, but for the age requirement, "some of NRA's members would apply for and would receive a Texas CHL." *Id*. at ¶ 29.

Plaintiffs filed their Amended Complaint, the live pleading in this matter, on October 20, 2010. Defendant filed his answer on November 23, 2010. On November 24, 2010, the Court entered, *sua sponte*, a Scheduling Order that stated: "No discovery will proceed at this time; however, the parties may file a motion to modify this order if a need for discovery arises." (Document No. 31.) The Court set Defendant's dispositive motion deadline for less than a month later, on December 17, 2010.

As soon as this Scheduling Order issued, Defendant's counsel began conferring with Plaintiffs' counsel regarding seeking an agreed amendment to the Scheduling Order. While Defendant had hoped to reach an agreement with Plaintiffs and ultimately file an Agreed Motion for Amendment of the Scheduling Order, it became apparent today that no agreement can be reached between the parties. Among other reasons, Plaintiffs oppose any discovery being

conducted in this matter. Defendant, however, believes that discovery is necessary and proper to ultimately resolve this matter, for the reasons set forth herein.

Accordingly, Defendant now files this opposed Motion to amend the Scheduling Order to permit discovery, allow for possible designation of expert witness, and to extend the December 17, 2010 dispositive motion deadline.

## II.     ARGUMENT & AUTHORITIES.

It cannot be disputed that, prior to the filing of Motions for Summary Judgment, Defendant is permitted to seek and obtain discovery relevant to the merits of Plaintiffs' claims, including but not limited to discovery related to Plaintiffs' standing to maintain this suit. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (recognizing that summary judgment under Rule 56 may be entered "after adequate time for discovery"). Indeed, while factual allegations made in Plaintiffs' pleadings may be accepted as true for purposes of evaluating a defendant's Motion to Dismiss, here the Defendant is entitled to seek discovery relevant to challenging the veracity of Plaintiffs' factual allegations prior to the filing of his Motion for Summary Judgment. *See Haase v. Sessions*, 835 F.2d 902, 907 (D.C. Cir. 1987) (holding that once inquiry into merits of plaintiff's claims reaches the "fact-based stage, discovery by the parties must be allowed subject to whatever defenses and privileges a party can properly assert in response to the discovery process") (citing *Wilderness Society v. Griles*, 824 F.2d 4 (D.C. Cir. 1987) for the proposition that "reciprocal discovery may be required for motions for summary judgment for lack of standing").

Further, it is well settled that "[s]ummary judgment assumes some discovery." *Brown v. Mississippi Valley State University*, 311 F.3d 328, 333 (5th Cir. 2002) (vacating grant of summary judgment where adequate time for discovery was not permitted); *see also F.D.I.C. v.*

*Shrader & York*, 991 F.2d 216, 220 (5th Cir. 1993) ("Summary judgment is appropriate if, after discovery, there is no genuine dispute over any material fact."). In this matter, for example, Defendant is entitled to challenge Plaintiffs' assertion that their age is the *sole* basis of their ineligibility for a Texas CHL. Evidence may be produced during discovery that would demonstrate Plaintiffs would not otherwise qualify for a CHL, even absent the age limit being challenged here. Such evidence could destroy Plaintiffs' standing to challenge the CHL age requirement, as they would be unable to demonstrate their alleged injury is fairly traceable to the age limit in the CHL eligibility statute.

Furthermore, Defendant anticipates the possibility that expert testimony may be necessary to the proper resolution of the statutory challenges made in this matter, and therefore asks this Court to amend the scheduling order to include an expert designation deadline. In sum, then, Defendant seeks a reasonable, limited period of time in which to conduct discovery to challenge the veracity of the allegations made in Plaintiffs' Amended Complaint, and Defendant further requests that their deadline to file dispositive motions be extended until the close of that limited discovery period.

### III. PROPOSED MODIFICATION TO SCHEDULING ORDER.

As set forth in the proposed Order, attached hereto, Defendant proposes that the current Scheduling Order be amended to include the following relevant provisions regarding discovery and dispositive motions:

(1) Unless otherwise identified pursuant to written discovery, experts must be disclosed pursuant to FED. R. CIV. P. 26(a)(2) by 3:00 pm on **February 15, 2010**.

(2) All pretrial motions, including motions for summary judgment, must be filed, and all discovery must be completed, by 3:00 pm on **May 15, 2010**.

(3)  Unless further ordered by the Court, the parties are not required to make initial disclosures under Rule 26(a)(1), Fed. R. Civ. P., and no conferences are required under Rule 26(f), Fed. R. Civ. P.

DATED: December 14, 2010                    Respectfully submitted,

                                                                         GREG ABBOTT
Texas Attorney General

DANIEL T. HODGE
First Assistant Attorney General

BILL COBB
Deputy Attorney General for Civil Litigation

DAVID C. MATTAX
Director of Defense Litigation

ROBERT B. O'KEEFE
Chief, General Litigation Division


/s/ Drew L. Harris
DREW L. HARRIS
Texas Bar No. 24057887
Assistant Attorney General
Texas Attorney General's Office
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX
drew.harris@oag.state.tx.us

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF CONFERENCE**

I hereby confirm that I have conferred with David Thompson, counsel for Plaintiffs, on December 13, 2010, and he has indicated that he is opposed to this Motion.

/s/ Drew L. Harris
DREW L. HARRIS
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been sent *via* ECF on December 14, 2010, to:

| | |
|---|---|
| Charles J. Cooper | Fernando M. Bustos |
| COOPER & KIRK, PLLC | Law Offices of Fernando M. Bustos, P.C. |
| 1523 New Hampshire Ave., Nw | P.O. Box 1980 |
| Washington, D.C. 20036 | Lubbock, Texas 79408-1980 |
| ccooper@cooperkirk.com | fbustos@bustoslawfirm.com |

/s/ Drew L. Harris
DREW L. HARRIS
Assistant Attorney General