UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JAMES D'CRUZ; NATIONAL RIFLE ASSOCIATION OF AMERICA, INC. §§§§ *Plaintiffs*, | | |
| v. | § | CASE NO. 5:10-CV-00141-C |
| STEVEN MCCRAW, *Defendant*. §§§ | | |

**PLAINTIFFS' BRIEF IN SUPPORT OF THEIR RESPONSE IN OPPOSITION TO DEFENDANT'S EMERGENCY MOTION TO AMEND SCHEDULING ORDER TO PERMIT DISCOVERY AND EXTEND DISPOSITIVE MOTION DEADLINES**

TO THE HONORABLE SAM CUMMINGS, UNITED STATES DISTRICT JUDGE:

Plaintiffs James D'Cruz and National Rifle Association of America, Inc. ("NRA") hereby file this brief in support of their Response in opposition to Defendant's Emergency Motion to Amend Scheduling Order to Permit Discovery and Extend Dispositive Motion Deadlines. For the following reasons, Defendant's Motion should be denied. In light of the fact that Defendant's dispositive motion is due on December 17, Plaintiffs are willing to consent to a one-week extension of that deadline until December 24.

## BACKGROUND

In this case, Plaintiffs challenge, under the Second and Fourteenth Amendments to the United States Constitution, the State of Texas's prohibition on law-abiding adults between the ages of eighteen and twenty from carrying a firearm outside the person's own premises or automobile. Texas law provides that "[a] person commits an offense if the person intentionally, knowingly, or recklessly carries on or about his or her person a handgun...if the person is not: (1) on the person's own premises or premises under the person's control; or (2) inside of or directly

1

en route to a motor vehicle that is owned by the person or under the person's control." TEX. PENAL CODE § 46.02. If, however, a person "is at least 21 years of age," he or she may be eligible to qualify for a Texas Concealed Handgun License ("CHL"). TEX. GOV'T CODE § 411.172(a)(2).[1]

On October 20, 2010, Plaintiffs filed their amended complaint in this matter; Defendant (hereinafter, "Texas") answered on November 23. *See* Doc. Nos. 20, 29. On November 24, this Court entered an order establishing the following schedule:

**December 17, 2010**: Defendants' dispositive motion due;

**January 14, 2011**: Plaintiffs' response to Defendants' dispositive motion due; Plaintiffs' motion for summary judgment due;

**February 14, 2011**: Defendants' reply in support of dispositive motion due; Defendants' response to Plaintiffs' motion for summary judgment due;

**March 11, 2011**: Plaintiffs' reply in support of motion for summary judgment due.

Scheduling Order, Doc. No. 31. The scheduling order also establishes that "[n]o discovery will proceed at this time," but provides that "the parties may file a motion to modify this order if a need for discovery arises." *Id.* Alleging that such a need has arisen, Texas has now filed a motion seeking to alter this Court's scheduling order.

## ARGUMENT

This Court has established an appropriate schedule and correctly determined that discovery is unnecessary at this time. Texas's arguments to the contrary—that it needs

---

[1] There is an exception to this age requirement: If "a person … is at least 18 years of age but not yet 21 years of age," he or she "is eligible for a license to carry a concealed handgun if the person … is a member or veteran of the United States armed forces" or "was discharged under honorable conditions, if discharged from the United States armed forces." TEX. GOV'T CODE § 411.172(g).

additional time to conduct discovery into Plaintiffs' standing and that it "anticipates" a "possibility" that expert testimony may be necessary, Doc. No. 34-1 at 4—are unavailing.

I. **DISCOVERY INTO PLAINTIFFS' STANDING IS UNNECESSARY AT THIS TIME**

The NRA has millions of members nationwide, many of whom reside in Texas. If any one of these members cannot carry a handgun because of his or her age, then the NRA has standing to challenge Texas's laws that strip young adults of the right to carry. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 181 (2000); *United Food & Commercial Workers Union Local 751 v. Brown Group, Inc.*, 517 U.S. 544, 555 (1996). And if NRA has standing, then Mr. D'Cruz's standing is irrelevant. *See, e.g., Bowsher v. Synar*, 478 U.S. 714, 721 (1986). Candidly, Plaintiffs are surprised that the Attorney General's office wishes to expend resources challenging NRA's standing in this case.

At any rate, Texas's desire to commence standing-related discovery is premature at this stage in the litigation. Along with Plaintiffs' summary judgment motion and briefing, the NRA plans to submit a declaration both affirming that certain of its 18-to-20-year-old members can sufficiently complete the Texas CHL application form and providing the information that at least one of those members would include on that form.[2] If at that point Texas decides that it still lacks information sufficient to determine whether any Plaintiff has standing in this case, it may file a motion under Rule 56(d) of the FEDERAL RULES OF CIVIL PROCEDURE, which authorizes the Court to allow a party opposing summary judgment additional time to take discovery. Texas, of course, will be required to "show[]...that…it cannot present facts essential to justify its opposition," which Plaintiffs submit would include at a minimum demonstrating that, in the normal course of evaluating CHL applications, the State would conduct an investigation of the

---

[2] The Texas CHL application form is available online at http://www.txdps.state.tx.us/InternetForms/Forms/CHL-78A.pdf.

type it contemplates pursuing through discovery based on the information provided by the NRA as part of Plaintiffs' summary judgment filings. Plaintiffs reserve the right to conduct discovery into any allegations Texas may make on that issue, including investigating the extent to which the State routinely conducts investigations of applicants when in possession of information similar to that which Plaintiffs will provide.[3] If we are able to establish that the State does not investigate, let alone subject applicants to questioning under oath, when provided with similar information, we will resist discovery of NRA and its members on the ground that such discovery would be tantamount to retaliation against Plaintiffs for asserting their Second Amendment rights.

At any rate, we continue to believe that this dispute turns on legal principles and that discovery is therefore unnecessary. *See Rosas v. United States Small Business Administration*, 964 F.2d 351, 359 (5th Cir. 1992) ("It is … established law" that a party's "entitlement to discovery prior to a ruling on a summary judgment motion may be cut off when … the record indicates that further discovery will not likely produce facts necessary to defeat the motion," and thus that district courts may properly decide summary judgment motions "prior to completion of discovery" when "the issues to be decided … [are] purely legal in nature.") (quotation marks omitted). But if after we have filed our summary judgment motion Texas remains intent on challenging Plaintiffs' standing, the parties and this Court can revisit the issue then.

---

[3] Texas's concealed carry statute also contains requirements in addition to the age requirement that appear to raise constitutional issues. For example, CHLs are unavailable to those who are delinquent in their child support payments or payment of state and local taxes. *See* TEX. GOV'T CODE §§ 411.172(a)(10), (11). These requirements constitute an unconstitutional condition on the exercise of a fundamental right. Just as the fundamental right to marry is not lost when a person falls behind in child support payments, *see, e.g., Zablocki v. Redhail*, 434 U.S. 374 (1978), so too the right to self defense with a firearm is not forfeited under such circumstances. To the extent Texas seeks discovery related to any requirement that Plaintiffs believe constitutes an unconstitutional condition, Plaintiffs reserve the right to seek a threshold ruling on the constitutionality of such requirements before submitting to discovery.

4

## II.     EXPERT TESTIMONY IS UNNECESSARY TO RESOLVE THIS CASE

Texas also "anticipates the possibility that expert testimony may be necessary to the proper resolution" of this case. Doc. No. 34-1 at 4. But expert testimony is wholly *unnecessary* to resolve this case.

As an initial matter, in *District of Columbia v. Heller* the Supreme Court eschewed the hierarchical levels of scrutiny employed in other areas of constitutional law in favor of a historical analysis attuned to the particular firearms regulations being challenged. *See* 128 S. Ct. 2783, 2817-18 (2008). And having determined that the handgun ban at issue in that case struck at the very "core" of the Second Amendment, *id*. at 2818—a right whose "*central component*" is "individual self-defense," *id.* at 2801—the Court struck it down without engaging in any interest balancing or employing any of the traditional levels of scrutiny. *See, e.g., id.* at 2821 (explaining that the "Second Amendment is … the very *product* of an interest balancing by the people" that "surely elevates above *all other interests* the right of law-abiding, responsible citizens to use arms in defense of hearth and home") (emphasis added). Texas's ban on 18-to-20-year-olds carrying handguns likewise, Plaintiffs submit, strikes at the very core of Plaintiffs' Second Amendment right to keep and bear arms. Under *Heller* it is thus unconstitutional regardless of any rationales Texas could enlist expert witnesses to assert in its defense.

To the extent this Court nevertheless finds it necessary to employ a level-of-scrutiny analysis in this case, unless Texas were to somehow demonstrate "that the Second Amendment should be singled out for special—and specially unfavorable—treatment," an argument the Supreme Court has expressly "reject[ed]," *McDonald v. City of Chicago*, 130 S. Ct. 3020, 3043 (2010), strict scrutiny must apply. Although the Supreme Court has not had occasion to definitively fix a comprehensive methodology for reviewing all Second Amendment challenges,

5

the Court has recognized that the right to self-defense is a *fundamental* enumerated right.  *See, e.g., McDonald*, 130 S. Ct. at 3037 (self-defense was considered "fundamental by those who drafted and ratified the Bill of Rights,"); *id.* at 3042 ("the Framers and ratifiers of the Fourteenth Amendment counted the right to keep and bear arms among those fundamental rights necessary to our system of ordered liberty").  And it is well established that "strict scrutiny [is] applied when government action impinges upon a fundamental right protected by the Constitution." *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 54 (1983).

As under *Heller*'s methodology, expert testimony will not assist Texas in meeting the requirements of strict scrutiny, for Texas, in defending its ban, will be limited to the materials and rationales found in the text, structure, and legal operation of the law and its legislative record.  *See Shaw v. Hunt*, 517 U.S. 899, 908 n.4 (1996), *rev'd on other grounds, Hunt v. Cromartie*, 529 U.S. 1014 (2000) ("To be a compelling interest, the State must show that the alleged objective was the legislature's actual purpose for the discriminatory classification, and the legislature must have had a strong basis in evidence to support that justification before it implements the classification.") (quotation marks and citations omitted).[4]

Even if under strict scrutiny Texas may rely on *post hoc* rationales in support of its ban on 18-to-20-year-olds carrying handguns—expert testimony would still be unnecessary to decide this case.  To the extent factual issues are implicated in Texas's attempt to demonstrate that its ban is narrowly tailored to a compelling government interest, they are issues of *legislative* fact. *See, e.g.*, BLACK'S LAW DICTIONARY (7th ed. 1999) (a legislative fact is one that "explains a particular law's rationality"); FED. R. EVID. 201, ADVISORY COMMITTEE NOTE (explaining

---

[4] Plaintiffs, of course, reserve the right to discover and introduce evidence to *challenge* any materials and purposes Texas relied upon in enacting its ban.  *See, e.g., Roe v. Wade*, 410 U.S. 113, 149 (1973) (discounting state's asserted interest in medical safety upon review of "medical data" submitted by plaintiffs and amici challenging abortion ban).

distinction between legislative and adjudicative facts); *Ellis v. Weasler Eng'g, Inc.*, 258 F.3d 326, 334 n.12 (5th Cir. 2001) (same). And unlike with adjudicative facts, courts have broad discretion in how they go about building a record of legislative facts. *See* FED. R. EVID. 201(a) & ADVISORY COMMITTEE NOTE. Thus any social scientific evidence that Texas may desire to introduce through expert testimony can be directly presented to this Court through citations in Texas's briefing without going to the effort and expense of commissioning expert reports. *See, e.g., Dunagin v. Oxford*, 718 F.2d 738, 748 n.8 (5th Cir. 1983) (en banc) (plurality) ("The writings and studies of social science experts on legislative facts are often considered and cited by the Supreme Court with or without introduction into the record or even consideration by the trial court."); *id.* ("There are limits to which important constitutional questions should hinge on the views of social scientists who testify as experts at trial."); *Daggett v. Commission on Governmental Ethics & Election Practices*, 172 F.3d 104, 112 (1st Cir. 1999) (" 'legislative facts' … usually are … proved … by material set forth in the briefs"); *Indiana H. B. R.R. Co. v. American Cyanamid Co.*, 916 F.2d 1174, 1182 (7th Cir. 1990) ("legislative facts" are "often [] facts reported in books and other documents not prepared specially for litigation or refined in its fires").

### III.   IN ALL EVENTS, THE ORDER OF BRIEFING ESTABLISHED BY THIS COURT SHOULD BE MAINTAINED

If this Court decides to grant Texas additional time to conduct discovery, it should not replace the order of briefing it has established in both this case and in Plaintiffs' challenge to Federal handgun restrictions also pending before this Court. *See D'Cruz v. BATFE*, No. 5:10-cv-00140-C, Doc. No. 17 (Nov. 8, 2010). Even if Texas advocates for a watered-down version of the Second Amendment embodied by an intermediate scrutiny test, "[t]he burden of justification [remains] demanding and it rests entirely on the State." *United States v. Virginia*, 518 U.S. 515,

533 (1996).  Under intermediate scrutiny, the "State must show at least that" its ban on 18-to-20-year olds carrying handguns "serves important governmental objectives and that the … means employed are substantially related to the achievement of those objectives."  *Id*. (quotation marks omitted).

Because Texas will have the burden of justifying its ban even under intermediate scrutiny, it is thus eminently reasonable to establish a schedule, as this Court has, in which Texas must file any dispositive motion first so that subsequent briefing can be shaped by the rationales Texas offers to defend its laws.  *See* Doc. No. 31.  The party and judicial efficiencies served by this schedule will be lost if, as Texas suggests, all parties share the same deadline for filing pretrial motions.  *See* Doc. No. 34-1 at 4.

## CONCLUSION

For these reasons, Plaintiffs respectfully submit that Defendant's Emergency Motion to Amend Scheduling Order to Permit Discovery and Extend Dispositive Motion Deadlines should be denied.  In light of the fact that Defendant's dispositive motion is due on December 17, Plaintiffs are willing to consent to a one-week extension of that deadline until December 24.

Dated: December 15, 2010                                    Respectfully submitted,

                                                   s/ Charles J. Cooper_____
                                                   Charles J. Cooper
                                                   DC Bar No. 248070*
                                                   David H. Thompson
                                                   DC Bar No. 450503*
                                                   Jesse Panuccio
                                                   DC Bar No. 981634*
                                                   COOPER & KIRK, PLLC
                                                   1523 New Hampshire Ave., NW
                                                   Washington, D.C. 20036
                                                   Tel: (202) 220-9600
                                                   Fax: (202) 220-9601
                                                   Email: ccooper@cooperkirk.com

Fernando M. Bustos
Texas Bar No. 24001819
Law Offices of Fernando M. Bustos, PC
P.O. BOX 1980
Lubbock, TX 79408-1980
Tel: (806) 780-3976
Fax: (806) 780-3800
Email:  fbustos@bustoslawfirm.com

*Admitted *pro hac vice*

**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing document has been sent *via* ECF on December 15, 2010, to:

Drew L. Harris
Assistant Attorney General
Office of the Texas Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, TX 78711-2548
drew.harris@oag.state.tx.us

          s/ Charles J. Cooper_____
          Charles J. Cooper