**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

**JAMES D'CRUZ; NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., AMERICA, INC.,**

**Plaintiffs,**

**v.**

**STEVEN MCCRAW, in his official capacity as Director of the Texas Department of Public Safety,**

**Defendant.**

**Case No. 5:10-cv-00141-C**
**Judge Sam R. Cummings**

**PLAINTIFFS' MOTION TO AMEND THE COMPLAINT, PLAINTIFF JAMES D'CRUZ'S MOTION TO WITHDRAW AS PARTY PLAINTIFF, AND NON-PARTIES REBEKAH JENNINGS', BRENNAN HARMON'S, AND ANDREW PAYNE'S MOTION TO JOIN AS PARTY-PLAINTIFFS AND BRIEF IN SUPPORT**

Plaintiff the National Rifle Association of America, Inc. ("NRA"), hereby respectfully moves the Court to permit the filing of a Second Amended Complaint. Plaintiff James D'Cruz hereby respectfully moves the Court to permit him to withdraw as a party-plaintiff. And NRA and non-parties Rebekah Jennings, Brennan Harmon, and Andrew Payne (collectively, "Proposed Plaintiffs") respectfully move the Court to permit Proposed Plaintiffs to join the lawsuit as party-plaintiffs. In support thereof, these parties respectfully state:

1. Plaintiff James D'Cruz filed the original complaint in this case on September 8, 2010. *See* Doc. 1. On October 20, 2010, an additional plaintiff—the NRA—was added to the case through an Amended Complaint. *See* Doc. 20.

2. At the time of the filing of the Complaint and the Amended Complaint, Mr. D'Cruz was living in Lubbock, Texas. Since then he has relocated to Titusville, Florida, where

he currently lives with his family. Because he is no longer living in Texas, Mr. D'Cruz no longer desires to obtain a Texas Concealed Handgun License ("CHL") at this time. He thus is no longer a proper plaintiff in a suit challenging restrictions for obtaining a CHL. Accordingly, pursuant to Fed. R. Civ. P. 21, Mr. D'Cruz respectfully requests that the Court enter an order dismissing him from this lawsuit.

3. Plaintiff NRA, however, plans to continue with this lawsuit. In addition, three members of the NRA (on whose behalf the NRA is already suing) wish to become named plaintiffs in this lawsuit: Rebekah Jennings, Brennan Harmon, and Andrew Payne. Ms. Jennings is twenty years old, Ms. Harmon is nineteen, and Mr. Payne is eighteen. All three are residents of Texas, and Mr. Payne is a resident of Lubbock. They all allege that their Second Amendment rights are being violated by the laws at issue in this case. NRA, Ms. Jennings, Ms. Harmon, and Mr. Payne thus respectfully request that, pursuant to Fed. R. Civ. P. 15 and 21, the Court join Proposed Plaintiffs as party-plaintiffs in this action.

4. To account for these changes, NRA (and Proposed Plaintiffs) respectfully request that, pursuant to Fed. R. Civ. P. 15(a)(2), the Court permit the filing of a Second Amended Complaint in this action. A copy of that Second Amended Complaint is attached as Exhibit "A" to this motion. The legal allegations remain the same; the Second Amended Complaint contains factual allegations about Proposed Plaintiffs and also amends the caption to reflect the change in parties. To that end, Plaintiffs also respectfully request that the Court enter an order officially recaptioning the case as follows:

**REBEKAH JENNINGS; BRENNAN HARMON; ANDREW PAYNE; NATIONAL RIFLE ASSOCIATION OF AMERICA, INC.,** )

**Plaintiffs,** )

**v.** )

**STEVEN MCCRAW, in his official capacity as Director of the Texas Department of Public Safety,** )

**Defendant.** )

5. Counsel for Plaintiffs has conferred with counsel for Defendant (the "State") regarding this motion, and counsel for the State has indicated that it does not oppose Mr. D'Cruz's withdrawal from the case if he is "no longer a proper plaintiff." Exhibit "B," Email of March 18, 2011, 3:41 P.M., from D. Harris to D. Thompson & P. Patterson. The State does, however, oppose the addition of Proposed Plaintiffs as parties, and thus also opposes amending the complaint accordingly, on the basis that Plaintiffs have "waited too long, … especially given that the discovery/dispositive motion deadline is less tha[n] two months away." Exhibit "B," Email of March 18, 2011, 3:30 P.M., from D. Harris to P. Patterson, cc D. Thompson.

6. The State's objection to the addition of Proposed Plaintiffs as parties (and hence its objection to the motion to amend the complaint) lacks merit. Rule 21 provides that "the court may at *any time*, on just terms, add … a party," Fed. R. Civ. P. 21 (emphasis added), and "provide(s) wide discretion for the District Court to" do so. *Moore v. Knowles*, 482 F.2d 1069, 1075 (5th Cir. 1973). Additionally, Rule 15(a)(2) expressly states that "[t]he court should freely give leave when justice so requires."

7. Here, the Court should exercise its discretion in favor of adding Proposed Plaintiffs as parties. As an initial matter, doing so will serve both judicial and party economy by joining them

as parties to this proceeding rather than potentially having them file their own separate lawsuit. And because adding Proposed Plaintiffs will not change the legal allegations before the Court, doing so will result in no prejudice to the State, and there is no reason why it should delay litigation in this case. Indeed, because Proposed Plaintiffs are all members of the NRA, there is no practical distinction between their participation in this suit as plaintiffs rather than as representative members identified by the NRA for the purpose of establishing its standing to sue on behalf of its members. *See United Food and Commercial Workers Union Local 751 v. Brown Group, Inc.*, 517 U.S. 544, 555 (1996) (Article III "requir[es] an organization suing as representative to include at least one member with standing to present, in his or her own right, the claim (or the type of claim) pleaded by the association."). Finally, to date the State has yet to propound any fact discovery. Thus, to the extent the State desires to test factual allegations made in this case, it will be made no worse off by substituting Proposed Plaintiffs for Mr. D'Cruz.

**CONCLUSION**

Wherefore, Plaintiffs respectfully request that the Court enter an order (i) dismissing James D'Cruz as a party-plaintiff; (ii) joining Rebekah Jennings, Brennan Harmon, and Andrew Payne as party-plaintiffs; (ii) granting leave to file a Second Amended Complaint; and (iv) amending the caption of the case to reflect the dismissal and addition of party-plaintiffs.

Dated March 28, 2011

Respectfully submitted,

Fernando M. Bustos
State Bar No. 24001819
LAW OFFICES OF FERNANDO M. BUSTOS, P.C.
P.O. Box 1980
Lubbock, TX 79408-1980

s/ Charles J. Cooper
Charles J. Cooper*
David H. Thompson*
Peter A. Patterson*
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036

Tel: (806) 780-3976  
Fax: (806) 780-3800  
Email: fbustos@bustoslawfirm.com

Tel: (202) 220-9600  
Fax: (202) 220-9601  
Email: ccooper@cooperkirk.com  
*Admitted *pro hac vice*.

*Counsel for Plaintiffs and Proposed Plaintiffs*

**CERTIFICATE OF CONFERENCE**

On March 18, 2011, Counsel for Plaintiffs, David H. Thompson and Peter A. Patterson, conferred with counsel for Defendant, Drew L. Harris, and counsel for Defendant indicated that Defendant would not oppose Mr. D'Cruz's withdrawal if he is no longer a proper plaintiff. Counsel for Defendant indicated that Defendant would, however, oppose, on timeliness grounds, Ms. Jennings, Ms. Harmon, and Mr. Payne's motion to join as party-plaintiffs and Plaintiffs' motion to amend the complaint.

s/ Charles J. Cooper
Charles J. Cooper

**CERTIFICATE OF SERVICE**

On March 28, 2011, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

s/ Charles J. Cooper
Charles J. Cooper