UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JAMES D'CRUZ; NATIONAL RIFLE ASSOCIATION OF AMERICA, INC.<br>    Plaintiffs,<br><br>v.<br><br>STEVEN MCCRAW, in his official Capacity as Director of the Texas Department of Public Safety,<br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 5:10-CV-141-C |

**DEFENDANT'S OPPOSITION TO
MOTION TO ADD PARTIES WITHOUT EXTENDING DISCOVERY**

TO THE HONORABLE SAM CUMMINGS, U.S. DISTRICT JUDGE:

Defendant Steven McCraw ("McCraw") respectfully requests that the Court deny Plaintiffs' motion to add non-parties Rebekah Jennings, Brennan Harmon, and Andrew Payne (the "Proposed Plaintiffs") as Party-Plaintiffs, unless the discovery period is extended by 46 days. The Proposed Plaintiffs are being added after Defendant discovered troubling facts about current Lead Plaintiff James D'Cruz ("D'Cruz"), who is now being dropped from this lawsuit. Under the current discovery deadline of May 16, 2011, Defendant McCraw has insufficient time to investigate the new Proposed Plaintiffs for similar facts that challenge their standing and fitness for a Concealed Handgun License ("CHL").

### I.   LEGAL STANDARD REGARDING AMENDMENT

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading only with the opposing party's written consent or the court's leave, and that the court may grant leave to amend pleadings "when justice so requires." The district court's grant of leave to amend

"is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). Whether leave to amend should be granted is entrusted to the sound discretion of the district court, and that court's ruling is reversible only for an abuse of discretion. *Id.*

Under Rule 15, the court may consider such equitable factors such as "undue delay" and "undue prejudice to the opposing party." *Id.*; *see also Smith v. EMC Corp.*, 393 F.3d 590, 598 (5th Cir. 2004) (denying leave to amend due to "the motion's undue delay and undue prejudice to [defendant]").

Although Rule 15(a) does not impose a time limit "for permissive amendment, 'at some point, time delay on the part of a plaintiff can be procedurally fatal.'" *Whitaker v. City of Houston*, 963 F.2d 831, 836 (5th Cir. 1992) (quoting *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981)). In such a situation, the plaintiff bears the burden of showing the delay to be "'due to oversight, inadvertence, or excusable neglect.'" *Id.* (quoting *Gregory*, 634 F.2d at 203).

## II.  ARGUMENT:
### THE LATE ADDITION OF PARTIES DENIES DEFENDANT SUFFICIENT TIME TO INVESTIGATE THEIR ALLEGATIONS OF PROPER STANDING.

**A. Plaintiffs Seek to Replace Lead Plaintiff D'Cruz After Defendant's Investigation Raised Troubling Facts Challenging His Standing and Fitness for a CHL.**

Plaintiffs originally sought to have this case determined without any discovery. *See* Document No. 35-1. On December 16, 2010, this Court issued an Order setting forth a discovery period concluding on May 16, 2011. *See* Document No. 36. McCraw began investigating if there was legitimate basis to challenge the standing of Lead Plaintiff D'Cruz, on the grounds he would not meet the statutory eligibility criteria for a CHL, apart from his age. Among other criteria, D'Cruz would be ineligible – and thus have no standing – if he had been charged with a felony or certain misdemeanors, was a chemically dependent person, was incapable of exercising

2

sound judgment with respect to firearms, or had been diagnosed with a psychiatric disorder. *See* TEX. GOV'T CODE § 411.172(a).

D'Cruz had alleged that "aside from the age requirement, Mr. D'Cruz already meets all requirements for obtaining a Texas Concealed Handgun License." Document No. 20, ¶ 25. Defendant's investigation found statements made by D'Cruz on his publicly accessible Facebook website that suggested he might not meet the statutory criteria. Some of the documents discovered by Defendant's investigation are attached hereto as **Exhibit A**[1] and **Exhibit B**.[2]

These exhibits show that D'Cruz has a history of reacting to the events in his life by posting unsettling statements on his publicly accessible Facebook website. For example, after apparently being rejected from West Point Military Academy, D'Cruz posted on Facebook on April 19, 2010: "*im bored ... Ill light someone on fire.*" *See* **Exhibit B** at 19. Other entries include the following graphic statements:

- "There is no redemption, There is no forgiveness. I will stare into your eyes as I pull the trigger and laugh as you hit the ground with your last, pathetic breath."

- "in this field of hundreds begging for their lives, we shall spare none"

- "an eye for an eye leaves the whole world blind, thats why I take their heads"

*See* **Exhibits A**, **B**. Discovery into such statements and the surrounding circumstances could yield facts disqualifying D'Cruz from a CHL, apart from his age. Additionally, these statements and their surrounding circumstances are likely to provide evidence supporting the Texas

---

[1] **Exhibit A** is a news article describing D'Cruz's disturbing Facebook postings, which raise questions regarding D'Cruz's psychiatric health, and at the very least, his judgment. *See* Josh Horwitz, *NRA's Latest Poster Boy Sounds Like School Shooter*, HUFFINGTON POST (Dec. 7, 2010), *at* http://www.huffingtonpost.com/josh-horwitz/nras-poster-boy-sounds-li_b_793000.html.

[2] **Exhibit B** is a printout of screen captures of D'Cruz's public Facebook website.

legislature's determination that individuals under age 21 tend to lack the requisite maturity and judgment required to possess a CHL.

Counsel for McCraw raised these statements and the need for discovery into the circumstances behind them with Plaintiffs' counsel in December 2010. On or about February 10, 2011, D'Cruz's counsel indicated that D'Cruz would be withdrawn as Lead Plaintiff, and would be substituted with other unspecified individuals. As a result, McCraw has not propounded written discovery upon D'Cruz. To the extent D'Cruz is disqualified for a CHL – whether due to mental fitness requirements or residency requirements – McCraw does not oppose his dismissal.

**B. Plaintiffs Delayed 46 Days Before Seeking to Add New Parties, Denying Defendant Adequate Time to Investigate the New Proposed Plaintiffs for Disqualifying Facts.**

McCraw opposes the late addition of new plaintiffs, when there is insufficient time to vet them for the potential disqualifications raised regarding D'Cruz by the documents attached as **Exhibit A** and **Exhibit B**. Despite giving notice of D'Cruz's withdrawal on February 10, 2011, Plaintiffs waited 46 days later until March 28, 2011 to file a motion to add new Party-Plaintiffs. *See* Document No. 44. Although there is no order specifying a deadline for amendments to pleadings, the discovery cutoff for this case is May 16, 2011, and trial is set for August 15, 2011. *See* Documents No. 36, 40.

Here, the 46-day delay in seeking to add new plaintiffs, merely seven weeks before the discovery cutoff, is undue delay and causes undue prejudice to McCraw. In the proposed Second Amended Complaint, the new Proposed Plaintiffs make the same conclusory assertion as D'Cruz that apart from age, they "already meet[] all requirements for obtaining a Texas Concealed Handgun License." Document No. 44-1, ¶¶ 29, 38, 47. Defendant McCraw is entitled to test the truth of these assertions through adequate time for discovery. As described above, initial

4

discovery regarding D'Cruz's public statements raised legitimate grounds to dispute D'Cruz's conclusory assertion regarding standing.

Other courts specifically addressing Second Amendment constitutional challenges have denied those challenges based on eligibility and standing questions. For example, in *Williams v. State*, 417 Md. 479 (Md. 2011), the court of appeals held that because "Williams failed to apply for a permit to wear, carry, or transport a handgun, he lacks standing to challenge" the Maryland handgun carry statute. *Id*. at 482. In *United States v. Bledsoe*, 2008 WL 3538717 (W.D. Tex. Aug. 8, 2008), the district court found the 19-year-old criminal defendant ineligible to make a constitutional challenge to the handgun purchase restrictions in 18 U.S.C. § 922 because he conspired to make a false material statement in violation of that law. *Id*. at *6. The Fifth Circuit affirmed this holding. 334 Fed. Appx. 711 (2009).

Similarly here, McCraw should be entitled to learn through discovery whether the Proposed Plaintiffs are ineligible to make their constitutional claims because they do not meet one or more of the several statutory requirements for a CHL, apart from age.[3] The 46-day delay by Plaintiffs does not provide sufficient time to conduct discovery on three brand new plaintiffs before the May 16, 2011 discovery cutoff.

Denying the motion to add the Proposed Plaintiffs would not terminate this case. The National Rifle Association of America, Inc. may continue to prosecute this case on behalf of its members, including the Proposed Plaintiffs. If the Proposed Plaintiffs are permitted to join as Party-Plaintiffs, then the discovery cutoff should be extended to avoid undue prejudice to Defendant McCraw.

---

[3] Notably, in *Williams*, the challenger argued that he did not file an application for a permit to carry a handgun because "as a result of the regulatory scheme, 'any such application would have been denied.'" *Williams,* 417 Md. at 488 n.7. Nonetheless, the *Williams* court found that the failure to file the permit application was fatal to his standing to challenge the constitutionality of the permitting regulations. *Id*. Here, none of the Proposed Plaintiffs allege that they actually filed an application for a Texas CHL.

### III.   CONCLUSION

Defendant McCraw respectfully requests that the Motion to Amend the Complaint be denied to the extent it seeks to add non-parties Rebekah Jennings, Brennan Harmon, and Andrew Payne as Party-Plaintiffs, unless the discovery period is extended by 46 days.

DATED: April 18, 2011						Respectfully submitted,

GREG ABBOTT
Texas Attorney General

DANIEL T. HODGE
First Assistant Attorney General

BILL COBB
Deputy Attorney General for Civil Litigation

DAVID C. MATTAX
Director of Defense Litigation

ROBERT B. O'KEEFE
Chief, General Litigation Division

/s/ Drew L. Harris
DREW L. HARRIS
Texas Bar No. 24057887
Assistant Attorney General
Texas Attorney General's Office
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX
drew.harris@oag.state.tx.us

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing document has been sent *via* ECF on April 18, 2011, to:

Charles J. Cooper  
COOPER & KIRK, PLLC  
1523 New Hampshire Ave., Nw  
Washington, D.C. 20036  
ccooper@cooperkirk.com  

Fernando M. Bustos  
Law Offices of Fernando M. Bustos, P.C.  
P.O. Box 1980  
Lubbock, Texas 79408-1980  
fbustos@bustoslawfirm.com  

    /s/ Drew L. Harris  
    DREW L. HARRIS  
    Assistant Attorney General

7