IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| JAMES D'CRUZ and NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> STEVE MCCRAW, in his official capacity as Director of the Texas Department of Public Safety, <br><br> Defendant. | Civil Action No. 5:10-CV-141-C <br> Judge Sam R. Cummings |

## REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO ADD PARTIES AS PARTY-PLAINTIFFS

Defendant McCraw opposes the Plaintiffs' motion under Federal Rules of Civil Procedure 15 and 21 to amend the complaint to add three representative Texas NRA members as plaintiffs. Defendant argues that, unless discovery is extended for 46 days beyond the current May 16, 2011 cut-off date, Defendant will suffer "undue prejudice" if these plaintiffs are added. *See* Defendant's Opposition to Motion to Add Parties 2 ("Def. Opp."). But this dispute, and Defendant's opposition to the substitution of different plaintiffs, is not about discovery. Defendant has not sought *any* discovery at all since the case began, and in any event it still has sufficient time to conduct any reasonable discovery into the standing of the new named plaintiffs. Rather, Defendant's opposition is purely an excuse for Defendant gratuitously to smear James D'Cruz, a former Texas citizen who is withdrawing as a plaintiff from this case because his family has moved to

another state. Plaintiffs' Motion 1-2. Defendant's conduct is unworthy of the sovereign State of Texas, and the Court should grant the Plaintiffs' motion.

### I. Defendant's Claim of a Need For Belated Discovery.

On December 16, 2010, Defendant was granted an extension of the briefing and trial schedule of this case for purposes of discovery (to May 16, 2011). In its motion seeking an extension of discovery, Defendant specifically argued that it needed such discovery to challenge Plaintiff D'Cruz's standing and his qualifications for a Texas Concealed Handgun License. Br. In Support Of Def. Emergency Motion (Doc. No. 34-1) at 4. Yet after troubling this Court for that discovery extension – indeed, Defendant moved for it on an "emergency" basis – *Defendant has sought absolutely no discovery whatsoever.* In the intervening *seventeen weeks*, Defendant has not submitted to the Plaintiffs even one interrogatory, request for admission, deposition request, or any other discovery upon any plaintiff.

No discovery is needed with respect to James D'Cruz, who seeks to withdraw from this case because he is no longer a Texas resident. Indeed, Defendant does not oppose this aspect of the pending motion: Defendant communicated to Plaintiffs on March 28, 2011 – during counsel consultation before the instant motion was filed – that Defendant does not oppose Mr. D'Cruz's withdrawal. Plaintiffs' Motion 3 & Exh. B. *See also* Def. Opp. 4.

Even when Mr. D'Cruz was still a named plaintiff, Defendant apparently saw no need for any discovery pertaining to him or any other aspect of the case, as demonstrated by the fact that it never sought *any* discovery. Defendant states that it first looked into Mr. D'Cruz's standing in December 2010, Def. Opp. 2, 4, but it attaches exhibits

showing that in fact it examined Mr. D'Cruz's Facebook webpage earlier, on November 22, 2010.  Def. Opp. Exh. B (showing the page was downloaded by Defendant at 5:17 p.m. on that date).  This is the webpage that Defendant now, four months later, purports to find so disturbing.  Def. Opp. 3-4.  In the more than 10 weeks that elapsed between the Defendant's examination of Mr. D'Cruz's webpage on November 22, 2010, and its notification in February by Plaintiffs' counsel that Mr. D'Cruz had moved out of the state and would be withdrawing, Defendant sought no discovery whatsoever into the things it now finds so upsetting and so vital to the standing inquiry.

Nor does Defendant have any genuine need for more time for discovery as to the three additional NRA members who seek to join this case as named plaintiffs.  Defendant concedes that it was notified on February 10, 2011 that Plaintiffs would be moving to substitute other representative members of the NRA.  Def. Opp. 4.  Defendant's counsel made no effort even to learn the identity of the three members conferring associational standing on the NRA, let alone to take the discovery into their standing that Defendant now claims is so critical.  Indeed, the question of associational standing has been in the case from the outset; it is not a new issue arising for the first time with respect to the three new NRA members whom Plaintiffs seek to add as plaintiffs.  But in any event there is no prejudice: Defendant does not explain why the six week period from the filing of the proposed amended complaint to the scheduled close of discovery is insufficient to take the depositions of the three individuals in question.  And, as noted, Defendant had three months to learn the identity and take discovery of the three additional NRA members whose presence was brought to Defendant's attention in February.

## II.     Defendant's Gratuitous Attack on James D'Cruz

Unable to show any prejudice, Defendant engages in an unseemly attempt to smear the character of the original plaintiff, James D'Cruz, who has now moved to Florida with his family.  We emphasize at the outset that before he decided to participate in this lawsuit against Texas as a plaintiff, Texas agencies and political subdivisions had nothing but good things to say about Mr. D'Cruz.  He participated for four years in the Junior ROTC program sponsored by the U.S. Navy in conjunction with the public schools of Texas, achieving an officer's rank and responsibilities and winning numerous awards as a member of his JROTC unit's marksmanship team.  Amended Complaint ¶ 20.  He completed the training required by Texas law and was ranked – by an instructor certified by Defendant's own Department of Public Safety – as being in the top 5% to 8% of all students in that instructor's experience.  *Id.* at ¶ 24.   Both the principal and guidance counselor at his high school, who knew him personally, have testified to Mr. D'Cruz's good character, trustworthiness, politeness, discipline, and responsibility.  *See* Appendix to Reply Brief in Support of Plaintiffs' Motion to Add Parties as Party-Plaintiffs, pgs. 1-3.

Defendant isolates three passages snipped from scores of Facebook pages, which are full of repartee among Mr. D'Cruz and his friends exchanging what they wryly refer to as "words of wisdom," song lyrics, and quotations from the Bible, movies and other sources.  Defendant's Exh. B. at 11; *see id.* at 11 (quoting the New Testament); *id.* at 10 (quoting Winston Churchill).  The Defendant pretends to discern something sinister in a few of the quotations that Mr. D'Cruz shared with his friends, but this effort is unavailing.  To be sure, a few of Mr. D'Cruz's remarks are tasteless – perhaps offensive


– but that is hardly uncommon on the Facebook pages of high school and college students. For example, a passage paraphrasing Gandhi's observation that an eye for an eye leaves the whole world blind, Def. Exh. B. at 33, appears in isolation as one of Mr. D'Cruz's *bon mot*, not as part of some disturbing conversation; one of the other quotes is a loose paraphrase of General Sherman; the other is from an old black and white movie.

Similarly, Defendant tries to connect threats of violence to Mr. D'Cruz's posting on his webpage of the news that he was denied admission to West Point. Def. Opp. 3. (Although he was denied admission to West Point, Mr. D'Cruz was offered placement at the preparatory schools for both the Naval Academy and the Coast Guard Academy.) In any event the quoted reference is merely a tasteless comment about how bored Mr. D'Cruz was one evening in August of last year, and this posting appeared before (not after), and is unrelated to, the posting about his disappointing West Point news. Def. Exh. B. at 19. Defendant does not even assert, let alone demonstrate, that gun rights in Texas are regulated – or should be regulated – on the basis of comments on applicants' Facebook pages, rather than on such things as the applicant's status as a law-abiding citizen and his completion of the required, state-certified firearms training. Defendant cites no example of any Texas applicant for a gun license being investigated in this manner, let alone being denied a permit on such a basis.

### III.   Conclusion

In sum, Defendant's opposition to Plaintiffs' routine motion to amend the complaint to add additional named plaintiffs is meritless, and its gratuitous attempt to smear Mr. D'Cruz is shameful.

6

Dated April 26, 2011                                    Respectfully submitted,

| | |
|---|---|
| s/ Fernando M. Bustos | s/ Charles J. Cooper |
| Fernando M. Bustos | Charles J. Cooper* |
| State Bar No. 24001819 | David H. Thompson* |
| Zane J. Vaughn | Peter A. Patterson* |
| State Bar No. 24042087 | COOPER & KIRK, PLLC |
| LAW OFFICES OF FERNANDO M. BUSTOS, P.C. | 1523 New Hampshire Ave., NW |
| P.O. Box 1980 | Washington, D.C.  20036 |
| Lubbock, TX 79408-1980 | Tel: (202) 220-9600 |
| Tel: (806) 780-3976 | Fax: (202) 220-9601 |
| Fax: (806) 780-3800 | Email: ccooper@cooperkirk.com |
| Email: fbustos@bustoslawfirm.com | *Admitted *pro hac vice*. |

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

On April 26, 2011, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal rule of Civil Procedure 5 (b)(2).

<div style="text-align:right">

s/ Charles J. Cooper
Charles J. Cooper

</div>