## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## LUBBOCK DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| JAMES D'CRUZ; NATIONAL RIFLE | ) | |
| ASSOCIATION OF AMERICA, INC., | ) | |
| AMERICA, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 5:10-cv-00141-C |
| | ) | Judge Sam R. Cummings |
| STEVEN MCCRAW, in his | ) | |
| official capacity as Director of | ) | |
| the Texas Department of Public Safety, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### APPENDIX TO BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

### ORAL ARGUMENT REQUESTED

Fernando M. Bustos
State Bar No. 24001819
LAW OFFICES OF FERNANDO M. BUSTOS,
P.C.
P.O. Box 1980
Lubbock, TX 79408-1980
Tel: (806) 780-3976
Fax: (806) 780-3800
Email: fbustos@bustoslawfirm.com

Charles J. Cooper*
David H. Thompson*
Peter A. Patterson*
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
Email: ccooper@cooperkirk.com

Brian Koukoutchos*
28 Eagle Trace
Mandeville, LA 70471
Tel: (985) 626-5052
Email: bkoukoutchos@gmail.com

*Admitted *pro hac vice*.

*Counsel for Plaintiffs*

## **Table of Contents**

Declaration of Robert Marcario ............................................................................. App. 1

Declaration of Brennan Harmon ........................................................................... App. 4

Declaration of Rebekah Jennings ......................................................................... App. 9

Declaration of Andrew Payne .............................................................................. App. 15

Declaration of Joshua B. Felker .......................................................................... App. 20

Declaration of Bernard Lawson .......................................................................... App. 23

Declaration of John P. Levick .............................................................................. App. 26

Early State Militia Laws ...................................................................................... App. 30

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JAMES D'CRUZ; NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., AMERICA, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 5:10-cv-00141-C Judge Sam R. Cummings |
| STEVEN MCCRAW, in his official capacity as Director of the Texas Department of Public Safety, | ) ) ) ) | |
| Defendant. | ) ) | |

## DECLARATION OF ROBERT MARCARIO

I, Robert Marcario, make the following declaration pursuant to 28 U.S.C. § 1746:

1. I am a resident of Virginia and am over eighteen years of age. My statements herein are based upon personal knowledge and experience.

2. I am the Managing Director of Membership for the National Rifle Association. I have held this position since 1991. In this capacity, I have access to, and personal knowledge of, the NRA's membership information and practices.

3. Founded in 1871, the NRA is America's foremost and oldest defender of Second Amendment rights. Among other things, the NRA promotes the safe and responsible possession and carriage of firearms by law-abiding adults for lawful purposes, such as self-defense, target practice, marksmanship competition, and hunting. The NRA is America's leading provider of firearms marksmanship and safety training for both civilians and law enforcement. The NRA also collects

1

**App. 1**

and publishes real-life examples of citizens of all ages and from all walks of life whose lawful possession and carriage of firearms enabled them to protect themselves and others from violent criminals.

4.  The NRA has approximately four million members.

5.  The NRA does not ask or know the age of all of its members, but for members who joined as Junior Life Members (15 years of age or younger at the time of application), the NRA does ask their age at the time of the membership application. Thus, the NRA can report a minimum number of members who, based on their age at the time of acquiring Junior Life Memberships, are now 18 to 20 years of age. Likewise, the NRA can also report the number of members who, based on their age at the time of acquiring Junior Life Membership, are now 15 to 17 years of age and will thus turn 18 during the likely pendency of this litigation. It is important to stress, however, that these numbers are merely a minimum. Thousands of NRA members do not acquire life membership, but instead renew at regular intervals. Based on my personal observation and experience in the NRA, I can report that there are members between 18 and 20 years of age (and between 15 and 17 years of age) who do not report their age as part of their membership information.

6.  In Texas, the NRA has at least 710 members who are currently 18, 19, or 20 years of age, and at least 671 members who are currently 15, 16, or 17 years of age.

7.  Within the geographic region that is covered by the United States District Court for the Northern District of Texas, the NRA has at least 190 members who are currently 18, 19, or 20 years of age, and at least 194 members who are currently 15, 16, or 17 years of age.

**App. 2**

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND

CORRECT.

Executed on _5/3_ , 2011

Robert Marcario

3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

|  |  |  |
|---|---|---|
| JAMES D'CRUZ; NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., AMERICA, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 5:10-cv-00141-C Judge Sam R. Cummings |
| STEVEN MCCRAW, in his official capacity as Director of the Texas Department of Public Safety, | ) ) ) ) | |
| Defendant. | ) ) ) | |

## DECLARATION OF BRENNAN HARMON

I, Brennan Harmon, make the following declaration pursuant to 28 U.S.C. § 1746:

1.      I am a resident of the State of Texas and am over eighteen years of age.  My statements herein are based upon personal knowledge and experience.

2.      I am a nineteen year old female and I attend college in San Antonio, Texas.  I live in an off-campus apartment in San Antonio during the school year.  In the summer, I live with my parents in Dallas, Texas.

3.      I am a member of the National Rifle Association.

4.      My father and other members of my family have owned firearms, including long guns and handguns, for my entire life.  They have owned these firearms for several purposes, including self-defense, hunting, and sport.

**App. 4**

5.      Through my father's instruction, and through personal study, I am well acquainted with the proper and safe handling, use, and storage of firearms and ammunition.

6.      I am the owner of a rifle and a shotgun.  I do not find either the rifle or the shotgun sufficient for armed self-defense outside the home.  First, unlike a long gun, a handgun cannot be easily redirected or wrestled away by an attacker.  Second, I find a handgun easier to use and load, as the long guns require significant upper body strength and are not ideal for fast loading or accurate shooting in emergency situations.  Third, a long gun requires two hands for operation, whereas a handgun would leave one hand free to call the police while pointing the gun at an assailant.  Fourth, neither long gun is suitable for carriage outside the home (they are cumbersome and conspicuous), whereas a handgun is suitable for this purpose because of its size.

7.      Texas law generally prohibits a person from carrying a handgun outside of that person's premises or motor vehicle.  *See* Tex. Penal Code § 46.02(a).  While there is an exception to this prohibition for persons who have a Texas Concealed Handgun License (CHL), *see id.* § 46.15(b)(6), because I am under 21 and not a member of or honorably discharged from the armed forces I am not eligible to obtain a Texas CHL, *see* Tex. Gov't Code § 411.172(a)(2), (g).

8.      Because of these Texas laws, and because of my fear of being prosecuted for violating them, I currently do not carry a handgun outside of the home or motor vehicle for self-defense purposes.  If Texas law did not prohibit me from doing so, I would carry a handgun outside of the home for self-defense and other lawful purposes.

9.      For example, when visiting or staying with my parents, I sometimes meet friends at night in and around downtown Dallas.  I would carry a handgun for self-protection on such occasions

2

**App. 5**

if it was lawful for me to do so, and my father has indicated that he would lend me a handgun for that purpose.

10.    Aside from the age requirement, I meet all the requirements for obtaining a Texas CHL.

11.    On February 24, 2011, I completed a handgun safety course taught by a CHL instructor licensed by the Texas Department of Public Safety (DPS).  The course consisted of a total of approximately 8 hours of classroom instruction and approximately 2 hours of range instruction. The course culminated with administration of the written and range tests that are given to applicants for a CHL.  I passed the tests on my first attempt.

12.    On March 9, 2011, I visited the DPS website, which provides an electronic CHL application.  *See* https://www.texasonline.state.tx.us/txapp/txdps/chl/.  The website stated that to apply, I "must be at least 21 years of age or at least 18 years of age if currently serving in or honorably discharged from the military."  Solely because of my failure to meet the age requirement, I was thus unable to apply for and obtain a Texas CHL.  But for the age requirement, I would have obtained a Texas CHL and occasionally would carry a handgun as permitted by the license.

13.    Indeed, because Texas law requires CHL applicants to submit an affidavit "stating that the applicant …fulfills all the eligibility requirements" for obtaining a CHL, including the age requirement, Tex. Gov't Code § 411.174(a)(8)(B), Texas law prohibits me from even applying for a CHL.

14.    I have also completed a Texas CHL application form and attached it as an exhibit to this declaration.

3

**App. 6**

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND

CORRECT.

Executed on _May 5_, 2011

Brennan Harmon

4

**Texas Department of Public Safety**
Regulatory Services Division
www.txdps.state.tx.us

*MUST USE MOST CURRENT FORM*
*PRINT CLEARLY IN BLACK INK*
*MAKE SURE ENTIRE CIRCLE IS FILLED*

**CONCEALED HANDGUN LICENSING**

EXAMPLE  Yes ● No ○

# ORIGINAL APPLICATION

## APPLICANT INFORMATION

Have you previously applied for a Texas Concealed Handgun License and/or Qualified Instructor Certification? (REGARDLESS IF ISSUED, TERMINATED, DENIED OR STILL VALID)   Yes ○  No ●

**I am applying for:** (*APPLICANTS FOR QUALIFIED INSTRUCTORS CERTIFICATE ON MUST ATTACH CHL-90 FORM)

● Concealed Handgun License Only   ○ Qualified Instructor Certification Only (*SKIP *APPLICATION CONDITION* BELOW)   ○ Both

**Application Condition** (SEE INSTRUCTIONS FOR DETAILS)

○ Active Peace Officer   ○ Active Military   ○ Retired Judicial Officer   ○ Indigent
● Standard   ○ Retired Peace Officer   ○ Veteran/Retired Military   ○ Felony Prosecutor   ○ Senior Citizen (60+ YEARS OLD AT TIME OF APPLICATION)
○ Retired Federal Officer   ○ Active Judicial Officer   ○ Other Prosecutor

Applicant Last Name (*AS APPEARS ON DL/ID): **HARMON**   First Name: **BRENNAN**   M.I. **M**   Suffix (IF ANY)

● Driver License  ○ ID Card   Issuing State? (2-LETTER CODE) **TX**   DL/ID Number (PROVIDE COLOR COPY OF DL/ID) **26092216**   Date of Birth (MM/DD/YYYY) **06|17|1991**   SSN ████ **4044**

Place of Birth (CITY) **DALLAS**   (STATE) **TX**   (COUNTRY) **U.S.**   Born outside U.S. or U.S. Territory? Yes ○ No ●   *IF YES, attach legal status documentation.

## PERSONAL IDENTIFIERS

Gender: Male ○  Female ●

Height: **5** Ft. **2** In.

Weight: **130** Lbs.

**Race**
○ Asian/Pacific Islander
○ American Indian/Alaskan Native
○ Black
○ Other/Unknown
● White/Hispanic

**Eyes** (*MATCH DL/ID)
○ Black   ○ Hazel
○ Blue   ○ Maroon
○ Brown   ○ Multicolor
● Green   ○ Pink
○ Gray   ○ Unknown

**Hair** (*MATCH DL/ID)
○ Bald/Unknown   ○ Gray/Partially
○ Black   ○ Red/Auburn
● Blonde/Strawberry   ○ Sandy
○ Brown   ○ White

## CONTACT INFORMATION

Residence Address (NO PO BOXES. MUST BE A PHYSICAL ADDRESS) **10216 CHISHOLM TRAIL**

City **DALLAS**   State (2-LETTER CODE) **TX**   ZIP **75243**

Have you lived at this residence address for the previous 5 years and is this the only residence information for the previous 5 years (60 months)?   Yes ○  No ○  *If NO, please fill out and attach Supplement CHL-78B

Is your mailing address different from the Residence Address listed above?   Yes ○  No ○  *If YES, provide mailing address in space below

Mailing Address (IF APPLICABLE) **P.O. BOX 180667**

City **DALLAS**   State (2-LETTER CODE) **TX**   ZIP **75218**

Are you currently employed and do you have an employment address different from the address listed above?   Yes ○  No ○  *If YES, provide employment address in space below

Employer Name/Address

City   State (2-LETTER CODE)   ZIP

Is this the only employment information for the previous 5 years (60 months)?   Yes ○  No ○  *If NO, please fill out and attach Supplement CHL-78B

Applicant Contact Phone Number ( )   Applicant Alternate Number (OPTIONAL) ( )

Applicant Email (ONLY FOR CONTACT PURPOSES REGARDING THIS APPLICATION)

## REPORTED HISTORY

Have you ever been **arrested or charged** with a crime? (Regardless if pending, dismissed, committed as a juvenile, was long ago OR was in another state.)   Yes ○  No ●  *If YES, please fill out and attach Supplement CHL-78C

Have you ever been **treated and/or admitted** to a facility for drug, alcohol and/or psychiatric care; OR been **diagnosed** as suffering from a psychiatric disorder or condition that causes or is likely to cause substantial impairment in judgment, mood, perception, impulse control, or intellectual ability; OR **pled** innocent by reason of insanity; OR **been found** mentally incompetent; OR had court ordered outpatient treatment?   Yes ○  No ●  *If YES, please fill out and attach Supplement CHL-78C

I verify that the information provided is true and correct, and I understand that any required fee is **non-refundable**. I also understand that this is an **official Government record** and that any missing information and/or false statement made on this document or any other supplement provided to the Department will cause a **delay** in the processing of my application and may result in **criminal prosecution**.

Applicant Signature _____   Date **05/04/2011**

CHL-78A (Rev. 08/2010)   FORM

**App. 8**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

| | | |
|---|---|---|
| **JAMES D'CRUZ; NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., AMERICA, INC.,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) ) | |
| **v.** | ) ) | **Case No. 5:10-cv-00141-C** |
| **STEVEN MCCRAW, in his official capacity as Director of the Texas Department of Public Safety,** | ) ) ) ) ) | **Judge Sam R. Cummings** |
| **Defendant.** | ) ) | |

## DECLARATION OF REBEKAH JENNINGS

I, Rebekah Jennings, make the following declaration pursuant to 28 U.S.C. § 1746:

1.       I am a resident of the State of Texas and am over eighteen years of age. My statements herein are based upon personal knowledge and experience.

2.       I am a twenty-year-old female and reside in Boerne, Texas. I attend college in San Antonio, Texas.

3.       I am a member of the National Rifle Association.

4.       At the age of 13, I began competitive pistol shooting. I have been a member of the U.S. Olympic Development Team for pistol shooting and a member of the Texas State Rifle Association Junior National Team. Every year since 2005, I have attended the NRA National Shooting Championship as a member of the TSRA Junior Team. Either I, or the relay team of which I am a part, has broken seven national shooting records.

1

**App. 9**

5.      Because I engage in competitive shooting, I have spent thousands of hours practicing the safe and effective use of handguns. I have spent hundreds of hours discussing proper pistol technique with experts in the field. I have also taken a firearms course in home safety and defense. Given this background, I can confidently state that I am extremely well-trained and well-versed in the responsible, proper, safe, and proficient use of handguns for self-defense and other lawful purposes.

6.      Although I do not own any firearms of my own, I use my father's pistols to practice my shooting.

7.      I believe handguns are a useful tool for self-defense, and I desire to carry a handgun outside of the home for self-defense and other lawful purposes.

8.      Texas law generally prohibits a person from carrying a handgun outside of that person's premises or motor vehicle. *See* Tex. Penal Code § 46.02(a). While there is an exception to this prohibition for persons who have a Texas Concealed Handgun License (CHL), *see id.* § 46.15(b)(6), because I am under 21 and am neither a member of nor honorably discharged from the armed forces I am not eligible to obtain a Texas CHL, *see* Tex. Gov't Code § 411.172(a)(2), (g).

9.      Because of these Texas laws, and because of my fear of being prosecuted for violating them, I currently do not carry a handgun outside of the home or motor vehicle for self-defense purposes. If Texas law did not prohibit me from doing so, I would carry a handgun outside of the home for self-defense and other lawful purposes.

10.    For example, I would like to carry a handgun when attending open-air art shows held in downtown San Antonio on Friday evenings. To reach the streets where the shows are held, I must walk from where I park through downtown San Antonio, and I must do the same to return

2

to the car after leaving the show. For safety reasons, I typically do not attend the shows alone. If it was lawful for me to do so, I would borrow one of my father's handguns and carry it for self-protection when attending the art shows. My father has agreed to lend me a handgun for such purposes.

11.     Aside from the age requirement, I meet all the requirements for obtaining a Texas CHL.

12.     On February 27, 2011, I completed a handgun safety course taught by a CHL instructor licensed by the Texas Department of Public Safety (DPS). The course consisted of a total of at least 10 hours of classroom instruction and range instruction. The course culminated with administration of the written and range tests that are given to applicants for a CHL. I passed the tests on my first attempt, scoring 98% on the written examination and 100% on the range examination.

13.     On March 9, 2011, I visited the DPS website, which provides an electronic CHL application. *See* https://www.texasonline.state.tx.us/txapp/txdps/chl/. The website stated that to apply, I "must be at least 21 years of age or at least 18 years of age if currently serving in or honorably discharged from the military." Solely because of my failure to meet the age requirement, I was thus unable to apply for and obtain a Texas CHL. But for the age requirement, I would have obtained a Texas CHL and occasionally would carry a handgun as permitted by the license.

14.     Indeed, because Texas law requires CHL applicants to submit an affidavit "stating that the applicant ...fulfills all the eligibility requirements" for obtaining a CHL, including the age requirement, Tex. Gov't Code § 411.174(a)(8)(B), Texas law prohibits me from even applying for a CHL.

3

**App. 11**

15.    I have completed a Texas CHL application form and attached it as an exhibit to this

declaration.

4

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on $\underline{5/08}$ _____, 2011

Rebekah Jennings

5

# Texas Department of Public Safety
## Regulatory Services Division
www.txdps.state.tx.us

**CONCEALED HANDGUN LICENSING**

- PRINT CLEARLY IN BLACK INK
- MAKE SURE ENTIRE CIRCLE IS FILLED

**EXAMPLE:**
Yes ● No ○

## ORIGINAL APPLICATION

### APPLICANT INFORMATION
Have you previously applied for a Texas Concealed Handgun License and/or Qualified Instructor Certification? (REGARDLESS IF ISSUED, TERMINATED, DENIED OR STILL VALID)   Yes ○   No ●

**I am applying for:** (*APPLICANTS FOR QUALIFIED INSTRUCTORS CERTIFICATION MUST ATTACH CHL-90 FORM)

● Concealed Handgun License Only   ○ Qualified Instructor Certification Only   ○ Both
(*SKIP APPLICATION CONDITION BELOW)

[ THE ABOVE SPACE IS RESERVED FOR OFFICE USE ONLY ]

**Application Condition** (SEE INSTRUCTIONS FOR DETAILS)
● Standard

○ Active Peace Officer
○ Retired Peace Officer
○ Retired Federal Officer

○ Active Military
○ Veteran/Retired Military
○ Active Judicial Officer

○ Retired Judicial Officer
○ Felony Prosecutor
○ Other Prosecutor

○ Indigent
○ Senior Citizen(60+ YEARS OLD AT TIME OF APPLICATION)

**Applicant Last Name** (*AS APPEARS ON DL/ID)   Jernings
**First Name**   Rebekah
**M.I.**   D
**Suffix** (IF ANY)

● Driver License   ○ ID Card
**Issuing State?** (2-LETTER CODE)   TX
**DL/ID Number** (*PROVIDE COLOR COPY OF D./ID)   24355030
**Date of Birth** (MM/DD/YYYY)   03/22/1991
**SSN**   0010

**Place of Birth**   **(CITY)** San Antonio   **(STATE)** TX   **(COUNTRY)** USA
**Born outside U.S. or U.S. Territory?**   Yes ○   No ●   *If YES, attach legal status documentation.

### PERSONAL IDENTIFIERS
**Gender**   Male ○   Female ●

**Race**
○ Asian/Pacific Islander
○ American Indian/Alaska Native
○ Black
○ Other/Unknown
● White/Hispanic

**Height**   5 Ft. 6 In.
**Weight**   130 Lbs.

**Eyes** (*MATCH DL/ID)
○ Black
○ Blue
● Brown
○ Green
○ Gray

○ Hazel
○ Maroon
○ Multicolor
○ Pink
○ Unknown

**Hair** (*MATCH DL/ID)
○ Bald/Unknown
○ Black
○ Blonde/Strawberry
● Brown

○ Gray/Partially
○ Red/Auburn
○ Sandy
○ White

### CONTACT INFORMATION
**Residence Address** (NO PO BOXES. MUST BE A PHYSICAL ADDRESS)   139 Ranch Dr.
**City** Boerne   **State** (2-LETTER CODE) TX   **ZIP** 78015

Have you lived at this residence address for the previous 5 years and is this the only residence information for the previous 5 years (60 months)?   Yes ●   No ○   *If NO, please fill out and attach Supplement CHL-78B

Is your mailing address different from the Residence Address listed above?   Yes ○   No ●   *If YES, provide mailing address in space below

**Mailing Address** (IF APPLICABLE)
**City**   **State** (2-LETTER CODE)   **ZIP**

Are you currently employed and do you have an employment address different from the address listed above?   Yes ○   No ○   *If YES, provide employment address in space below

**Employer Name/Address**   Home Depot, 633 W. Bandera Rd.
**City** Boerne   **State** (2-LETTER CODE) TX   **ZIP** 78006

Is this the only employment information for the previous 5 years (60 months)?   Yes ○   No ●   *If NO, please fill out and attach Supplement CHL-78B

**Applicant Contact Phone Number**   (210) 834-0191
**Applicant Alternate Number** (OPTIONAL)   ( )
**Applicant Email** (ONLY FOR CONTACT PURPOSES REGARDING THIS APPLICATION)   bekah.spam@gmail.com

### REPORTED HISTORY
Have you ever been **arrested or charged** with a crime? (Regardless if pending, dismissed, committed as a juvenile, was long ago OR was in another state.)   Yes ○   No ●   *If YES, please fill out and attach Supplement CHL-78C

Have you ever been **treated and/or admitted** to a facility for drug, alcohol or psychiatric care; OR been **diagnosed** as suffering from a psychiatric disorder or condition that causes or is likely to cause substantial impairment in judgment, mood, perception, impulse control, or intellectual ability; OR **pled** innocent by reason of insanity; OR **been found** mentally incompetent; OR had court ordered outpatient treatment?   Yes ○   No ●   *If YES, please fill out and attach Supplement CHL-78C

I verify that the information provided is true and correct, and I understand that any required fee is **non-refundable**. I also understand that this is an **official Government record** and that any missing information and/or false statement made on this document or any other supplement provided to the Department will cause a **delay** in the processing of my application and may result in **criminal prosecution.**

**Applicant Signature**   _(signature)_
**Date** 05/08/2011

CHL-78A (Rev. 08/2010)
FORM

THIS SIDE SPACE IS RESERVED FOR OFFICE USE ONLY

**App. 14**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION**

|  |  |  |
|---|---|---|
| **JAMES D'CRUZ; NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., AMERICA, INC.,** | ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **Case No. 5:10-cv-00141-C** **Judge Sam R. Cummings** |
| **STEVEN MCCRAW, in his official capacity as Director of the Texas Department of Public Safety,** | ) ) ) ) | |
| **Defendant.** | ) ) ) | |

## DECLARATION OF ANDREW PAYNE

I, Andrew Payne, make the following declaration pursuant to 28 U.S.C. § 1746:

1.      I am a resident of Lubbock, Texas and am eighteen years of age.  My statements herein are based upon personal knowledge and experience.

2.      I am a member of the National Rifle Association.

3.      I regularly accompany my father on visits to a shooting range.  We also hunt together. These experiences have provided me with training in the proper and safe handling of firearms, including handguns.  I take firearms safety seriously and I understand the appropriate uses of firearms.  I do not, and would not, use a firearm for an inappropriate or illegal purpose.

4.      I believe that I have the right to self-defense, and that use of arms is the most effective method of self-defense in some circumstances.

1

**App. 15**

5.      Although I own two long guns, I do not carry them outside the home for self-defense. Long guns are cumbersome and conspicuous and thus not suitable for carriage outside the home for this purpose.

6.      Texas law generally prohibits a person from carrying a handgun outside of that person's premises or motor vehicle.  *See* Tex. Penal Code § 46.02(a).  While there is an exception to this prohibition for persons who have a Texas Concealed Handgun License (CHL), *see id.* § 46.15(b)(6), because I am under 21 and not a member of or honorably discharged from the armed forces I am not eligible to obtain a Texas CHL, *see* Tex. Gov't Code § 411.172(a)(2), (g).

7.      Because of these Texas laws, and because of my fear of being prosecuted for violating them, I currently do not carry a handgun outside of the home or motor vehicle for self-defense purposes.  If Texas law did not prohibit me from doing so, I would carry a handgun outside of the home for self-defense and other lawful purposes.

8.      For example, I sometimes go to a Wal-Mart store located in an area of town where I would feel safer carrying a handgun for self-protection.  If legally permitted to do so, I would carry my father's handgun when patronizing this Wal-Mart.

9.      Aside from the age requirement, I meet all the requirements for obtaining a Texas CHL.

10.     On February 13, 2011, I completed a handgun safety course taught by a CHL instructor licensed by the Texas Department of Public Safety (DPS).  The course consisted of a total of approximately 8.5 hours of classroom instruction and 1.5 hours of range instruction.  The course culminated with administration of the written and range tests that are given to applicants for a CHL.  I passed the tests on my first attempt, scoring 100% on the written examination and 96.8% on the range examination.

**App. 16**

11.     On February 17, 2011, I visited the DPS website, which provides an electronic CHL application.  *See* https://www.texasonline.state.tx.us/txapp/txdps/chl/.  The website stated that to apply, I "must be at least 21 years of age or at least 18 years of age if currently serving in or honorably discharged from the military."  Solely because of my failure to meet the age requirement, I was thus unable to apply for and obtain a Texas CHL.  But for the age requirement, I would have obtained a Texas CHL and occasionally would carry a handgun as permitted by the license.

12.     Indeed, because Texas law requires CHL applicants to submit an affidavit "stating that the applicant …fulfills all the eligibility requirements" for obtaining a CHL, including the age requirement, Tex. Gov't Code § 411.174(a)(8)(B), Texas law prohibits me from even applying for a CHL.

13.     I have also completed a Texas CHL application form and attached it as an exhibit to this declaration.

**App. 17**

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND

CORRECT.

Executed on ___May   10_____, 2011

Andrew Payne

Andrew Payne

**App. 18**

**Texas Department of Public Safety**
**Regulatory Services Division**
www.txdps.state.tx.us

- MUST USE MOST CURRENT FORM
- PRINT CLEARLY IN BLACK INK
- MAKE SURE ENTIRE CIRCLE IS FILLED

**CONCEALED HANDGUN LICENSING**

EXAMPLE: Yes ● No ○

## ORIGINAL APPLICATION

### APPLICANT INFORMATION

Have you previously applied for a Texas Concealed Handgun License and/or Qualified Instructor Certification? (REGARDLESS IF ISSUED, TERMINATED, DENIED OR STILL VALID)   Yes ○  No ●

I am applying for: (*APPLICANTS FOR QUALIFIED INSTRUCTORS CERTIFICATION MUST ATTACH CHL-90 FORM)

● Concealed Handgun License Only   ○ Qualified Instructor Certification Only (*SKIP APPLICATION CONDITION BELOW)   ○ Both

L. THE ABOVE SPACE IS RESERVED FOR OFFICE USE ONLY J

**Application Condition** (SEE INSTRUCTIONS FOR DETAILS) ● Standard
○ Active Peace Officer  ○ Retired Peace Officer  ○ Retired Federal Officer
○ Active Military  ○ Veteran/Retired Military  ○ Active Judicial Officer
○ Retired Judicial Officer  ○ Felony Prosecutor  ○ Other Prosecutor
○ Indigent  ○ Senior Citizen (60+ YEARS OLD AT TIME OF APPLICATION)

**Applicant Last Name** (*AS APPEARS ON DL/ID) Payne   **First Name** Andrew   **M.I.** M   **Suffix** (IF ANY)

● Driver License ○ ID Card   **Issuing State?** (2-LETTER CODE) Tx   **DL/ID Number** (*PROVIDE COLOR COPY OF DL/ID) 27432766   **Date of Birth** (MM/DD/YYYY) 07/30/1992   **SSN** ____2546

**Place of Birth** (CITY) Lubbock (STATE) TX (COUNTRY) United States   **Born outside U.S. or U.S. Territory?** Yes ○ No ●  *If YES, attach legal status documentation.

### PERSONAL IDENTIFIERS

**Gender** Male ● Female ○
**Height** 6 Ft. 0 In.
**Weight** 243 Lbs.

**Race** ○ Asian/Pacific Islander ○ American Indian/Alaskan Native ○ Black ○ Other/Unknown ● White/Hispanic

**Eyes** (*MATCH DL/ID) ○ Black ● Blue ○ Brown ○ Green ○ Gray ○ Hazel ○ Maroon ○ Multicolor ○ Pink ○ Unknown

**Hair** (*MATCH DL/ID) ○ Bald/Unknown ○ Black ○ Blonde/Strawberry ○ Brown ○ Gray/Partially ○ Red/Auburn ● Sandy ○ White

### CONTACT INFORMATION

**Residence Address** (NO PO BOXES. MUST BE A PHYSICAL ADDRESS) 4507 76th street
**City** Lubbock **State** TX **ZIP** 79424

Have you lived at this residence address for the previous 5 years and is this the only residence information for the previous 5 years (60 months)?  Yes ● No ○ *If NO, please fill out and attach Supplement CHL-78B

Is your mailing address different from the Residence Address listed above?  Yes ○ No ● *If YES, provide mailing address in space below

**Mailing Address** (IF APPLICABLE)
**City** **State** **ZIP**

Are you currently employed and do you have an employment address different from the address listed above?  Yes ○ No ● *If YES, provide employment address in space below

**Employer Name/Address**
**City** **State** **ZIP**

Is this the only employment information for the previous 5 years (60 months)?  Yes ● No ○ *If NO, please fill out and attach Supplement CHL-78B

**Applicant Contact Phone Number** (806) 784-0172   **Applicant Alternate Number** (OPTIONAL) (806) 777-2921

**Applicant Email** (ONLY FOR CONTACT PURPOSES REGARDING THIS APPLICATION) brabbit-Sooner@suddenlink.net

### REPORTED HISTORY

Have you ever been arrested or charged with a crime? (Regardless if pending, dismissed, committed as a juvenile, was long ago OR was in another state.)  Yes ○ No ●  *If YES, please fill out and attach Supplement CHL-78C

Have you ever been treated and/or admitted to a facility for drug, alcohol and/or psychiatric care; OR been diagnosed as suffering from a psychiatric disorder or condition that causes or is likely to cause substantial impairment in judgment, mood, perception, impulse control, or intellectual ability; OR pled innocent by reason of insanity; OR been found mentally incompetent; OR had court ordered outpatient treatment?  Yes ○ No ●  *If YES, please fill out and attach Supplement CHL-78C

I verify that the information provided is true and correct, and I understand that any required fee is non-refundable. I also understand that this is an official Government record and that any missing information and/or false statement made on this document or any other supplement provided to the Department will cause a delay in the processing of my application and may result in criminal prosecution.

**Applicant Signature** Andrew Payne   **Date** 03/10/2011

CHL-78A (Rev. 08/2010)   FORM

**App. 19**

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION**

| | | |
|---|---|---|
| **JAMES D'CRUZ; NATIONAL RIFLE** | § | |
| **ASSOCIATION OF AMERICA, INC.** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **CASE NO. 5:10-CV-141-C** |
| | § | |
| **STEVEN MCCRAW,** | § | |
| *Defendant*. | § | |

**DECLARATION OF JOSHUA B. FELKER**

I, Joshua B. Felker, make the following declaration pursuant to 28 U.S.C. § 1746:

1.      I am a resident of Cibolo, TX.  I am over eighteen years of age and my statements herein are based on personal knowledge.

2.      I am a Full Time Firearms Instructor.

3.      I am certified by the Texas Department of Public Safety as a Concealed Handgun License Qualified Handgun Instructor.  I first obtained my certification in 2005 and have been certified continuously since that time.

4.      I am a Level 3 Firearms instructor for Texas Private Security Bureau.

5.      I am a former US Army Infantry Officer with a combat tour in Iraq.

6.      I am certified by the National Rifle Association as Certified Pistol Instructor and have been certified as a Range Development & Operations expert.

7.      Pursuant to Texas law, an applicant for a Concealed Handgun License ("CHL") must "submit to [the Texas Department of Public Safety] … evidence of handgun proficiency."  TEX. GOV'T CODE § 411.174(a)(7).  Each applicant must take "a course … [in] handgun proficiency" and pass "examinations to measure handgun proficiency."  *Id.* §411.188(a).  "The course to teach handgun proficiency … contain[s] training sessions divided into two parts."  *Id.*  "One part of the

1

**App. 20**

course … [consists of] classroom instruction and the other part … [consists of] range instruction and an actual demonstration by the applicant of the applicant's ability to safely and proficiently use the applicable category of handgun." *Id.* "An applicant must be able to demonstrate, at a minimum, the degree of proficiency that is required to effectively operate a handgun of .32 caliber or above." *Id.* "The handgun proficiency course must include at least 10 hours … of instruction on: (1) the laws that relate to weapons and to the use of deadly force; (2) handgun use, proficiency, and safety; (3) nonviolent dispute resolution; and (4) proper storage practices for handguns with an emphasis on storage practices that eliminate the possibility of accidental injury to a child." *Id.* §411.188(b).

8.      I have been providing the handgun-proficiency training required by Texas law for more than six years and have instructed more than 10,000 students.

9.      The Texas Department of Public Safety has promulgated further rules, standards, and guidelines for CHL training and proficiency testing.  The training courses and examinations I offer are fully consistent with those rules, standards, and guidelines.

10.     CHL applicants must achieve 70% or better on both (i) a written exam and (ii) a range exam during which the applicant must demonstrate proper handgun technique and proficiency at a firing range.  An applicant may attempt each test three times to achieve the required score.

11.     On 24 February 2011, I administered to Ms. Brennan Harmon the training courses and examinations required to obtain a Texas CHL.  The course consisted of approximately eight hours of classroom instruction and two hours of range instruction.

12.     On her first attempt, Ms. Harmon passed both the written exam and range proficiency test. She demonstrated she has a good understanding of firearms fundamentals as well as Texas laws.

**App. 21**

13.     For an applicant who (i) successfully completes the required training and passes the required examinations and (ii) appears to meet all other qualifications (such as having attained at least 21 years of age), a CHL Instructor issues a CHL-100 form, which shows a score of "pass." The applicant is then able to submit the CHL-100 form to the Texas Department of Public Safety as "evidence of handgun proficiency."  TEX. GOV'T CODE § 411.174(a)(7).

14.     I issued her a CHL-100 to Ms. Harmon as she had successfully completed the training and passed both the written and proficiency exam.

15.     I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on 14 March, 2011.

Joshua B Felker

**App. 22**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JAMES D'CRUZ; NATIONAL RIFLE | § | |
| ASSOCIATION OF AMERICA, INC. | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CASE NO. 5:10-CV-141-C |
| | § | |
| STEVEN MCCRAW, | § | |
| Defendant. | § | |

DECLARATION OF BERNARD LAWSON

I, Bernard Lawson, make the following declaration pursuant to 28 U.S.C. § 1746:

1.      I am a resident of San Antonio, TX. I am over eighteen years of age and my statements

herein are based on personal knowledge.

2.      I am employed as a national security analyst and a firearms instructor.

3.      I am certified by the Texas Department of Public Safety as a Concealed Handgun License

Qualified Handgun Instructor, and thus I am certified to provide concealed handgun training and

certification for the Texas Concealed Handgun License ("CHL"). I first obtained my

certification in 2006 and have been certified continuously since that time.

4.      I own the Texas Concealed Handgun Academy, which provides firearms training and

concealed handgun certification for the State of Texas.

5.      Pursuant to Texas law, an applicant for a CHL must "submit to [the Texas Department of

Public Safety] … evidence of handgun proficiency." TEX. GOV'T CODE § 411.174(a)(7). Each

applicant must take "a course … [in] handgun proficiency" and pass "examinations to measure

handgun proficiency." *Id.* §411.188(a). "The course to teach handgun proficiency … contain[s]

training sessions divided into two parts." *Id.* "One part of the course … [consists of] classroom

instruction and the other part … [consists of] range instruction and an actual demonstration by

1

**App. 23**

the applicant of the applicant's ability to safely and proficiently use the applicable category of handgun." *Id.* "An applicant must be able to demonstrate, at a minimum, the degree of proficiency that is required to effectively operate a handgun of .32 caliber or above." *Id.* "The handgun proficiency course must include at least 10 hours ... of instruction on: (1) the laws that relate to weapons and to the use of deadly force; (2) handgun use, proficiency, and safety; (3) nonviolent dispute resolution; and (4) proper storage practices for handguns with an emphasis on storage practices that eliminate the possibility of accidental injury to a child." *Id.* §411.188(b).

6.      I have been providing the handgun-proficiency training required by Texas law for more than five years and have instructed more than 3,000 students.

7.      The Texas Department of Public Safety has promulgated further rules, standards, and guidelines for CHL training and proficiency testing. The training courses and examinations I offer are fully consistent with those rules, standards, and guidelines.

8.      CHL applicants must achieve 70% or better on both (i) a written exam and (ii) a range exam during which the applicant must demonstrate proper handgun technique and proficiency at a firing range. An applicant may attempt each test three times to achieve the required score.

9.      Over the years, several CHL applicants I have tested have required more than one attempt before they could achieve the required 70% on the range test.

10.     On February 27, 2011, I administered to Ms. Rebekah Jennings the training courses and examinations required to obtain a Texas CHL. The course consisted of approximately 6 hours of classroom instruction and 4 hours of range instruction.

11.     On her first attempt, Ms. Jennings achieved a score of 98% on the written examination and a score of 100% (or 250/250) on the range examination. In other words, Ms. Jennings easily demonstrated the handgun proficiency required under Texas law before a person may be issued a

2

**App. 24**

Concealed Handgun License. Indeed, in terms of knowledge and skill of safe and proper handling of handguns, I would place Ms. Jennings in the top 5% of students I have instructed over five years.

12.     For an applicant who (i) successfully completes the required training and passes the required examinations and (ii) appears to meet all other qualifications (such as having attained at least 21 years of age), a CHL Instructor issues a CHL-100 form, which shows a score of "pass." The applicant is then able to submit the CHL-100 form to the Texas Department of Public Safety as "evidence of handgun proficiency." TEX. GOV'T CODE § 411.174(a)(7).

13.     Original applicants for a Texas CHL may submit a CHL-100 form that is up to two years old. Because Ms. Jennings will turn 21 within two years of when she took her training course, I issued her a CHL-100 form when she successfully completed the course and passed the required examinations.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on    May, 13, 2011.

Bernard Lawson

3

**App. 25**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JAMES D'CRUZ; NATIONAL RIFLE | § | |
| ASSOCIATION OF AMERICA, INC. | § | |
|     *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **CASE NO. 5:10-CV-141-C** |
| | § | |
| STEVEN MCCRAW, | § | |
|     *Defendant*. | § | |

**DECLARATION OF JOHN P. LEVICK**

I, John P. LeVick, make the following declaration pursuant to 28 U.S.C. § 1746:

1.     I am a resident of Hockley County, Texas.  I am over eighteen years of age and my statements herein are based on personal knowledge.

2.     I am an attorney licensed to practice law in the states of Texas, New Mexico, and Oklahoma.

3.     I am certified by the Texas Department of Public Safety as a Concealed Handgun License Qualified Handgun Instructor.  I first obtained my certification in 1995 and have been certified continuously since that time.

4.     I have obtained an "A" classification (Open Class) from the United States Practical Shooting Association ("USPSA"), a national organization that promotes safe and fair competition in practical shooting (that is, shooting that simulates effective and accurate real-life self-defense situations).  USPSA grants "A" classifications to those marksmen who have obtained competition scores as good or better than 75% of all competitors, based on a collection of thousands of scores recorded on a monthly basis.

5.     I have obtained an "Expert" ranking (Custom Defensive Pistol and Stock Service Pistol divisions) from the International Defensive Pistol Association, the governing body of a shooting sport that simulates self-defense scenarios and real-life encounters.

1

**App. 26**

6.      I am certified by the National Rifle Association as a Small Bore Pistol Expert.

7.      Pursuant to Texas law, an applicant for a Concealed Handgun License ("CHL") must "submit to [the Texas Department of Public Safety] … evidence of handgun proficiency."  TEX. GOV'T CODE § 411.174(a)(7).  Each applicant must take "a course … [in] handgun proficiency" and pass "examinations to measure handgun proficiency."  *Id.* §411.188(a).  "The course to teach handgun proficiency … contain[s] training sessions divided into two parts."  *Id.*  "One part of the course … [consists of] classroom instruction and the other part … [consists of] range instruction and an actual demonstration by the applicant of the applicant's ability to safely and proficiently use the applicable category of handgun."  *Id.*   "An applicant must be able to demonstrate, at a minimum, the degree of proficiency that is required to effectively operate a handgun of .32 caliber or above."  *Id.*  "The handgun proficiency course must include at least 10 hours … of instruction on: (1) the laws that relate to weapons and to the use of deadly force; (2) handgun use, proficiency, and safety; (3) nonviolent dispute resolution; and (4) proper storage practices for handguns with an emphasis on storage practices that eliminate the possibility of accidental injury to a child."  *Id.* §411.188(b).

8.      I have been providing the handgun-proficiency training required by Texas law for more than fifteen years and have instructed more than 300 students.

9.      The Texas Department of Public Safety has promulgated further rules, standards, and guidelines for CHL training and proficiency testing.  The training courses and examinations I offer are fully consistent with those rules, standards, and guidelines.

10.      CHL applicants must achieve 70% or better on both (i) a written exam and (ii) a range exam during which the applicant must demonstrate proper handgun technique and proficiency at a firing range.  An applicant may attempt each test three times to achieve the required score.

**App. 27**

11.     Over the years, several CHL applicants I have tested have required more than one attempt before they could achieve the required 70% on the range test.

12.     On February 13, 2011, I administered to Andrew Payne the training courses and examinations required to obtain a Texas CHL.  The course consisted of approximately 8.5 hours of classroom instruction and 1.5 hours of range instruction.

13.     On his first attempt, Mr. Payne achieved a score of 100% on the written examination and a score of 96.8% (or 242/250) on the range examination.  In other words, Mr. Payne easily demonstrated the handgun proficiency required under Texas law before a person may be issued a Concealed Handgun License.  Indeed, in terms of knowledge and skill of safe and proper handling of handguns, I would place Mr. Payne in the top 3-5% of students I have instructed over fifteen years.

14.     For an applicant who (i) successfully completes the required training and passes the required examinations and (ii) appears to meet all other qualifications (such as having attained at least 21 years of age), a CHL Instructor issues a CHL-100 form, which shows a score of "pass." The applicant is then able to submit the CHL-100 form to the Texas Department of Public Safety as "evidence of handgun proficiency."  TEX. GOV'T CODE § 411.174(a)(7).

15.     If Texas law permitted eighteen-year-olds to apply for a Texas CHL, I would have issued Mr. Payne the CHL-100 form, which he could have used to successfully complete the application for a Texas CHL.  Solely because Mr. Payne did not meet the age requirement, I did not issue to him the CHL-100 form.


I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on February 16, 2011.

3

**App. 28**

John P. LeVick

4

# Early State Militia Laws

| State | Relevant Statutory Text | Source |
|---|---|---|
| Connecticut | Be it Enacted…That all male Persons, from sixteen Years of Age to Forty-five, shall constitute the Military Force of this State…And be it further Enacted, That all such as belong to the Infantry Companies, and Householders under fifty-five Years of Age, shall, at all Times be furnished at their own Expence, with a well fixed Musket, the Barrel not less than three Feet and an Half long, and a Bayonet fitted thereto, with a Sheath and Belt or Strap for the same, with a Ram-rod, Worm, Priming-wire and Brush, one Cartouch-box carrying fifteen rounds of Cartridges, made with good Musket Powder and Ball, fitting his Gun, six good Flints, and each Militia Man one Canteen holding not less than three Pints, upon Penalty of forfeiting and paying a Fine of Three Shillings for want of such Arms and Ammunition as is hereby required, and One Shilling for each Defect, and the like Sum or Sums for every four Weeks he shall remain unprovided….And be it further enacted, That every Light-Dragoon shall always be provided with…a Case of good Pistols…one Pound of good Powder, three Pounds of sizable Bullets, twelve Flints, a good pair of Boots and Spurs, on Penalty of Three Pounds for want of such Horse, and the Value of each other Article in which he shall be deficient. | An Act for Forming, Regulating, and Conducting the Military Force of this State (Conn. 1786) *in* ACTS AND LAWS OF THE STATE OF CONNECTICUT IN AMERICA 144, 150 (1786). |
| Delaware | §7 And be it enacted, That every person between the ages of eighteen and fifty, or who may hereafter attain to the age of eighteen years, except as before excepted, whose public taxes may amount to twenty shillings a year, shall at his own expence, provide himself; and every apprentice, or other person of the age of eighteen and under twenty-one years, who hath an estate of the value of eighty pounds, or whose parent shall pay six pounds annually towards the public taxes, shall by his parent or guardian respectively be provided with a musket or firelock, with a bayonet, a cartouch box to contain twenty three cartridges, a priming wire, a brush and six flints, all in good order, on or before the first day of April next, under the penalty of forty shillings, and shall keep the same by him at all times, ready and fit for service, under the penalty of two shillings and six pence for each neglect or default thereof on every muster day, | An Act for Establishing a Militia, §§7-8, 1785 Del. Laws 59. |

**App. 30**

|  | to be paid by such person if of full age or by the parent or guardian of such as are under twenty-one years, the same arms and accoutrements to be charged by the guardian to his ward, and allowed at settling the accounts of his guardianship.<br><br>….<br><br>§8 And be it enacted, That every male white person within this state, between the ages of eighteen and fifty, or who shall hereafter attain to the age of eighteen years ,except as before excepted, shall attend at the times and places appointed in pursuance of this act for the appearance of the company or regiment to which he belongs, and if any non-commissioned officer or private, so as aforesaid required to be armed and accoutered with his firelock and accoutrements aforesaid in good order, or if any male white person between the ages aforesaid although not required to be so armed and accoutered, shall neglect or refuse to appear on the parade and answer to his name when the roll is called over….shall forfeit and pay the sum of four shillings for every such neglect or refusal. |  |
|---|---|---|
| Georgia | [A]ny male free inhabitant, between the age of sixteen and fifty years, who shall refuse or neglect to attend such company muster, shall be liable to a fine of two dollars….And any private who shall attend such company muster without a gun, in good order, or shall misbehave or disobey while under arms, shall be liable to a fine of six dollars, and shall have powder and lead equal to six common cartridges, or be liable to a fine not exceeding one dollar. | An Act for Regulating the Militia of the State, and for Repealing the Several Laws Heretofore Made for that Purpose, 1786 Ga. Laws. |
| Maryland | §II Be it enacted, by the General Assembly of Maryland, That a lieutenant in each county of this state, of undoubted courage, zeal and attachment to the liberties and independence of America….within ten days after the receipt of their several and respective commissions, shall, by warrant under their hand and seal, appoint fit and proper persons in every county, to make a true and exact list of the names of all able bodied white male persons, between sixteen and fifty years of age.<br><br>…. | An Act to Regulate the Militia, ch. XVII., §§ II, VI, 1777 Md. Laws 361-62. |

**App. 31**

| | | |
|---|---|---|
| | §VI And be it enacted, That the whole of the militia, so enrolled as aforesaid, shall be subject to be exercised in companies…on each of which days every militia man, so enrolled, shall duly attend, with his arms and accoutrements in good order… | |
| Massachusetts | Whereas the laws now in force for regulating the militia of the Commonwealth, are found to be insufficient for the said purpose:<br><br>I. Be it therefore enacted by the Senate and House of Representatives, in General Court assembled, and by the authority of the same, That the several laws heretofore made for regulating the militia aforesaid, be and herby are repealed. Provided nevertheless, That all actions and processes commenced and depending in any Court within this Commonwealth, upon or by force of the said laws, shall, and may be sustained and prosecuted to final judgment and execution; and that all officers elected, appointed and commissioned agreeably to law, shall be continued in commission, and hold their respective commands in the militia, in the same manner as they would in case the said laws were still in force.<br><br>II. And be it further enacted by the authority of the aforesaid, That the said militia shall be formed into a train-band, and alarm-lift; the train-band to contain all able-bodied men, from sixteen to forty years of age, and the alarm-list all other men under fifty years of age, excepting in both cases such as shall be hereafter by this act exempted.<br><br>….<br><br>XIII. And be it further enacted by the authority aforesaid, That every non-commissioned officer and private folder of the said militia, not under the control of parents, masters or guardians, and being of sufficient ability therefore in the judgment of the selectmen of the town in which he shall dwell, shall equip himself, and be constantly provided with a good fire-arm, with a steel or iron ramrod, a spring to retain the same, a worm, priming wire and brush, a bayonet fitted to his fire-arm, and a scabbard and belt for the fame, a cartridge-box that will hold fifteen cartridges at least, six flints, one pound of powder, forty leaden balls suitable for this | An Act for Regulating and Governing the Militia of the Commonwealth of Massachusetts, and for Repealing All Laws Heretofore Made for That Purpose (Mass. 1785) *in* THE PERPETUAL LAWS OF THE COMMONWEALTH OF MASSACHUSETTS, 338, 340-41, 346-47 (1789). |

firearm, a haversack, blanket, and canteen; and if any non-commissioned officer or private soldier shall neglect to keep himself so armed and equipped, he shall forfeit and pay a fine not exceeding three pounds, is proportion to the value of the article or articles in which he shall be deficient, at the direction of the Justice of the Peace before whom trial shall be at hand.

XIV. And be it further enacted by the authority aforesaid, That all parents, masters and guardians, shall furnish those of the said militia who shall be under their care and command, with the arms and equipments afore-mentioned, under the like penalties for any neglect.

XV. And be it further enacted by the authority aforesaid, That whenever the selectmen any town shall judge any inhabitant thereof, belonging to the said militia, unable to arm and equip himself in manner as aforesaid, they shall, at the expense of the town, provide for and furnish such inhabitant [sic] with the aforesaid arms and equipments, which shall remain the property of the town at the expence of which they shall be provided; and if any soldier shall embezzle or destroy the arms and equipments, or any part thereof, with which he shall be to furnished, he shall upon conviction before some Justice of the Peace in the county where such offender shall live, be adjudged to replace the article or articles which shall be by him so embezzeled or destroyed, and to pay the cost arising from the process against him; and in café he (hall not within fourteen days after such adjudication against him perform the same, it shall be in the power of the selectmen of the town to which he shall belong, to bind him out to service or labour, for such term of time as shall in the discretion of the said Justice, be sufficient to procure a sum of money equal to the amount of the value of the article or articles embezzeled or destroyed, and to pay the cost arising as aforesaid…

….

XXXV. And be it further enacted by the authority aforesaid, That the non-commissioned officers and private soldiers belonging to the said corps of artillery, shall be armed and equipped in the same manner as the train-band of the said militia are in this act directed to arm and equip themselves.

**App. 33**

|   |   |   |
|---|---|---|
| | …. <br><br> XXXVIII. And be it further enacted by the authority aforesaid, That every officer, non-commissioned officer and private, belonging to the said cavalry, shall keep himself provided with a good horse, not less than fourteen hands and a half high, a saddle, bridle, holsters, pistols, sword, boots and spurs, carbine with a spring and sling, a cartouch-box, with twelve rounds of cartridge and ball for his carbine, and fix for each pistol, nine flints, a cloak and canteen. <br><br> …. <br><br> XL. And be it further enacted by the authority aforesaid, That the officers, non-commissioned officers and privates belonging to the said corps of artillery and cavalry, shall be subject to the same rules and regulations as are by this act provided for the train-band in the militia aforesaid; and the several companies belonging to the said corps shall be subject to the immediate orders of the major-neral commanding the division within which the same shall be raised. | |
| New Hampshire | Whereas it is the duty and interest of every State, to have the militia thereof properly armed, trained, and in complete readiness to defend against every violence or invasion whatever: And Whereas the laws now in force respecting the regulation of the militia are insufficient for those purposes: Be it therefore enacted…That the training band, so called, shall consist of all the able bodied male persons within the State, from sixteen years old to forty… <br><br> …. <br><br> And be it further enacted by the authority aforesaid, That every non-commissioned officer and soldier, both in the alarm list and training band, shall be provided and have constantly in readiness, a good musquet and bayonet fitted thereto, with a good scabbard and belt, a worm, priming-wire and brush, a cartridge-box that will hold, at least twenty-four rounds, six flints, and a pound of powder, forty leaden balls fitted to his gun, a knapsack, a blanket, and a canteen that will hold one quart. | An Act for Forming and Regulating the Militia within this State, and for Repealing All the Laws Heretofore Made for that Purpose (N.H. 1786) *in* THE LAWS OF THE STATE OF NEW HAMPSHIRE 356-57, 359-60 (1792). |

| | | |
|---|---|---|
| | Such of the training band as are under the care of parents, masters, or guardians, are to be furnished by them with such arms and accoutrements; and such of the training band, or alarm list, as shall be unable to furnish themselves, shall make application to the selectmen of the town, who are to certify to his captain, or commanding officer, that he is unable to equip himself; and the said selectmen shall, at the expense of the town, provide for, and furnish such person with arms and equipments; which arms and equipments shall be the property of the town at whose expense they are provided… | |
| New Jersey | And Be It Enacted, That the Captain or Commanding Officer of each Company shall keep a true and perfect List or Roll of all effective Men between the Ages of sixteen and fifty Years, residing within the District of such Company….And Be It Enacted, That every Person enrolled as aforesaid shall constantly keep himself furnished with a good Musket, well fitted with a Bayonet, a Worm, a Cartridge-Box, twenty-three Rounds of Cartridges sized to his Musket, a Priming-Wire, Brush, six Flints, a Knapsack and Canteen, under the Forfeiture of Seven Shillings and Sixpence for Want of a Musket, and One Shilling for Want of any other of the aforesaid Articles, whenever called out to Training or Service….Provided always, That if any Person be furnished as aforesaid with a good Rifle-Gun, the Apparatus necessary for the same, and a Tomahawk, it shall be accepted in Lieu of the Musket and the Bayonet and other Articles belonging thereto. | An Act for the Regulating, Training, and Arraying of the Militia and for Providing More Effectually for the Defence and Security of the State, ch. XIII, §§10-11 1781 N.J. Acts 39, 42-43. |
| New York | Be it enacted by the people of the State of New-York, represented in Senate and assembly, and it is hereby enacted by the authority of the same, That every able-bodied male person, being a citizen of this state, or of any of the United States, and residing in this state…and who are of the age of sixteen, and under the age of forty-five years, shall, by the captain or commanding officer of the beat in which such citizens shall reside, within four months after the passing of this act, be enrolled in the company of such beat. That every captain or commanding officer of a company, shall also enroll every citizen as aforesaid, who shall, from time to time, arrive at the age of sixteen years, or come to reside within his beat, and without delay notify such enrolment | An Act to Regulate the Militia (N.Y. 1786) *in* Thomas Greenleaf, ed., 1 LAWS OF THE STATE OF NEW YORK 227-28 (1792). |

**App. 35**

| | | |
|---|---|---|
| | to such citizen so enrolled, by some non-commissioned officer of the company, who shall be a competent witness to prove such notice.…That every citizen so enrolled and notified, shall within three months thereafter, provide himself, at his own expence, with a good musket or firelock, a sufficient bayonet and belt, a pouch, with a box therein to contain not less than twenty-four cartridges suited to the bore of his musket or firelock, each cartridge containing a proper quantity of powder and ball, two spare flints, a blanket and knapsack; and shall appear so armed, accoutered and provided when called out to exercise or duty, as herein after directed. | |
| North Carolina | §2 Be it therefore enacted by the General Assembly of the State of North Carolina, and it is hereby enacted by the authority of the same, that the Militia of this State be divided into six Brigades, viz.: One in each of the Districts of Edenton, New Bern, Wilmington, Halifax, Salisbury and Hillsborough. And each Brigade to be commanded by a Brigadier General. And the Militia of every County shall consist of all the effective men from sixteen to fifty years of age inclusive.<br><br>….<br><br>§4. And be it further enacted, that each Militia soldier shall be furnished with a good Gun, shot bag and powder horn, a Cutlass or Tomahawk, and every Soldier neglecting to appear at any muster, accoutered as above, shall forfeit for every such offence two shillings and six pence (unless he can make it appear that they were not to be procured) to be recovered as other fines. And where any person shall appear to the Field Officers not possessed of sufficient property to afford such arms and accouterments, the same shall be procured at the expence of the County, and given to such persons on muster Days, or when ordered into service, which Guns and Accouterments after such service, shall be returned to the Captain of the Company, and by him carefully preserved for future occasions. | An Act to Establish a Militia in this State, ch. 1, §§2, 4, 1777 Laws of N.C. 1-2. |
| Pennsylvania | § I. Whereas a militia law upon just and equitable principles hath ever been regarded as the best security of liberty and the most effectual means of drawing forth and exerting the natural strength of a state… | An Act to Regulate the Militia of the Commonwealth of Pennsylvania, ch. |

**App. 36**

| | | DCCL, §§I, III-IV, X, 1776-77 Penn. Stat. 75-78, 80. |
|---|---|---|
| | …. <br><br> §III. Be it enacted…, and it is hereby enacted by the Representatives of the Freemen of the Commonwealth of Pennsylvania in the General Assembly met, and by the authority of the same, That the president or in his absence [the] vice-president of the supreme executive council of this commonwealth shall commissionate one reputable freeholder in the city of Philadelphia and one in each county within this state to serve as lieutenant of the militia for the said city and counties respectively. <br><br> …. <br><br> § IV. And be it further enacted….That the said lieutenant or sub-lieutenants as aforesaid shall issue his or their warrant to the constable of each township, borough, ward, or district in the said city and counties respectively or to some other suitable person, commanding him in the name of this commonwealth to deliver to him or them…a true and exact list of the names and surnames of each and every male white person usually inhabiting or residing within his township, borough, ward, or district between the ages of eighteen and fifty-three years capable of bearing arms. <br><br> …. <br><br> § X. And be it further enacted…That the whole of the militia so enrolled as aforesaid shall be subject to be exercised in companies under their respective officers…and on each of which days every militia-man so enrolled shall duly attend with his arms and accoutrements in good order. | |
| Rhode Island | [A]ll effective Males between the Ages of Sixteen and Fifty . . . shall constitute and make the military Force of this State….And be it further Enacted by the Authority aforesaid, That each and every effective Man as aforesaid shall provide, and at all times be furnished, at his own Expense (excepting such persons as the Town-Councils of the Towns in which they respectively dwell or reside shall adjudge unable to purchase the same) with one good Musquet, and a Bayonet fitted thereto….Be it further enacted that every Person who | An Act for the Better Forming, Regulating and Conducting the Military Force of this State, 1780 R.I. Acts 29, 31-32, 35. |

**App. 37**

| | | |
|---|---|---|
| | shall at any Time be found deficient in any of the Arms, Accoutrements and Equipage, as by this act prescribed and directed, excepting those before excepted, such Delinquent shall forfeit and pay a Fine for every such delinquency….All Male Persons between the Ages of Fifty and Sixty, if able in the Judgment of the respective Town-Councils, shall be at all Times armed, accoutered and equipped, in Manner aforesaid upon the same Penalty as though they were held to military Duty. | |
| South Carolina | [I]t shall be lawful for the Governor, or Commander in Chief of this State, to order the Militia of this State to assemble once in every six months in the City of Charleston, and once in every twelve months in the other districts throughout the state…That every person who, on being summoned, shall willfully neglect to turn out at a regimental muster, properly armed and accoutered…shall be fined in a sum not exceeding four dollars….And be it enacted by the authority aforesaid, that the following persons shall be excused from militia duty…all persons under the age of eighteen years, or above the age of fifty years. | An Act for the Regulation of the Militia in this State, 1784 S.C. Acts 68-69. |
| Vermont | And that every able-bodied male person, being a citizen of this state, or of any of the united states and residing in this state…who are of the age of sixteen and under the age of fortyfive [sic] years, shall by the captain or commanding officer of the beat in which such citizen shall reside, within four months after passing of this act, be enrolled in the company of such beat….And every citizen, so enrolled and notified, shall within nine months there after, provide himself, at his own expence with a good musket or firelock, with a priming wire and brush, a sufficient bayonet and belt, with a cartouch box, with three pounds of lead bullets suitable to the bore of his musket or firelock, a good horn containing one pound of powder, and four spare flints; and shall appear so armed, accoutred and provided, when called out to exercise or duty, if thereto required. | An Act Regulating the Militia of the State of Vermont. for Regulating the Militia of this State (Vt. 1787) *in* STATUTES OF THE STATE OF VERMONT REVISED AND ANNOTATED, 107 (1791). |
| Virginia | Be it enacted, That all free male persons between the ages of eighteen and fifty years…shall be enrolled or formed into [militia] companies….Every Officer and soldier shall appear…armed, equipped, and accoutered as follows: The County Lieutenants, Lieutenant Colonels Commandant and Majors with a sword: the | An Act for Amending the Several Laws for Regulating and Disciplining the |

**App. 38**

| | |
|---|---|
| Captains, Lieutenants, and Ensigns, with a sword and espontoon; every non-commissioned officer and private, with a good clean musket carrying an ounce ball, and three feet eight inches long in the barrel, with a good bayonet and iron ramrod well fitted thereto, a cartridge box properly made, to contain and secure twenty cartridges fitted to his musket, a good knapsack and canteen; and moreover, each non-commissioned officer and private shall have at every muster, one pound of good powder and four pounds of lead; including twenty blind cartridges. | Militia, and Guarding against Invasions and Insurrections, ch. LXVII, 1784 Va. Acts 16. |

## <u>CERTIFICATE OF SERVICE</u>

On May 16, 2011, I electronically submitted the foregoing document with the clerk of court for the U.S. District, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/Charles J. Cooper
Charles J. Cooper