IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| JAMES D'CRUZ and NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| STEVEN McCRAW, in his official capacity as Director of the Texas Department of Public Safety, | ) ) ) ) ) |
| Defendant. | ) Civil Action No. 5:10-CV-141-C |

## ORDER

On this date the Court considered Plaintiffs' Motion to Amend the Complaint, Plaintiff James D'Cruz's Motion to Withdraw As Party Plaintiff, and Non-Parties Rebekah Jennings', Brennan Harmon's, and Andrew Payne's Motion to Join As Party-Plaintiffs, filed March 28, 2011; Defendant's Opposition to Motion to Add Parties Without Extending Discovery, filed April 18, 2011; and Reply Brief in Support of Plaintiffs' Motion to Add Parties As Party-Plaintiffs, filed April 26, 2011.

## I.
## BACKGROUND

Plaintiff D'Cruz originally filed his complaint against Defendant on September 8, 2010. On October 20, 2010, the National Rifle Association of America, Inc. ("NRA") was added to the case through an Amended Complaint. Since the filing of the Amended Complaint, D'Cruz has moved with his family to Titusville, Florida, and no longer resides in Lubbock, Texas. D'Cruz

no longer wishes to obtain a Concealed Handgun License ("CHL") in the State of Texas. Defendant does not oppose the withdrawal of Plaintiff D'Cruz.

Plaintiff NRA wishes to continue this lawsuit. In addition, three individuals who are members of the NRA wish to be named as plaintiffs in this case: Rebekah Jennings, Brennan Harmon, and Andrew Payne. All three are over eighteen but under twenty-one years of age and are residents of Texas, and Mr. Payne is a resident of Lubbock, Texas. All three wish to obtain a CHL in the State of Texas, and all three meet all the requirements for obtaining a CHL, except the age requirement. Defendant opposes the joinder of Jennings, Harmon, and Payne as party-plaintiffs, unless the discovery period is extended by 46 days.

## II.
## PROCEDURAL BACKGROUND

Plaintiff D'Cruz's original Complaint was filed on September 8, 2010. An Amended Complaint was filed on October 20, 2010, naming the NRA as an additional plaintiff.

Defendants' Answer and Affirmative Defenses was filed on November 23, 2010. A Scheduling Order, noting that no discovery was to proceed unless a party files a motion to modify the order, was filed on November 24, 2010. On December 14, 2011, Defendant filed an Emergency Motion to Amend Scheduling Order to Permit Discovery and Extend Dispositive Motion Deadlines. Plaintiffs' Response in Opposition to Defendant's Emergency Motion to Amend Scheduling Order to Permit Discovery and Extend Dispositive Motion Deadlines was filed on December 15, 2010. Defendant's motion was granted on December 16, 2010, and the court set a deadline of May 16, 2011 at 3:00 p.m. for filing dispositive motions and completing discovery. Plaintiffs assert that since the issuance of the order permitting discovery, no discovery has been propounded by Defendant.

On May 16, 2011, all parties filed their respective Motions for Summary Judgment, which remain pending.

### III.
### DISCUSSION

A.  Plaintiff James D'Cruz's Motion to Withdraw As Party Plaintiff

Because James D'Cruz's Motion to Withdraw as Party Plaintiff is unopposed, is just, and is in the interest of the judicial economy, D'Cruz's motion is hereby **GRANTED** pursuant to Federal Rule of Civil Procedure 21.

B.  Non-Parties Rebekah Jennings', Brennan Harmon's, and Andrew Payne's Motion to Join As Party-Plaintiffs

Plaintiff asserts that Jennings, Harmon, and Payne are individuals wishing to obtain a CHL but are prohibited from doing so solely on the basis of their ages.  This claim is not factually different from the claim D'Cruz made in his original Complaint.  The main issues of this case appear to be matters of law and not matters of fact.  However, Defendant asserts that the late addition of parties denies Defendant sufficient time to investigate the allegations and proper standing of the proposed plaintiffs.  Defendant opposes the addition of new parties unless discovery is extended by 46 days (46 days being the time period between the date that Defendant was notified of D'Cruz's withdrawal on February 10, 2011, and the filing of the motion to add new Party-Plaintiffs).

Because there is no apparent material difference between the factual or legal claims of D'Cruz and the factual or legal claims of Jennings, Harmon, and Payne, this Court finds there is no undue burden imposed upon the Defendant by permitting Jennings, Harmon, and Payne to

join this case.  Therefore, Plaintiffs' Motion to Join Parties is hereby **GRANTED** pursuant to Federal Rule of Civil Procedure 20(a)(1).

C.  Extension of Discovery for 46 days

The original deadline for discovery was May 16, 2011.  In the Reply Brief in Support of Plaintiffs' Motion to Add Parties As Party-Plaintiffs, Plaintiffs allege that no discovery had been propounded as of April 26, 2011.  Thus, as of approximately 20 days prior to the discovery deadline, no discovery had been propounded.  Because Defendant is not unduly burdened by the joinder of Jennings, Harmon, and Payne, and because Defendant had yet to propound any discovery to Plaintiffs with only 20 days remaining for such discovery, the deadline for discovery completion will be extended by 20 days from the date of this Order.

## IV.
## CONCLUSION

For the reasons discussed above, the Court:

1. **GRANTS** Plaintiffs' Motion to Amend Complaint;

2. **GRANTS** Plaintiff James D'Cruz's Motion to Withdraw As Party Plaintiff;

3. **GRANTS** Non-Parties Rebekah Jennings', Brennan Harmon's, and Andrew Payne's Motion to Join As Party-Plaintiffs; and

4. **GRANTS IN PART** Defendant's request that the discovery period be extended.

SO ORDERED this 6th day of July, 2011.

SAM R. CUMMINGS
UNITED STATES DISTRICT JUDGE