**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION**

**REBEKAH JENNINGS; BRENNAN HARMON; ANDREW PAYNE; NATIONAL RIFLE ASSOCIATION OF AMERICA, INC.,**

**Plaintiffs,**

**v.**

**STEVEN MCCRAW, in his official capacity as Director of the Texas Department of Public Safety,**

**Defendant.**

**Case No. 5:10-cv-00141-C
Judge Sam R. Cummings**

**SECOND AMENDED COMPLAINT
FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

**COME NOW** the Plaintiffs, Rebekah Jennings, Brennan Harmon, Andrew Payne, and the National Rifle Association of America, Inc., by and through their undersigned counsel, and complain of the Defendant as follows:

## INTRODUCTION

1. This is an action to vindicate the fundamental right to keep and bear arms, which is fully applicable to all law-abiding adults and includes the right to carry arms.

2. The Second Amendment "guarantee[s] the individual right to possess and carry" handguns, and "elevates above all other interests the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *District of Columbia v. Heller*, 128 S. Ct. 2783, 2797, 2821 (2008).

3. The State of Texas, however, prohibits a certain class of law-abiding, responsible citizens from fully exercising the right to keep and bear arms—namely, adults who have reached the age of eighteen but are not yet twenty-one. At eighteen years of age, law-abiding citizens in this country are considered adults for almost all purposes and certainly for the purposes of the exercise of fundamental constitutional rights. Yet the State bans such persons from carrying a handgun—what the Supreme Court has called "the quintessential self-defense weapon," *Heller*, 128 S. Ct. at 2818—outside the home or automobile, even though the State allows all other law-abiding adults to obtain a concealed-carry permit.

4. This blanket ban violates the fundamental rights of thousands of responsible, law-abiding citizens and is thus invalid under the Second and Fourteenth Amendments.

**PARTIES**

5. Rebekah Jennings is a resident of Boerne, Texas, and is a citizen of the United States.

6. Brennan Harmon is a resident of Dallas, Texas, and is a citizen of the United States.

7. Andrew Payne is a resident of Lubbock, Texas, and is a citizen of the United States.

8. The National Rifle Association of America, Inc. (hereinafter, "NRA") is a nonprofit association incorporated under the laws of New York, with its principal place of business in Fairfax, Virginia. NRA has a membership of approximately four million persons, some of whom reside in Lubbock, Texas and other portions of western Texas.

9. Defendant Steven McCraw is the Director of the Texas Department of Public Safety ("DPS"). The Department of Public Safety is responsible for enforcing the State's laws and administering certain regulatory programs relating to the State's concealed-carry permitting regime. The DPS includes the Texas Rangers and the Texas Highway Patrol.

10. Defendant McCraw is hereinafter referred to as the "State Defendant."

**JURISDICTION AND VENUE**

11. This action seeks relief pursuant to 28 U.S.C §§ 2201, 2202 and 42 U.S.C. §§ 1983, 1988. Therefore, jurisdiction is founded on 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, and under 28 U.S.C. § 1343(a)(3), in that this action seeks to redress the deprivation, under color of law, of rights secured by the United States Constitution.

12. The Court has authority to award costs and attorneys' fees under 42 U.S.C. § 1988.

13. Venue is proper in this district under 28 U.S.C. § 1391(b).

**THE LAWS AT ISSUE**

14. Under Texas law, a "person commits an offense if the person intentionally, knowingly, or recklessly carries on or about his or her person a handgun … if the person is not: (1) on the person's own premises or premises under the person's control; or (2) inside of or directly en route to a motor vehicle that is owned by the person or under the person's control." TEX. PENAL CODE § 46.02.

15. If, however, a person "is at least 21 years of age" and "is fully qualified under applicable federal and state law to purchase a handgun" (and meets other requirements) he or she "is eligible for a license to carry a concealed handgun." TEX. GOV'T CODE §§ 411.172(a)(2), (9). *See also* TEX. PENAL CODE § 46.035(a) ("A license holder commits an offense if the license holder carries a handgun on or about the license holder's person … and intentionally fails to conceal the handgun."). Moreover, if "a person … is at least 18 years of age but not yet 21 years of age," he or she "is eligible for a license to carry a concealed handgun if the person … is a member or veteran of the United States armed forces, including a member or veteran of the

reserves or national guard" or "was discharged under honorable conditions, if discharged from the United States armed forces, reserves, or national guard." TEX. GOV'T CODE §§ 411.172(g).

16. Accordingly, while Texas allows law-abiding adults 21 years of age or older—and adults 18 years of age or older who are in, or have been honorably discharged from, the military—to exercise their rights to keep and bear arms outside the home and automobile, the State flatly bans exercise of the right to carry a handgun by non-military, law-abiding adults who are 18 to 20 years of age.

17. The Second Amendment secures the right to carry handguns for self-defense and other lawful purposes. And the Second Amendment's protections extend in full to law-abiding adults aged eighteen or older.

**THE IMPACT OF THE BAN ON THE PLAINTIFFS**

18. Under Texas law, the individual Plaintiffs may possess and carry a rifle in the same manner as all other law-abiding adults of any age. Under Texas law, they also may possess a handgun in their homes and automobiles. TEX. PENAL CODE § 46.02(a)(1)-(2). Texas law further authorizes the individual Plaintiffs to supervise a minor's use of a firearm for purposes of hunting, sporting, or other lawful purposes. *Id.* § 46.13(c)(1). And under Texas law (as distinct from federal law), there is no prohibition on the individual Plaintiffs' purchase of a handgun. *Id.* § 46.06(a)(2). But under Texas law, the individual Plaintiffs may not carry a handgun outside of their premises or automobiles under their control, even though law-abiding adults aged 21 or older may carry a handgun outside their homes and automobiles.

19. To qualify for a Texas Concealed Handgun License ("CHL"), a person must: (1) be a legal resident of Texas for the six-month period preceding the date of application; (2) be at least 21 years of age; (3) not have been convicted of a felony; (4) not be currently charged with a

felony or Class A or Class B misdemeanor; (5) not be a fugitive from justice; (6) not be a chemically dependent person; (7) be capable of exercising sound judgment with respect to the proper use and storage of a handgun; (8) not have been convicted in the past five years of a Class A or Class B misdemeanor; (9) be fully qualified under applicable federal and state law to purchase a handgun; (10) not have been finally determined to be delinquent in making child support payments; (11) not have been finally determined to be delinquent in the payment of a tax or other money collected by the state; (12) not be restricted under a court protective order or subject to a restraining order affecting the spousal relationship; (13) not have been adjudicated, in the ten years preceding application, as having engaged in delinquent conduct violating a penal law of the grade of felony; and (14) not have made any material misrepresentation or omission in the application for a CHL. TEX. GOV'T CODE § 411.172(a).

20. In addition, an applicant for a CHL must "submit to [the Texas Department of Public Safety] … evidence of handgun proficiency." TEX. GOV'T CODE § 411.174(a)(7). Each applicant must take "a course … [in] handgun proficiency" and pass "examinations to measure handgun proficiency." *Id.* § 411.188(a). "The course to teach handgun proficiency … contain[s] training sessions divided into two parts." *Id.* "One part of the course … [consists of] classroom instruction and the other part … [consists of] range instruction and an actual demonstration by the applicant of the applicant's ability to safely and proficiently use the applicable category of handgun." *Id.* "An applicant must be able to demonstrate, at a minimum, the degree of proficiency that is required to effectively operate a handgun of .32 caliber or above." *Id.* "The handgun proficiency course must include at least 10 hours … of instruction on: (1) the laws that relate to weapons and to the use of deadly force; (2) handgun use, proficiency, and safety; (3)

nonviolent dispute resolution; and (4) proper storage practices for handguns with an emphasis on storage practices that eliminate the possibility of accidental injury to a child." *Id.* § 411.188(b).

21. Plaintiff Rebekah Jennings is a 20-year-old resident of Boerne, Texas.

22. Ms. Jennings has spent thousands of hours learning and practicing the safe and effective use of handguns.

23. Ms. Jennings is a law-abiding, responsible citizen.

24. Ms. Jennings is not a member of the United States armed forces.

25. Ms. Jennings is a member of Plaintiff NRA.

26. At the age of 13, Ms. Jennings began competing in pistol shooting tournaments. She has been a member of the U.S. Olympic Developmental Team for pistol shooting and a member of the Texas State Rifle Association ("TSRA") Junior National Team. Every year since 2005, Ms. Jennings has attended the NRA National Shooting Championship as a member of the TSRA Junior National Team. Either she, or the relay team of which she is a part, has broken seven national shooting records.

27. For self-defense and other lawful purposes, Ms. Jennings desires to carry a handgun outside of the home. For example, on Friday evenings Ms. Jennings sometimes attends open-air art shows held in downtown San Antonio. To reach the streets where a show is held, she must walk from where she parks through downtown San Antonio, and she must do the same to return to the car after leaving the show. For safety reasons, she typically does not attend such shows alone. She desires to carry a handgun for self-protection when attending such shows, and she would borrow one of her father's handguns for that purpose if lawfully permitted to carry a handgun outside of the home.

28. On February 27, 2011, Ms. Jennings completed a handgun safety and proficiency course taught by a CHL instructor licensed by the Texas Department of Public Safety. The course consisted of a total of at least 10 hours of classroom instruction and range instruction. The course culminated with administration of the written and range tests that are given to applicants for a CHL. To qualify for a CHL, applicants must achieve a score of 70% or better; an applicant may attempt each test three times to achieve the required score. On her first attempt, Ms. Jennings achieved a score of 98% on the written examination and a score of 100% on the range examination.

29. Thus, aside from the age requirement, Ms. Jennings already meets all requirements for obtaining a Texas Concealed Handgun License.

30. On March 9, 2011, Ms. Jennings visited the DPS website, which provides an electronic application for a concealed carry permit. *See* https://www.texasonline.state.tx.us/txapp/txdps/chl/. The website stated that to apply, Ms. Jennings "must be at least 21 years of age or at least 18 years of age if currently serving in or honorably discharged from the military." Solely because of her failure to meet the age requirement, Ms. Jennings was thus unable to apply for and obtain a Texas CHL. But for the age requirement, Ms. Jennings would have obtained her Texas CHL and occasionally would carry a handgun as permitted by the license.

31. Plaintiff Brennan Harmon is a 20-year-old resident of Texas. She attends college in San Antonio and lives in San Antonio during the school year. In the summer she lives with her parents in Dallas.

32. Ms. Harmon is a law-abiding, responsible citizen.

33. Ms. Harmon is not a member of the United States armed forces.

34. Ms. Harmon is a member of Plaintiff NRA.

35. Ms. Harmon's father and other family members have owned firearms, including long guns and handguns, throughout her lifetime. Through her father's instruction, and through personal study, Ms. Harmon is well acquainted with the proper and safe handling, use, and storage of firearms and ammunition.

36. For self-defense and other lawful purposes, Ms. Harmon desires to carry a handgun outside of the home.  For example, when visiting or staying with her parents, she sometimes meets friends at night in and around downtown Dallas.  She desires to carry a handgun for her personal protection on such occasions, and her father has indicated that he would lend her a handgun for that purpose if she obtained a CHL.

37. On February 24, 2011, Ms. Harmon completed a handgun safety and proficiency course taught by a CHL instructor licensed by the Texas Department of Public Safety.  The course consisted of approximately 8 hours of classroom instruction and 2 hours of range instruction.  The course culminated with administration of the written and range tests that are given to applicants for a CHL.  To qualify for a CHL, applicants must achieve a score of 70% or better; an applicant may attempt each test three times to achieve the required score.  Ms. Harmon passed both the written and range examinations on the first attempt.

38. Thus, aside from the age requirement, Ms. Harmon already meets all requirements for obtaining a Texas Concealed Handgun License.

39. On March 9, 2011, Ms. Harmon visited the DPS website, which provides an electronic application for a concealed carry permit. *See* https://www.texasonline.state.tx.us/txapp/txdps/chl/.  The website stated that to apply, Ms. Harmon "must be at least 21 years of age or at least 18 years of age if currently serving in or

honorably discharged from the military." Solely because of her failure to meet the age requirement, Ms. Harmon was thus unable to apply for and obtain a Texas CHL. But for the age requirement, Ms. Harmon would have obtained her Texas CHL and occasionally would carry a handgun as permitted by the license.

40. Plaintiff Andrew Payne is an 18-year-old resident of Lubbock, Texas.

41. Mr. Payne is a law-abiding, responsible citizen.

42. Mr. Payne is not a member of the United States armed forces.

43. Mr. Payne is a member of Plaintiff NRA.

44. Mr. Payne is trained in the proper and safe handling of firearms, including handguns. Mr. Payne hunts with his father and regularly accompanies him on visits to the shooting range.

45. For self-defense and other lawful purposes, Mr. Payne desires to carry a handgun outside of the home. For example, Mr. Payne sometimes visits a Wal-Mart store in an area of town where he would feel safer carrying a handgun for self-protection. If legally permitted to do so, Mr. Payne would carry his father's handgun on such occasions.

46. On February 13, 2011, Mr. Payne completed a handgun safety and proficiency course taught by a CHL instructor licensed by the Texas Department of Public Safety. The course consisted of approximately 8.5 hours of classroom instruction and 1.5 hours of range instruction. The course culminated with administration of the written and range tests that are given to applicants for a CHL. To qualify for a CHL, applicants must achieve a score of 70% or better; an applicant may attempt each test three times to achieve the required score. On his first attempt, Mr. Payne achieved a score of 100% on the written examination and a score of 96.8% on the range examination. Indeed, in terms of knowledge and skill with respect to the safe and proper

handling of handguns, Mr. Payne's instructor has stated that he would place Mr. Payne in the top 3-5% of students he has instructed over fifteen years.

47. Thus, aside from the age requirement, Mr. Payne already meets all requirements for obtaining a Texas Concealed Handgun License.

48. On February 17, 2011, Mr. Payne visited the DPS website, which provides an electronic application for a concealed carry permit. *See* https://www.texasonline.state.tx.us/txapp/txdps/chl/. The website stated that to apply, Mr. Payne "must be at least 21 years of age or at least 18 years of age if currently serving in or honorably discharged from the military." Solely because of his failure to meet the age requirement, Mr. Payne was thus unable to apply for and obtain a Texas CHL. But for the age requirement, Mr. Payne would have obtained his Texas CHL and occasionally would carry a handgun as permitted by the license.

49. Founded in 1871, the NRA is America's foremost and oldest defender of Second Amendment rights. Among other things, the NRA promotes the safe and responsible possession and carriage of firearms by law-abiding adults for lawful purposes, such as self-defense, target practice, marksmanship competition, and hunting. The NRA is America's leading provider of firearms marksmanship and safety training for both civilians and law enforcement. The NRA also collects and publishes real-life examples of citizens of all ages and from all walks of life whose lawful possession and carriage of firearms enabled them to protect themselves and others from violent criminals.

50. The NRA has approximately four million members, including residents of Lubbock and western Texas, and its programs reach millions more.

51. The NRA's members who are legal residents of Texas include law-abiding adults between the ages of eighteen and twenty who desire to carry handguns for self-defense and other lawful purposes. But for the requirement that applicants for a Texas CHL be at least 21 years of age, some of NRA's members would apply for and would receive a Texas CHL. These members would exercise their rights to carry a handgun if they received a Texas CHL. The State's ban on such carriage therefore infringes on the Second Amendment rights of NRA members. The NRA brings this action on behalf of these members.

**COUNT I**

**(SECOND AMENDMENT, FOURTEENTH AMENDMENT, 42 U.S.C. § 1983)**

52. The preceding paragraphs are incorporated herein.

53. TEX. PENAL CODE § 46.02 and TEX. GOV'T CODE §§ 411.172(a)(2), (a)(9), (g) prohibit law-abiding adults between the ages of eighteen and twenty, who are not or have not been in the United States armed forces, from carrying a handgun outside the person's own premises or automobile.

54. These laws infringe upon, and impose an impermissible burden upon, Ms. Jennings', Ms. Harmon's, Mr. Payne's, and NRA members' right to keep and bear arms under the Second and Fourteenth Amendments.

**COUNT II**

**(EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT, 42 U.S.C. § 1983)**

55. The preceding paragraphs are incorporated herein.

56. TEX. PENAL CODE § 46.02 and TEX. GOV'T CODE §§ 411.172(a)(2), (a)(9), (g) prohibit law-abiding adults between the ages of eighteen and twenty, who are not or have not been in the United States armed forces, from carrying a firearm outside the person's own premises or

automobile, but do not ban the carriage of handguns by (i) law-abiding adults law-abiding adults over the age of twenty or (ii) law-abiding adults over the age of 18 who are in, or have been honorably discharged from, the United States armed forces.

57. These laws violate Ms. Jennings', Ms. Harmon's, Mr. Payne's, and NRA members' rights under the Equal Protection Clause of the Fourteenth Amendment.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendant as follows:

58. Declare that TEX. PENAL CODE § 46.02 and TEX. GOV'T CODE §§ 411.172(a)(2), (a)(9), (g) violate the right to keep and bear arms as secured in the Second and Fourteenth Amendments to the United States Constitution to the extent they deny the right to carry a handgun for self-defense to law-abiding, qualified adults between eighteen and twenty years of age.

59. Declare that TEX. PENAL CODE § 46.02 and TEX. GOV'T CODE §§ 411.172(a)(2), (a)(9), (g) violate the Equal Protection Clause of the United States Constitution by denying equal protection of the laws to law-abiding, qualified adults between eighteen and twenty years of age who are not in, or have not been honorably discharged from, the United States armed forces.

60. Permanently enjoin the State Defendant, its officers, agents, servants, employees, and all persons in active concert with it from enforcing TEX. PENAL CODE § 46.02 and TEX. GOV'T CODE §§ 411.172(a)(2), (a)(9), (g) to the extent those laws deny the right to carry a firearm to law-abiding, qualified adults between eighteen and twenty years of age.

61. Award costs and attorneys fees and expenses to the extent permitted under 42 U.S.C. § 1988.

62. Grant such other and further relief as the Court deems just and proper.

Dated: July 11, 2011

Respectfully submitted,

s/ Fernando M. Bustos
Fernando M. Bustos
State Bar No. 24001819
LAW OFFICES OF FERNANDO M. BUSTOS, P.C.
P.O. Box 1980
Lubbock, TX 79408-1980
Tel: (806) 780-3976
Fax: (806) 780-3800
Email: fbustos@bustoslawfirm.com

*Local Counsel for Plaintiffs*

s/ Charles J. Cooper
Charles J. Cooper*
David H. Thompson*
Peter A. Patterson*
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
Email: ccooper@cooperkirk.com

Brian S. Koukoutchos*
28 Eagle Trace
Mandeville, LA 70471
Tel: (985) 626-5052
Email: bkoukoutchos@gmail.com

*Admitted *pro hac vice*.

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

On July 11, 2011, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

                                              s/ Charles J. Cooper
                                              Charles J. Cooper