UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| REBEKAH JENNINGS; BRENNAN HARMON; ANDREW PAYNE; NATIONAL RIFLE ASSOCIATION OF AMERICA, INC.<br>    Plaintiffs,<br><br>v.<br><br>STEVEN MCCRAW, in his Official Capacity as Director of the Texas Department of Public Safety,<br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§   CIVIL ACTION NO. 5:10-CV-141-C<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANT'S ANSWER TO
PLAINTIFFS' SECOND AMENDED COMPLAINT**

TO THE HONORABLE SAM CUMMINGS, U.S. DISTRICT JUDGE:

**COMES NOW** Defendant Steven McCraw in his official capacity as Director of the Texas Department of Public Safety, and files his Answer in response to Plaintiffs' Second Amended Complaint for Declaratory Judgment and Injunctive Relief.

INTRODUCTION

1. Paragraph 1 asserts only a legal conclusion to which no response is required.

2. Admit that the quoted portions of the decision in *District of Columbia v. Heller*, 128 S. Ct. 2783, 2797, 2821 (2009), speak for themselves.

3. Admit the laws of the State of Texas prohibit some persons who are between eighteen years-old and twenty years-old from obtaining a license to carry a concealed handgun. The remaining allegations in Paragraph 3 assert legal conclusions to which no response is required.

4. Deny.

1

## PARTIES

5. Defendant has insufficient knowledge or information to admit or deny the allegations in this paragraph.

6. Defendant has insufficient knowledge or information to admit or deny the allegations in this paragraph.

7. Defendant has insufficient knowledge or information to admit or deny the allegations in this paragraph.

8. Defendant has insufficient knowledge or information to admit or deny the allegations in this paragraph.

9. Admit.

10. Paragraph 10 makes a procedural statement to which no response is required.

## JURISDICTION AND VENUE

11. Paragraph 11 asserts only a legal conclusion to which no response is required.

12. Paragraph 12 asserts only a legal conclusion to which no response is required.

13. Paragraph 13 asserts only a legal conclusion to which no response is required.

## THE LAWS AT ISSUE

14. Admit that the quoted portions of TEX. PENAL CODE § 46.02 speak for themselves.

15. Admit that the quoted portions of TEX. GOV'T CODE § 411.172 and TEX. PENAL CODE § 46.035(a) speak for themselves.

16. Admit that certain persons who are between eighteen years-old and twenty years-old, and who are not current or honorably discharged military service members, are not eligible to obtain a concealed handgun license in the State of Texas.

17. Paragraph 17 asserts only a legal conclusion that requires no response.

## THE IMPACT OF THE BAN ON THE PLAINTIFFS

18.     Admit that under Texas law, Plaintiffs may possess and carry a rifle in the same manner as all other law-abiding adults of any age. Admit that TEX. PENAL CODE §§ 46.02, 46.06, 46.13 speak for themselves. Admit that Plaintiffs not carry a handgun outside the premises or automobiles under their control, if none of the applicable exceptions contained within the statutes apply. Deny the allegations in Paragraph 18 to the extent that they imply that law-abiding adults aged 21 or older may carry a handgun outside their home and automobiles if they do not possess a concealed handgun license.

19.     Admit that TEX. GOV'T CODE § 411.172(a) speaks for itself.

20.     Admit that TEX. GOV'T CODE § 411.188 speaks for itself.

21.     Defendant has insufficient knowledge or information to admit or deny the allegations in this paragraph.

22.     Defendant has insufficient knowledge or information to admit or deny the allegations in this paragraph.

23.     Defendant has insufficient knowledge or information to admit or deny the allegations in this paragraph.

24.     Defendant has insufficient knowledge or information to admit or deny the allegations in this paragraph.

25.     Defendant has insufficient knowledge or information to admit or deny the allegations in this paragraph.

26.     Defendant has insufficient knowledge or information to admit or deny the allegations in this paragraph.

27. Defendant has insufficient knowledge or information to admit or deny the allegations in this paragraph.

28. Defendant has insufficient knowledge or information to admit or deny the allegations in this paragraph.

29. Defendant has insufficient knowledge or information to admit or deny the allegations in this paragraph.

30. Defendant has insufficient knowledge or information to admit or deny the allegations in this paragraph.

31. Defendant has insufficient knowledge or information to admit or deny the allegations in this paragraph.

32. Defendant has insufficient knowledge or information to admit or deny the allegations in this paragraph.

33. Defendant has insufficient knowledge or information to admit or deny the allegations in this paragraph.

34. Defendant has insufficient knowledge or information to admit or deny the allegations in this paragraph.

35. Defendant has insufficient knowledge or information to admit or deny the allegations in this paragraph.

36. Defendant has insufficient knowledge or information to admit or deny the allegations in this paragraph.

37. Defendant has insufficient knowledge or information to admit or deny the allegations in this paragraph.

38. Defendant has insufficient knowledge or information to admit or deny the allegations in this paragraph.

39. Defendant has insufficient knowledge or information to admit or deny the allegations in this paragraph.

40. Defendant has insufficient knowledge or information to admit or deny the allegations in this paragraph.

41. Defendant has insufficient knowledge or information to admit or deny the allegations in this paragraph.

42. Defendant has insufficient knowledge or information to admit or deny the allegations in this paragraph.

43. Defendant has insufficient knowledge or information to admit or deny the allegations in this paragraph.

44. Defendant has insufficient knowledge or information to admit or deny the allegations in this paragraph.

45. Defendant has insufficient knowledge or information to admit or deny the allegations in this paragraph.

46. Defendant has insufficient knowledge or information to admit or deny the allegations in this paragraph.

47. Defendant has insufficient knowledge or information to admit or deny the allegations in this paragraph.

48. Defendant has insufficient knowledge or information to admit or deny the allegations in this paragraph.

49. Defendant has insufficient knowledge or information to admit or deny the allegations in this paragraph.

50. Defendant has insufficient knowledge or information to admit or deny the allegations in this paragraph.

51. Deny that the State infringes the Second Amendment rights of NRA members, and deny sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

## COUNT I
(SECOND AMENDMENT, FOURTEENTH AMENDMENT, 42 U.S.C. § 1983)

52. The preceding answers are incorporated herein.

53. Admit that the cited statutes prohibit certain law-abiding adults between the ages of eighteen and twenty, who are not or have not been in the United States armed forces, from carrying a handgun outside the person's own premises or automobile, if none of the applicable exceptions contained within the statutes apply.

54. Deny.

## COUNT II
(EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT, 42 U.S.C. § 1983)

55. The preceding answers are incorporated herein.

56. Admit that the cited statutes prohibit certain law-abiding adults between the ages of eighteen and twenty, who are not or have not been in the United States armed forces, from carrying a handgun outside the person's own premises or automobile, if none of the applicable exceptions contained within the statutes apply, but do not prohibit the concealed carrying of handguns by other adults who possess a concealed handgun license.

57. Deny.

## PRAYER FOR RELIEF

58. Deny that any such relief should be granted.

59. Deny that any such relief should be granted.

60. Deny that any such relief should be granted.

61. Deny that any such relief should be granted.

62. Deny that any such relief should be granted.

## **DEFENDANT'S AFFIRMATIVE DEFENSES**

1. Plaintiffs fail to state a claim upon which relief can be granted.

2. Plaintiffs lack standing to assert their claims.

3. Defendant reserves the right to raise additional defenses throughout the development of this case.

## **PRAYER FOR RELIEF**

**ACCORDINGLY**, the Defendant prays the Court enter judgment against Plaintiffs, dismiss Plaintiffs' Second Amended Complaint with prejudice, and award Defendant his reasonable attorneys' fees and costs, and award such other relief as the Court deems just and equitable.

Respectfully submitted,

GREG ABBOTT
Texas Attorney General

DANIEL T. HODGE
First Assistant Attorney General

BILL COBB
Deputy Attorney General for Civil Litigation

DAVID C. MATTAX
Director of Defense Litigation

ROBERT B. O'KEEFE
Chief, General Litigation Division

/s/ Drew L. Harris
DREW L. HARRIS
Texas Bar No. 24057887
Assistant Attorneys General
Texas Attorney General's Office
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX
drew.harris@oag.state.tx.us

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent *via* ECF on July 26, 2011, to:

| | |
|---|---|
| Charles J. Cooper | Fernando M. Bustos |
| COOPER & KIRK, PLLC | Law Offices of Fernando M. Bustos, P.C. |
| 1523 New Hampshire Ave., Nw | P.O. Box 1980 |
| Washington, D.C. 20036 | Lubbock, Texas 79408-1980 |
| ccooper@cooperkirk.com | fbustos@bustoslawfirm.com |

/s/ Drew L. Harris
DREW L. HARRIS
Assistant Attorney General