UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| REBEKAH JENNINGS; BRENNAN HARMON; ANDREW PAYNE; NATIONAL RIFLE ASSOCIATION OF AMERICA, INC.,<br>  Plaintiffs,<br><br>v.<br><br>STEVEN MCCRAW, in his official Capacity as Director of the Texas Department of Public Safety,<br>  Defendant. | § § § § § § § § § § § § § | Civil Action No. 5:10-CV-141-C |

### DEFENDANT'S ADDITIONAL BRIEFING ON PENAL CODE CHALLENGE

TO THE HONORABLE SAM CUMMINGS, U.S. DISTRICT JUDGE:

  COMES NOW Defendant Steven McCraw, and file this *Additional Briefing on Penal Code Challenge*, pursuant to the Court's Order dated October 20, 2011.

  The Court requested briefing with respect to whether McCraw is a proper defendant with regards to Plaintiffs' challenge to Texas Penal Code § 46.02, in light of *Okpalobi v. Foster*, 244 F.3d 405 (5th Cir. 2001) (en banc).

  In *Okpalobi*, the *en banc* court noted there were two requirements for the *Ex parte Young* exception to apply: 1) "the named defendant state officials have some connection with the enforcement of the act," and 2) those state officials "threaten and are about to commence proceedings" to enforce the unconstitutional act. *Id.* at 416.

**A.   Defendant McCraw Has "Some Connection" to Enforcement of Texas Penal Code § 46.02.**

With respect to the first requirement in *Okpalobi*, McCraw in his official capacity as Director of the Texas Department of Public Safety ("DPS") has some connection with enforcement of the challenged Texas Penal Code. DPS officers, including the Texas Highway Patrol and the Texas Rangers, have statutory authority, similar to sheriffs, to arrest individuals for violations of the Penal Code. *See* TEX. GOV'T CODE §§ 411.022, 411.032.

Texas Highway Patrol officers share the authority of the Texas Rangers. *Id.* at § 411.032. Texas Government Code § 411.022 provides that Texas Rangers may make arrests in any county:

> (a) An officer of the Texas Rangers is governed by the law regulating and defining the powers and duties of sheriffs performing similar duties, except that the officer may make arrests, execute process in a criminal case in any county and, if specially directed by the judge of a court of record, execute process in a civil case.
>
> (b) An officer of the Texas Rangers who arrests a person charged with a criminal offense shall immediately convey the person to the proper officer of the county where the person is charged and shall obtain a receipt. The state shall pay all necessary expenses incurred under this subsection.

*Id.* at § 411.022. Accordingly, because DPS officers under McCraw's supervision may arrest individuals for criminal offenses, including violations of Texas Penal Code § 46.02, McCraw does have some connection with the enforcement of that Penal Code provision.

**B. There Is No Evidence That DPS Officers Have "Threatened and Are About to Commence" Arrests of Plaintiffs for Violating Texas Penal Code § 46.02.**

With respect to the second requirement identified in *Okpalobi*, Plaintiffs have not put forth any evidence that DPS officers have "threaten and are about to commence" arrests of Plaintiffs in enforcing Texas Penal Code § 46.02. *Okpalobi*, 244 F.3d at 416. For similar reasons as previously briefed in Defendant's Motion for Summary Judgment regarding Plaintiff's lack of standing to challenge the Penal Statute (*see* Document No. 56-1, at 8), Plaintiffs cannot meet the second requirement of *Okpalobi*.

The *Okpalobi* opinion emphasized that the "requirement that there be some <u>actual or threatened enforcement action</u> before *Young* applies has been <u>repeatedly</u> applied by the federal courts."[1] *Okpalobi*, 244 F.3d at 415 (emphasis added). At a minimum, Plaintiffs' requirement to show that "state officials have threaten and are about to commence proceedings" requires something <u>more</u> than a "general threat" of arrest by DPS officers. *See San Diego County Gun Rights Committee v. Reno*, 98 F.3d 1121, 1127 (9th Cir. 1996) (a "general threat of prosecution is not enough to confer standing.")

---

[1] The portion of the *Okpalobi* opinion discussing the degree of "connection" between the state official and the enforcement was a plurality opinion that is not necessarily binding. *See K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010). However, the basic two-prong requirements ("some connection" and "threatened enforcement") for the *Young* exception to apply has been repeatedly applied by several Courts of Appeal. *See Hamilton v. Foti,* 372 Fed. Appx. 480, 485 (5th Cir. 2010); *1st Westco Corp. v. School Dist. of Philadelphia*, 6 F.3d 108, 113 (3d Cir. 1993); *Long v. Van de Kamp*, 961 F.2d 151, 152 (9th Cir. 1992); *Kelley v. Metropolitan County Bd. of Educ.*, 836 F.2d 986, 990-91 (6th Cir. 1987).

To permit Plaintiffs to meet the second *Okpalobi* requirement by merely showing (as conceded above) that DPS officers have authority to arrest Plaintiffs for violating Penal Code § 46.02 would <u>inappropriately collapse</u> the two-prong requirements into a single prong. Instead, Plaintiffs are required to show at least some sort of warning, or other affirmative indication, that DPS officers are about to commence arrest proceedings.[2]

Here, Plaintiffs have put forth no evidence of any warnings or threats of arrest they received from any DPS officers. In fact, Plaintiffs do not even make any allegations with regards to any threats of enforcement by DPS officers of the Texas Penal Code § 46.02. *See* Second Amended Complaint [Doc. No. 66]. Because Plaintiffs have the burden to establish jurisdiction and the applicability of the *Ex parte Young* exception, this lack of evidence – or even allegations – is fatal to their constitutional challenge to Texas Penal Code § 46.02.

DATED: November 21, 2011    Respectfully submitted,

GREG ABBOTT
Texas Attorney General

DANIEL T. HODGE
First Assistant Attorney General

BILL COBB
Deputy Attorney General for Civil Litigation

---

[2] *C.f. Steffel v. Thompson*, 415 U.S. 452, 459 (1974) (standing permitted where plaintiff was warned to stop handbilling and was told by police that he would likely be prosecuted if he handbilled again); *Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 542 (5th Cir. 2008) (standing found where bar owners were actually noticed for violations and charged under the challenged ordinance); *Ripplinger v. Collins*, 868 F.2d 1043, 1047 (9th Cir. 1989) (deputy county attorney warned plaintiff that an obscenity charge would be initiated if he continued to distribute hardcore pornography).

        DAVID C. MATTAX
        Director of Defense Litigation

        ROBERT B. O'KEEFE
        Chief, General Litigation Division


        /s/ Drew L. Harris
        DREW L. HARRIS
        Texas Bar No. 24057887
        Assistant Attorney General
        Texas Attorney General's Office
        General Litigation Division
        P.O. Box 12548, Capitol Station
        Austin, Texas 78711-2548
        (512) 463-2120
        (512) 320-0667 FAX
        drew.harris@oag.state.tx.us

        **ATTORNEYS FOR DEFENDANT**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent *via* ECF on November 21, 2011, to:

| | |
|---|---|
| Charles J. Cooper | Fernando M. Bustos |
| COOPER & KIRK, PLLC | Law Offices of Fernando M. Bustos, P.C. |
| 1523 New Hampshire Ave., Nw | P.O. Box 1980 |
| Washington, D.C. 20036 | Lubbock, Texas 79408-1980 |
| ccooper@cooperkirk.com | fbustos@bustoslawfirm.com |

        /s/ Drew L. Harris
        DREW L. HARRIS
        Assistant Attorney General