**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

| | | |
|---|---|---|
| **REBEKAH JENNINGS; BRENNAN HARMON; ANDREW PAYNE; NATIONAL RIFLE ASSOCIATION OF AMERICA, INC.,** | ) ) ) ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Case No. 5:10-cv-00141-C** |
| **v.** | ) | **Judge Sam R. Cummings** |
| | ) | |
| **STEVEN MCCRAW, in his official capacity as Director of the Texas Department of Public Safety,** | ) ) ) ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS' BRIEF ON *EX PARTE YOUNG***
**AND THE 11TH AMENDMENT**

Fernando M. Bustos
State Bar No. 24001819
LAW OFFICES OF FERNANDO M. BUSTOS, P.C.
P.O. Box 1980
Lubbock, TX 79408-1980
Tel: (806) 780-3976
Fax: (806) 780-3800
Email: fbustos@bustoslawfirm.com

*Local Counsel for Plaintiffs*

Charles J. Cooper*
David H. Thompson*
Peter A. Patterson*
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C.  20036
Tel: (202) 220-9600
Fax: (202) 220-9601
Email: ccooper@cooperkirk.com

*Admitted *pro hac vice*.

*Counsel for Plaintiffs*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ i

I.      DEFENDANT McCRAW HAS CONCEDED THAT HE IS
        A PROPER DEFENDANT HERE. .......................................................................1

II.     *EX PARTE YOUNG* PROVIDES AN EXCEPTION TO THE
        ELEVENTH  AMENDMENT IN THIS CASE. ....................................................3

        A.      Director McCraw Has Authority To Enforce The Texas
                Penal Code, Including § 46.02. .....................................................................3

        B.      Director McCraw Has Not Disclaimed Intent To Enforce
                The Texas Penal Code, Including § 46.02. ...................................................6

## TABLE OF AUTHORITIES

**Cases**                                                                                    **Page**

*1st Westco Corp. v. School Dist. of Philadelphia*, 6 F.3d 108 (3d Cir. 1993) ....................8

*Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289 (1979)...............................7, 8

*Citizens for Equal Prot. v. Bruning,* 455 F.3d 859 (8th Cir. 2006) ....................................8

*Doe v. Bolton*, 410 U.S. 179 (1973)......................................................................................7

*Ex parte Young*, 209 U.S. 123 (1908)......................................................1, 2, 3, 4, 5, 6, 7, 9

*K.P. v. LeBlanc*, 627 F.3d 115 (5th Cir. 2010) .........................................................4, 5, 6

*Mobil Oil Corp. v. Attorney Gen. of the Commonwealth of Va.*,
   940 F.2d 73 (4th Cir. 1991) ...............................................................................................8

*Okpalobi v. Foster*, 244 F.3d 405 (5th Cir. 2001) ..............................................3, 4, 5, 7,8

*United States v. Ferguson*, 211 F.3d 878 (5th Cir. 2000)....................................................5

*Virginia v. American Booksellers Ass'n*, 484 U.S. 383 (1988)...........................................8

## Other

U.S. Const. amand. XI .........................................................................................................8

U.S. Const. art. III, § 2 ........................................................................................................8

Texas Penal Code § 46.02.........................................................................................1, 5, 6, 7, 8

Texas Gov't Code § 411.002(a) ...........................................................................................6

Texas Gov't Code § 411.006(a)(2) ......................................................................................6

Texas Gov't Code § 411.006(a)(5) ......................................................................................6

Texas Gov't Code § 411.031 ...............................................................................................6

Texas Gov't Code § 411.032 ...............................................................................................6

Texas Gov't Code § 411.062(a)............................................................................................6

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION**

| | |
|---|---|
| **REBEKAH JENNINGS; BRENNAN HARMON; ANDREW PAYNE; NATIONAL RIFLE ASSOCIATION OF AMERICA, INC.,** )<br>)<br>)<br>)<br>) | **Civil Action No. 5:10-CV-141-C** |
| **Plaintiffs,** ) | |
| **v.** ) | |
| **STEVEN MCCRAW, in his official capacity as Director of the Texas Department of Public Safety,** )<br>)<br>) | |
| **Defendant.** ) | |

**PLAINTIFFS' BRIEF ON *EX PARTE YOUNG*
AND THE 11TH AMENDMENT**

In an Order dated October 20, 2011, the Court stated that "[w]hile it is clear that McCraw, as the head of the state agency responsible for the administration of the concealed handgun licensing scheme, is a proper defendant with regard to Plaintiffs' challenge to Texas Government Code § 411.172, the Court has misgivings as to whether or not McCraw is the proper defendant with regard to Plaintiffs' challenge to Texas Penal Code § 46.02." Doc. 76 at pg. 1. The Court therefore requested briefing on the applicability of the Eleventh Amendment and *Ex parte Young*, 209 U.S. 123 (1908), to this case. *Id.* at pg. 2.

## I. DEFENDANT McCRAW HAS CONCEDED THAT HE IS A PROPER DEFENDANT.

In correspondence a year ago between counsel for Plaintiffs and the Texas Attorney General's office (representing Defendant McCraw), the Attorney General urged

1

Plaintiffs to voluntarily dismiss the members of the Texas Public Safety Commission as defendants because they have no role in enforcing the statutes challenged here.  *See* email correspondence between David H. Thompson and Jimmy Blacklock, Special Assistant to the Attorney General and Senior Counsel to the First Assistant Attorney General of Texas, Nov. 16-19, 2010 ("Blacklock Email"), attached as Exh. A, Appendix pgs. 2-3. Defendant explained that the Public Safety Commission is the "policymaking head of the Department of Public Safety" and that the Commissioners, in contrast to Director McCraw, "do not have enforcement authority over the challenged statutes." *Id.* (Nov. 19, 2010).    Unlike Director McCraw, "the Commission does not act to enforce the Concealed Handgun License Statute (or the Penal Code)."  *Id.*   Conversely, Defendant explained that Steven McCraw, the Director of the Department of Public Safety, "is a proper defendant for purposes of an *Ex parte Young* suit like yours." *Id.*   Therefore, the Attorney General stated that "[w]e don't see a reason to challenge your selection of Director McCraw as a defendant."  *Id.* (Nov. 16, 2010).   On the basis of these representations, Plaintiffs agreed to dismiss the Commissioners as defendants and to proceed only against Defendant McCraw.  Accordingly, Defendant answered Plaintiffs' Second Amended Complaint by admitting that: "Defendant Steven McCraw is the Director of the Texas Department of Public Safety ("DPS"). The Department of Public Safety is responsible for enforcing the State's laws and administering certain regulatory programs relating to the State's concealed-carry permitting regime. The DPS includes the Texas Rangers and the Texas Highway Patrol."  Second Amended Complaint,  ¶ 9; Defendant's Answer to Second Amended Complaint, ¶ 9.  Thus, the Defendant has already agreed that he is a proper defendant here under the doctrine of *Ex parte Young*.

Even if the Court were to disagree with both parties, the State can and has waived any Eleventh Amendment immunity.  Moreover, in light of these representations, plaintiffs would be entitled to amend its pleadings to add additional defendants if the Court deemed that necessary.

## II.  *EX PARTE YOUNG* PROVIDES AN EXCEPTION TO THE ELEVENTH AMENDMENT IN THIS CASE.

In its October 20, 2011 Order, the Court referred to *Okpalobi v. Foster*, 244 F.3d 405 (5th Cir. 2001) (*en banc*).  That case advised that "any probe into the existence of a *Young* exception should gauge (1) the ability of the official to enforce the statute at issue under his statutory or constitutional powers, and (2) the demonstrated willingness of the official to enforce the statute." 244 F.3d at 417.   Both parts of this test are met here.

### A.  Director McCraw Has Authority To Enforce The Texas Penal Code, Including § 46.02.

In *Ex parte Young*, the Supreme Court held that, for a state official to be a proper defendant in an injunctive action restraining the enforcement of a state law challenged as unconstitutional, that official must be "clothed with some duty in regard to the enforcement of the laws of the state." 209 U.S. at 155-56.  Since *Young* permits only injunctive relief against state officers, and only insofar as the officer's actions on behalf of the state violate federal law, there must, as a matter of logic, be "some enforcement power or act that can be enjoined." *Okpalobi*, 244 F.3d at 419 (plurality opinion).

As the language used by both the Supreme Court and the Fifth Circuit  indicates, this test is not particularly exacting.  The state official's office need not be dedicated exclusively to enforcement of the challenged law, nor need the official be the only state officer with such enforcement power.  It is sufficient, the Supreme Court repeatedly

explained, that the officer has merely "*some* connection with the enforcement of the act." *Young*, 209 U.S. at 157 (emphasis added); *see also id.* ("some connection . . . is the important and material fact").   The Fifth Circuit continues to apply this same rule in precisely the same terms.   "In order to use the *Ex parte Young* exception, a plaintiff must demonstrate that the state officer has 'some connection' with the enforcement of the disputed act." *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010) (quoting *Young*, 209 U.S. at 157); *see also id.* ("some connection . . . is the important and material fact") (again quoting *Young*).   In the *Okpalobi* decision, the plurality repeated this formulation of the legal standard at least six times.   244 F.3d at 412, 414, 415, 416, 418, 419 (plurality opinion).

Under *Young*, an officer is deemed "specially charged with the duty to enforce" the challenged law "when such duty exists under the general authority of some law, even though such authority is not to be found in the particular act. It might exist by reason of the general duties of the officer to enforce it as a law of the state." 209 U.S. at 158.   " 'The fact that the state officer, by virtue of his office, has some connection with the enforcement of the act, is the important and material fact, and whether it arises out of the general law, or is specially created by the act itself, is not material so long as it exists.' " *K.P. v. LeBlanc*, 627 F.3d at 124 (quoting *Young*, 209 U.S. as 157). *See also Okpalobi*, 244 F.3d at 419 (plurality opinion) ("no such special charge need be found directly in the challenged statute to meet the requisite 'some connection' so long as there [are] sufficient

indicia of the defendant's enforcement powers found elsewhere in the laws of the state.").[1]

The archetype for application of the *Ex parte Young* exception is where the challenged statute imposes criminal penalties and the state officer named as a defendant is charged with enforcing the state's criminal laws.  *See Young*, 209 U.S. at 131-32, 163-64 (challenged statute imposes jail terms and fines for criminal violations).   In *Okpalobi*, the Fifth Circuit summarized the precedents applying the *Young* exception this way: "there were simply no Eleventh Amendment or Article III problems that would bar the court from asserting jurisdiction over the complaint for this reason:  federal jurisdiction plainly existed over the claims for injunctive relief to strike the *criminal* provisions of the statutes at issue in those cases." 244 F.3d at 423 (plurality opinion) (emphasis in original). *See also id.* at 421 (cases where no Eleventh Amendment immunity to suit was found were "concerned with the enforcement of programs, civil or criminal, dealing with the relations between the state and the individual.") (quotation marks and citation omitted).

That is this case because Penal Code § 46.02 is a criminal statute enforced by the defendant's agency.  Defendant McCraw is the Director of the Texas Department of Public Safety and is charged with executing all of that Department's responsibilities and issuing law enforcement commissions to all Texas Rangers and State Highway Patrol

---

[1] Any attempt to extract from the plurality opinion in *Okpalobi* a more demanding standard for the enforcement connection is belied by the language of that opinion itself, and doomed by the Fifth Circuit's subsequent decision in *K.P. v. LeBlanc*: "Defendants rely heavily on the lead opinion in *Okpalobi* for the proposition that a 'special' relationship—not just 'some connection'—needs to exist. *Okpalobi*, 244 F.3d at 414. Because that part of the en banc opinion did not garner majority support, the Eleventh Amendment analysis is not binding precedent. *See United States v. Ferguson*, 211 F.3d 878, 885 (5th Cir. 2000)." 627 F.3d at 124.

officers.  Texas Gov't Code § 411.006(a)(2)&(5).   The Department of Public Safety enforces the criminal laws of the State of Texas—that is, it "enforce[s] the laws protecting the public safety and provide[s] for the prevention and detection of crime." *Id*. § 411.002(a).  The law enforcement agencies that Defendant McCraw directs include the Texas Highway Patrol and the Texas Rangers—the only law enforcement authorities in Texas that have statewide criminal jurisdiction.  *Id*. § 411.002(a) (Texas Rangers have statewide authority to enforce criminal laws and make arrests); § 411.031 (state police are division of Department of Public Safety); 411.032 (Highway Patrol officers have powers of Texas Rangers).  The Department of Public Safety also "has primary responsibility for law enforcement and security services on the Capitol Complex" in Austin.  *Id*. § 411.062(a).  Among the criminal laws enforced by Defendant McCraw's Rangers and Highway Patrol officers is Penal Code § 46.02.

That criminal statute is also, of course, enforced by local sheriffs and municipal police departments throughout Texas.  But the fact that Defendant "is far from the sole participant in the application of the challenged statute" does not diminish the crucial fact that he "has definite responsibilities relating to the application of" Penal Code § 46.02. *K.P. v. LeBlanc*, 627 F.3d at 123-24.   Because Defendant McCraw has "some connection with the enforcement of the act," he is a proper defendant under *Ex parte Young* and the Eleventh Amendment therefore presents no bar to this lawsuit. *Ex parte Young*, 209 U.S. at 157.

### B.    Director McCraw Has Not Disclaimed Intent To Enforce The Texas Penal Code, Including § 46.02.

Once the plaintiff has established "the ability of the official to enforce the statute at issue under his statutory or constitutional powers," the remaining requirement is to

demonstrate the "willingness of the official to enforce the statute." *Okpalobi*, 244 F.3d at 417.  The Fifth Circuit has indicated that this element of the *Ex parte Young* legal fiction is not very demanding:

> [T]he necessary fiction of *Young* requires that the defendant state official be acting, threatening to act, *or at least have the ability to act*.  It is this unconstitutional conduct, *or at least the ability to engage in the unconstitutional conduct*, that makes him no longer a representative of the sovereign.  *Without at least the ability to commit the unconstitutional act* by the official defendant, the fiction cannot be sustained.

*Okpalobi*, 244 F.3d at 421 (citations omitted) (emphasis added).

The willingness of Defendant, and of the Texas Rangers and Highway Patrol Officers who answer to him, to enforce Penal Code § 46.02 cannot be doubted.  This is not some "moribund" criminal prohibition under which "no one ha[s] ever been prosecuted." *Doe v. Bolton*, 410 U.S. 179, 188 (1973).  "When the plaintiff has alleged an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder, he 'should not be required to await and undergo a criminal prosecution as the sole means of seeking relief.' " *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979) (citation omitted).  Individuals are arrested and prosecuted for carrying a firearm without a license all the time; the threat of prosecution under Penal Code § 46.02 cannot be dismissed as "imaginary, "speculative" or not "remotely possible." *Id*. at 298-99.  When, as here, the statute on its face proscribes the very conduct the plaintiff wishes to engage in, and the  "criminal penalty provision applies in terms" to any person who violates that prohibition, "fear of criminal prosecution … is not imaginary or wholly speculative." *Id*. at 302.

In such circumstances, the Supreme Court has found it significant that "the State has not disavowed any intention of invoking" the law against those who violate its terms. *Id.* at 302. *See also Virginia v. American Booksellers Ass'n*, 484 U.S. 383, 393 (1988) (Because "the State ha[d] not suggested that the … law will not be enforced," and the Court saw no reason to assume that it would not be, the Court "conclud[ed] that plaintiffs have alleged an actual and well-founded fear that the law will be enforced against them."); *Mobil Oil Corp. v. Attorney Gen. of the Commonwealth of Va.*, 940 F.2d 73, 76 (4th Cir. 1991) ("The gravamen of the district court's opinion and the Attorney General's argument is that unless Mobil can show that the Attorney General will enforce the statute, there is no dispute with the Attorney General.  The Attorney General has not, however, disclaimed any intention of exercising her enforcement authority.").[2]

Here, Texas has not disavowed a willingness to enforce Penal Code § 46.02.  To the contrary, Defendant agrees that, unlike the Commissioners who have been dismissed from this suit, he exercises "enforcement authority over the challenged statutes" and "act[s] to enforce" both the "Concealed Handgun License Statute" and "the Penal Code."

---

[2] Reliance on authorities discussing whether a threatened injury is sufficient to confer Article III standing is appropriate when analyzing whether a state officer's willingness to enforce a challenged law creates a sufficient threat to fall within the scope of *Ex parte Young.* After all, both Article III and the Eleventh Amendment are phrased as limits on how far "the Judicial power of the United States shall … extend." U.S. Const. amend. XI; *see* Art. III, § 2 ("The judicial Power shall extend to all Cases…").   Courts routinely mingle their analysis of these overlapping and related Article III and Eleventh Amendment jurisdictional issues. *See, e.g., Okpalobi,* 244 F.3d at 423 ("there were simply no Eleventh Amendment or Article III problems that would bar the court from asserting jurisdiction over the complaint … federal jurisdiction plainly existed over the claims for injunctive relief"); *1st Westco Corp. v. School Dist. of Philadelphia*, 6 F.3d 108, 112-16 (3d Cir. 1993) (treating Article III standing analysis together with *Ex parte Young* analysis); *Citizens for Equal Prot. v. Bruning,* 455 F.3d 859, 864 (8th Cir. 2006) (case falls within the *Young* exception to Eleventh Amendment for same reasons it is justiciable under Article III).

Blacklock Email (Nov. 19, 2010), Appendix pg. 2.   Therefore, as Defendant has conceded, he "is a proper defendant for purposes of an *Ex parte Young* suit like [this]." *Id*.   This is why the Attorney General has stated: "We don't see a reason to challenge your selection of Director McCraw as a defendant."  *Id.* (Nov. 16, 2010).

**CONCLUSION**

For the foregoing reasons, the Eleventh Amendment is not a bar to plaintiffs' suit.

Dated: November 21, 2011                    Respectfully submitted,


Fernando M. Bustos                          s/ Charles J. Cooper
State Bar No. 24001819                      Charles J. Cooper*
LAW OFFICES OF FERNANDO M. BUSTOS,          David H. Thompson*
P.C.                                        Peter A. Patterson*
P.O. Box 1980                               COOPER & KIRK, PLLC
Lubbock, TX 79408-1980                      1523 New Hampshire Ave., NW
Tel: (806) 780-3976                         Washington, D.C.  20036
Fax: (806) 780-3800                         Tel: (202) 220-9600
Email: fbustos@bustoslawfirm.com            Fax: (202) 220-9601
                                            Email: ccooper@cooperkirk.com


*Local Counsel for Plaintiffs*              *Admitted *pro hac vice*.

                                            *Counsel for Plaintiffs*

10

## <u>CERTIFICATE OF SERVICE</u>

On November 21, 2011, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal rule of Civil Procedure 5 (b)(2).

<br>

s/ David H. Thompson
David H. Thompson